# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE.**     **2. PLEASE TYPE OR PRINT.**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Adar 980 Realty LLC, Appellant, vs. Avraham Sofer and 1040 Management LLC, Appellees. Avraham Sofer, Debtor. 1040 Management LLC, Debtor. Adar 980 Realty LLC, Appellant, vs. Avraham Sofer and Richard J. McCord, Appellees. Avraham Sofer, Debtor. Richard J. McCord, Trustee. | E.D.N.Y. | Judge Allyne Ross, USDJ |

| | District Court or Agency: | Judge: |
| Date the Order or Judgment Appealed from was Entered on the Docket: 8/5/2014 & 5/20/2014 | District Court Docket No.: Consol. 14-2977/14-3031 |
| Date the Notice of Appeal was Filed: September 4, 2014 | Is this a Cross Appeal? Yes  ✓ No |

| Attorney(s) for Appellant(s): ✓ Plaintiff / Defendant | Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|
| | Abraham Neuhaus, Neuhaus & Yacoob LLC, 1222 Avenue M, Suite 207, Brooklyn, New York 11230, T:(718) 975-1123, F: (646) 349-1381 E: an@neuyac.com; neuyac@gmail.com | | | | |

| Attorney(s) for Appellee(s): Plaintiff / Defendant | Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|
| | | | | | |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? Yes ✓ No |
|---|---|---|---|
| N/A | N/A | N/A | If Yes, provide the following: Case Name: 2d Cir. Docket No.:  Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| U.S. a party / Diversity | ✓ Final Decision / Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ✓ Federal question (U.S. not a party) / ✓ Other (specify): Bankruptcy Appeal | ✓ Interlocutory Decision Appealable As of Right / ✓ Other (specify): Bankruptcy Appeal |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B:  DISTRICT  COURT DISPOSITION   (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| ⎯ Pre-trial<br>⎯ During trial<br>✓ After trial | Default judgment<br>⎯ Dismissal/FRCP 12(b)(1)<br>   lack of subj. matter juris.<br>Dismissal/FRCP 12(b)(6)<br>   failure to state a claim<br>Dismissal/28 U.S.C. § 1915(e)(2)<br>   frivolous complaint<br>Dismissal/28 U.S.C. § 1915(e)(2)<br>   other dismissal | Dismissal/other jurisdiction<br>Dismissal/merit<br>✓ Judgment / Decision of the Court<br>Summary judgment<br>Declaratory judgment<br>Jury verdict<br>Judgment NOV<br>Directed verdict<br>Other (specify): | ✓ Damages:    ✓ Injunctions:<br><br>⎯ Sought: $ _____  Preliminary<br>⎯ Granted: $ _____  Permanent<br>⎯ Denied: $ _____  Denied |

**PART C:  NATURE OF SUIT   (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ✓ Antitrust<br>✓ Bankruptcy<br>Banks/Banking<br>Civil Rights<br>Commerce,<br>Energy<br>Commodities<br>Other (specify): _____ | Communications<br>Consumer Protection<br>Copyright ☐ Patent<br>Trademark<br>Election<br>Soc. Security<br>Environmental | Freedom of Information Act<br>Immigration<br>Labor<br>OSHA<br>Securities<br>Tax | Admiralty/<br>Maritime<br>Assault /<br>Defamation<br>FELA<br>Products Liability<br>Other (Specify): | Admiralty/<br>Maritime<br>Arbitration<br>Commercial<br>Employment<br>Insurance<br>Negotiable<br>instruments<br>Other Specify | Civil Rights<br>Habeas Corpus<br>Mandamus<br>Parole<br>Vacate Sentence<br>Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| Forfeiture/Penalty<br>Real Property<br>Treaty (specify): _____<br>Other (specify): _____ | Arbitration<br>Attorney Disqualification<br>Class Action<br>Counsel Fees<br>Shareholder Derivative<br>Transfer | Yes  ✓ No<br><br>Will appeal raise a matter of first impression?<br><br>Yes  ✓ No |

1.  Is any matter relative to this appeal still pending below?   ✓ Yes, specify:   The Predicate Bankruptcy Cases remain pending      No

2.  To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)   Arises from substantially the same case or controversy as this appeal?      Yes    ✓ No

    (B)   Involves an issue that is substantially similar or related to an issue in this appeal?     Yes    ✓ No

If yes, state whether   "A," or   'B," or   both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date:<br>September 30, 2014 | Signature of Counsel of Record:   /S/ Abraham Neuhaus |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1.  Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2.  File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3.  Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE:  IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.**  *SEE* LOCAL RULE 12.1.

## ADDENDUM "A" TO CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

Appellant Adar 980 Realty LLC ("Adar" or "appellant") respectfully submits this Addendum "A" to its civil pre-argument statement:

1.     Nature of the Action:

This is an appeal from an Opinion and Order dated August 5, 2014, of the Honorable Allyne R. Ross, U.S.D.J., of the Eastern District of New York, sitting in review of consolidated appeals from two orders of the Honorable Carla E. Craig, of the United States Bankruptcy Court for the Eastern District of New York dated March 13, 2014, which (1) denied creditor Adar 980 Realty LLC relief on its motions to hold debtor Avraham Sofer ("Sofer") in contempt for his willful violations of lawful orders of the Bankruptcy Court and for associated relief, filed to Bankruptcy cases 1-13-46127, and 13-1498, due to appellant's alleged lack of prudential standing; and (2) which dismissed the adversary proceeding docketed at 13-1498 with "prejudice."

This is also an appeal from the District Court's Order dated May 20, 2014, which prevented appellant from filing a motion to correct the appellate record, and which ultimately prevented a complete record on appeal before the District Court.

2.     The Result Below:

The Bankruptcy Court found that Sofer was in contempt, but held that appellant did not have prudential standing to bring the motion, and thus denied appellant relief. The District Court erroneously agreed.

The District Court denied an appeal from the so-ordered discontinuance with "prejudice" holding that the matter must first be referred to the Bankruptcy Court.

1

The District Court's Order dated May 20, 2014, which prevented appellant from filing a motion to correct the appellate record ultimately prevented a complete record on appeal.

A copy of the Notice of Appeal and current copies of the lower court docket sheets along with a copy of all relevant opinions/orders forming the basis for this appeal, are attached to this addendum.

## ADDENDUM "B" TO CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

Adar respectfully submits this Addendum "B" to its civil pre-argument statement:

### LIST OF ISSUES PROPOSED TO BE RAISED ON APPEAL

A.     Whether the bankruptcy court committed an error of law or fact, or an abuse of discretion in denying appellant's motion for contempt and associated relief including, without limitation:

1.   Whether the bankruptcy court committed an error of law or fact, or abuse of discretion in determining that although appellant suffered direct damages and loss of management and rental income as a result of the debtor's interference with its management of the premises on behalf of the trustees, appellant did not have prudential standing to bring a motion for contempt?

2.   Whether the bankruptcy court committed an error of law or fact, or abuse of discretion in determining that appellant was required to demonstrate prudential standing under the extraordinary circumstances presented on this appeal?

3.   Whether the bankruptcy court committed an error of law or fact, or abuse of discretion in determining that appellant did not demonstrate prudential standing under the totality of the circumstances?

4.   Whether the bankruptcy court committed an error of law or fact, or abuse of discretion in *sua sponte* raising the issue of prudential standing?

5.   Whether the bankruptcy court committed an error of law or fact, or abuse of discretion in determining that appellant lacked "derivative" "prudential" standing?

3

6.   Whether the bankruptcy court committed an error of law or fact, or abuse of discretion in limiting the evidentiary hearing held on November 22, 2013, to the debtor's violation of the preliminary injunction?

7.   Whether given the totality of the circumstances the bankruptcy court committed an error of law or fact, or abuse of discretion in failing to utilize the Court's inherent powers to reign in an out-of-control debtor who, assaulted, stalked, and continuously harassed appellant's employee while appellant was implementing the bankruptcy court's orders?

8.   Whether the bankruptcy court committed an error of law or fact, or abuse of discretion in failing to grant appellant relief when the debtor threatened to destroy appellant's premises and ultimately "trashed" the premises on or about December 16, 2013?

9.   Whether the bankruptcy court committed an error of law or fact, or abuse of discretion in failing to afford appellant and its' principal, Sara Aliza Chaimovitz, adequate protection?

10.  Whether the bankruptcy court committed an error of law or fact, or abuse of discretion in failing to award damages, sanctions, and attorney's fees in favor of appellant?

11.  Whether the bankruptcy court committed an error of law or fact, or abuse of discretion in failing to grant appellant and Sara Aliza Chaimovitz Section 11 U.S.C. 362(k) damages?

B.      Whether the Bankruptcy Court committed an error of law or fact, or an abuse of discretion in "So Ordering" the dismissal of adversary proceeding 13-1498  with "prejudice"?

4

C. Whether the District Court abused its discretion by its Order dated May 20, 2014, which prevented appellant from filing a motion to correct the appellate record, and ultimately prevented a complete record on appeal?

## THE APPLICABLE STANDARDS OF REVIEW

"When a district court sits as an appellate court reviewing a judgment of the bankruptcy court, the district court's decisions are subject to plenary review." *The Argo Fund Ltd. v. Bd. of Dirs. of Telecom Argentina, S.A. (In re Bd. of Dirs. of Telecom Argentina), S.A.,* 528 F.3d 162, 168 (2d Cir. 2008) (citing *In re Smith*, 507 F.3d 64, 71 (2d Cir. 2007)). This Court "exercises the same review over the district court's decision that the district court may exercise [over the bankruptcy court's decision]." *Shugrue v. Air Line Pilots Assoc., Intl (In re Ionosphere Clubs, Inc.),* 922 F.2d 984, 988 (2d Cir. 1990) (quoting *Brown v. Pennsylvania State Employees Credit Union,* 851 F.2d 81, 84 (3d Cir. 1988)). Accordingly, the Court "review[s] conclusions of law de novo, and findings of fact under a clearly erroneous standard." *Id.*

This Court should review de novo a challenge to prudential standing. *See, e.g., Zulueta v. Bronitsky (In re Zulueta),* 520 Fed. Appx. 558, 559 (9th Cir. 2013).

This Court should also review de novo an appeal from a dismissal entered with prejudice when the underlying stipulation did not require it. *See Youssef v. Tishman Constr. Corp.,* 744 F.3d 821, 824 (2d Cir. 2014).

An order imposing a filing injunction is reviewed for abuse of discretion. *Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.,* 506 F App'x 65, 69 (2d Cir. 2012).

5

ABRAHAM NEUHAUS
NEUHAUS & YACOOB LLC
Attorneys for appellant Adar 980 Realty LLC
1222 Avenue M, Suite 207
Brooklyn, New York 11230
(718) 975-1123

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.14-cv-02977-ARR

ADAR 980 REALTY LLC,

Appellant,

- against -

AVRAHAM SOFER, 1040 MANAGEMENT LLC,

Appellees.

AVRAHAM SOFER, Debtor,

1040 MANAGEMENT LLC, Debtor.

Case No.14-cv-03031-ARR

ADAR 980 REALTY LLC,

Appellant,

- against -

AVRAHAM SOFER and RICHARD J. McCORD,

Appellees.

AVRAHAM SOFER, Debtor,

RICHARD J. McCORD, Trustee.

## **NOTICE OF APPEAL**

PLEASE TAKE NOTICE that Appellant ADAR 980 Realty LLC in the above-named

consolidated cases, hereby appeals to the United States Court of Appeals for the Second Circuit

from each and every part of two Orders entered in these consolidated actions by the Honorable

1

Allyne R. Ross, U.S.D.J. (1) on May 20, 2014, denying Appellant an opportunity to file a motion to correct the record, and (2) on August 5, 2014, denying Appellant's Bankruptcy Appeal.

Dated: Brooklyn, New York
September 4, 2014


By: /S/ Abraham Neuhaus_____
Abraham Neuhaus, Esq. (AN5030)

2

APPEAL,CONSOLIDATED

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:14-cv-02977-ARR

Adar 980 Realty, LLC et al v. Sofer et al            Date Filed: 05/12/2014
Assigned to: Judge Allyne R. Ross                    Date Terminated: 08/07/2014
Case in other court:  BK, 1-13-46127                 Jury Demand: None
Cause: 28:1334 Bankruptcy Appeal                     Nature of Suit: 422 Bankruptcy Appeal
                                                     (801)
                                                     Jurisdiction: Federal Question

**Appellant**

**Adar 980 Realty, LLC**              represented by  **Abraham Neuhaus**
                                                     Neuhaus & Yacoob LLC
                                                     1222 Avenue M, Suite 207
                                                     1355 East 14th Street
                                                     Brooklyn, NY 11230
                                                     718-975-1123
                                                     Fax: 646-349-1381
                                                     Email: an@neuyac.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Avraham Sofer**                     represented by  **Jon A. Lefkowitz**
                                                     Jon A. Lefkowitz, Attorney at Law
                                                     1222 Ave M
                                                     Suite 204
                                                     Brooklyn, NY 11230
                                                     (718)692-0459
                                                     Fax: (718)376-2746
                                                     Email: jonalefkowitz@gmail.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Appellee**

**1040 Management LLC**               represented by  **Jon A. Lefkowitz**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

V.

**Debtor**

**Avraham Sofer**             represented by     **Jon A. Lefkowitz**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Debtor**

**1040 Management LLC**        represented by     **Jon A. Lefkowitz**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/12/2014 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court case number 1-13-46127. File received, filed by Adar 980 Realty, LLC. (Attachments: # 1 #97 Transmittal Record, # 2 #1 voluntary petition, # 3 #4 employee income record, # 4 #5 motion for relief, # 5 #8 order to schedule, # 6 #9notice of appear, # 7 #13 motion to authorize, # 8 #17objection, # 9 #18 objection, # 10 #20order on motion, # 11 #21generic order, # 12 #22complaint, # 13 #23 affirmation, # 14 #24affirmation in support, # 15 #25objection, # 16 #26motion to remove, # 17 #27 objection, # 18 #28letter, # 19 #29letter, # 20 #30notice appointing trustee, # 21 #31memorandum, # 22 #32affidavit, # 23 #33affirmation in support, # 24 #35order on motion, # 25 #36notice, # 26 #37motion for contempt, # 27 #38affidavit, # 28 #39affidavit, # 29 #40affidavit, # 30 #41affidavit, # 31 #42 affidavit, # 32 #43motion for contempt, # 33 #44memorandum, # 34 #45order to schedule, # 35 #46response, # 36 #48affirmation in opposition, # 37 #49affidavit, # 38 #51generic order, # 39 #54transcript, # 40 #57affidavit, # 41 #59affirmation, # 42 #60 affirmation in opposition, # 43 #61exhibit, # 44 #66 recision, # 45 #68 complaint, # 46 #69 complaint, # 47 #70amended schedules, # 48 #77motion to remove, # 49 #78opinion decision, # 50 #79order on motion, # 51 #81order to schedule, # 52 #89-1 Transcript, # 53 #90-1 Transcript) (Bowens, Priscilla) (Additional attachment(s) added on 5/12/2014: # 54 Docket sheet from USBC, # 55 Docket sheet USBC, # 56 Docket Sheet from USBC, # 57 Docket Sheet USBC, # 58 Sofer Pictures) (Sica, Michele). (Entered: 05/12/2014) |
| 05/12/2014 | 2 | NOTICE of Docketing of BANKRUPTCY APPEAL. Appellant's brief shall be served and filed within 14 days after the entry of the appeal on the docket; Appellee's brief shall be served and filed within 14 days after served of the brief of the appellant; Appellant's reply shall be served and filed within 14 days after the service of the brief of the appellee. (Bowens, Priscilla) (Entered: 05/12/2014) |
| 05/12/2014 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link:http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You** |

| | | |
|---|---|---|
| | | **may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.** (Bowens, Priscilla) (Entered: 05/12/2014) |
| 05/19/2014 | 4 | Letter *Pursuant to Section III(B) of the Court's Individual Motion Practice* by Adar 980 Realty, LLC (Neuhaus, Abraham) (Entered: 05/19/2014) |
| 05/20/2014 | 5 | ORDER re request to consolidate cases. See attached. Ordered by Judge Allyne R. Ross on 5/20/2014.(Frey, Laurie) (Entered: 05/20/2014) |
| 05/20/2014 | | Case Consolidated. (Guzzi, Roseann) (Entered: 09/10/2014) |
| 05/21/2014 | 6 | CERTIFICATE OF SERVICE by Adar 980 Realty, LLC re 5 Order (Neuhaus, Abraham) (Entered: 05/21/2014) |
| 06/05/2014 | 7 | Appellant's BRIEF by Adar 980 Realty, LLC. Appellee Brief due by 6/19/2014. (Neuhaus, Abraham) (Entered: 06/05/2014) |
| 06/06/2014 | 8 | CERTIFICATE OF SERVICE by Adar 980 Realty, LLC re 7 Appellant's Brief (Neuhaus, Abraham) (Entered: 06/06/2014) |
| 08/05/2014 | 9 | OPINION & ORDER: The appeal is denied, and the March 13 Order of the bankruptcy court is affirmed in all respects. If appellant seeks to challenge the entry of the Notice of Dismissal with prejudice, it must raise this issue before the bankruptcy court. SO ORDERED by Judge Allyne R. Ross, on 8/5/2014. *C/mailed by Chambers.* (Latka-Mucha, Wieslawa) (Entered: 08/06/2014) |
| 09/04/2014 | 10 | NOTICE OF APPEAL as to 5 Order, 9 Memorandum & Opinion, by Adar 980 Realty, LLC. Filing fee $ 505, receipt number 0207-7177112. (Attachments: # 1 Certificate of Service) (Neuhaus, Abraham) (Entered: 09/04/2014) |
| 09/10/2014 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 10 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 09/10/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/02/2014 00:30:27 | | |
| PACER Login: | ab5080:3705490:0 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:14-cv-02977-ARR |
| Billable Pages: | 3 | Cost: | 0.30 |

CLOSED

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:14-cv-03031-ARR

Adar 980 Realty, LLC et al v. Sofer et al
Assigned to: Judge Allyne R. Ross
Lead case: 1:14-cv-02977-ARR
Member case: (View Member Case)
Case in other court:  BK, 1-13-01498
Cause: 28:1334 Bankruptcy Appeal

Date Filed: 05/14/2014
Date Terminated: 08/07/2014
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal
(801)
Jurisdiction: Federal Question

**Appellant**

**Adar 980 Realty, LLC**                    represented by    **Abraham Neuhaus**
Neuhaus & Yacoob LLC
1222 Avenue M, Suite 207
1355 East 14th Street
Brooklyn, NY 11230
718-975-1123
Fax: 646-349-1381
Email: an@neuyac.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Avraham Sofer**                    represented by    **Jon A. Lefkowitz**
Jon A. Lefkowitz, Attorney at Law
1222 Ave M
Suite 204
Brooklyn, NY 11230
(718)692-0459
Fax: (718)376-2746
Email: jonalefkowitz@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellee**

**Richard McCord**                    represented by    **Richard J. McCord**
Certilman Balin Adler & Hyman, LLP
90 Merrick Road
East Meadow, NY 11554
516-296-7801
Fax: 516-296-7111
Email: rmccord@certilmanbalin.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## V.

### Debtor

Avraham Sofer      represented by   **Jon A. Lefkowitz**
            (See above for address)
            *LEAD ATTORNEY*
            *ATTORNEY TO BE NOTICED*

### Trustee

Richard McCord      represented by   **Richard J. McCord**
            (See above for address)
            *LEAD ATTORNEY*
            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/14/2014 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court case number 1-13-01498. File received, filed by Adar 980 Realty, LLC. (Attachments: # 1 #1complaint, # 2 #2Affirmation in Support, # 3 #3Affirmation in Support, # 4 #4Summons and Notice, # 5 #5Order to show cause, # 6 #6notice of appearance, # 7 #8Summons Service executed, # 8 #9Summons Service executed, # 9 #10Generic order, # 10 #11BNC certificate, # 11 #12Motion for contempt, # 12 #13Motion for contempt, # 13 #14memorandum, # 14 #15Order to schedule hearing, # 15 #16response, # 16 #18Affidavit certificate, # 17 #20Transcript, # 18 #22 letter, # 19 #23Affidavit in support, # 20 #24Affidavit certificate, # 21 #25letter of adjournment, # 22 #26Notice of dismissal, # 23 #27opinion decision, # 24 #28order on motion, # 25 #29order to dismiss, # 26 #35appellant designation) (Bowens, Priscilla) (Additional attachment(s) added on 5/15/2014: # 27 #37 transmittal) (Bowens, Priscilla). (Entered: 05/15/2014) |
| 05/15/2014 | 2 | NOTICE of Docketing of BANKRUPTCY APPEAL. Appellant's brief shall be served and filed with 14 days after the entry of the appeal on the docket; Appellee's brief shall be served and filed within 14 days after served of the brief of the appellant; Appellant's reply shall be served and filed within 14 days after the service of the brief of the appellee. (Bowens, Priscilla) (Entered: 05/15/2014) |
| 05/15/2014 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link:http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent <u>unless</u> all parties have signed the consent.** (Bowens, Priscilla) (Entered: 05/15/2014) |

| | | |
|---|---|---|
| 05/16/2014 | | ORDER REASSIGNING CASE. Case reassigned to Judge Allyne R. Ross as related to 14cv2977 for all further proceedings. Judge Frederic Block no longer assigned to case. Ordered by Chief Judge Carol Bagley Amon on 5/16/2014. (Bowens, Priscilla) (Entered: 05/16/2014) |
| 05/19/2014 | 4 | Letter *Pursuant to Section III(B) of the Court's Individual Motion Practice* by Adar 980 Realty, LLC (Neuhaus, Abraham) (Entered: 05/19/2014) |
| 05/20/2014 | 5 | ORDER re request to consolidate cases. See attached. Ordered by Judge Allyne R. Ross on 5/20/2014. (Frey, Laurie) (Entered: 05/20/2014) |
| 05/20/2014 | | Cases associated: Create association to 1:14-cv-02977-ARR. (Guzzi, Roseann) (Entered: 09/10/2014) |
| 05/21/2014 | 6 | CERTIFICATE OF SERVICE by Adar 980 Realty, LLC re 5 Order (Neuhaus, Abraham) (Entered: 05/21/2014) |
| 06/05/2014 | 7 | Appellant's BRIEF by Adar 980 Realty, LLC. Appellee Brief due by 6/19/2014. (Neuhaus, Abraham) (Entered: 06/05/2014) |
| 06/06/2014 | 8 | CERTIFICATE OF SERVICE by Adar 980 Realty, LLC re 7 Appellant's Brief (Neuhaus, Abraham) (Entered: 06/06/2014) |
| 08/05/2014 | 9 | OPINION & ORDER: The appeal is denied, and the March 13 Order of the bankruptcy court is affirmed in all respects. If appellant seeks to challenge the entry of the Notice of Dismissal with prejudice, it must raise this issue before the bankruptcy court. SO ORDERED by Judge Allyne R. Ross, on 8/5/2014. *C/mailed by Chambers.* (Latka-Mucha, Wieslawa) (Entered: 08/06/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/02/2014 00:32:34 | | |
| **PACER Login:** | ab5080:3705490:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:14-cv-03031-ARR |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------X
In re,                                              :       Chapter 7
                                                    :
AVRAHAM SOFER,                                       :       Case no.: 1-13-46127 (CEC)
                                                    :
                              Debtor.               :
---------------------------------------------------X
In re,                                              :
                                                    :
1040 MANAGEMENT LLC (A/K/A                           :       Chapter 7
MANAGEMENT 1040 LLC)                                 :
                                                    :       Case no.: 1-13-45283 (CEC)
                              Debtor.               :
---------------------------------------------------X
RICHARD J. MCCORD, as Chapter 7                     :
Trustee of the estate Avraham Sofer                 :
                                                    :       Adv. Pro. No. 13-1498 (CEC)
Plaintiff,                                           :
                                                    :
            -against-                               :
                                                    :
AVRAHAM SOFER, and his agents,                      :
representatives, and all those acting in            :
concert with him,                                   :
                              Defendants.           :
---------------------------------------------------X
LORI LAPIN JONES, as Chapter 7                      :
Trustee of the estate of 1040 Management            :
LLC,                                                :       Adv. Pro. No. 13-1497 (CEC)
                                                    :
Plaintiff,                                           :
                                                    :
            -against-                               :
                                                    :
AVRAHAM SOFER, and his agents,                      :
representatives, and all those acting in            :
concert with him,                                   :
                              Defendants.           :
---------------------------------------------------X

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that creditor Adar 980 Realty, LLC ("Landlord"), hereby appeals under 28 U.S.C. §158(a) from each and every portion of identical Orders dated March 13, 2014, of the Honorable Carla E. Craig, of the United States Bankruptcy Court for the Eastern District of New York, entered on March 14, 2014, which denied Landlord's motions for contempt and associated relief filed to cases 1-13-46127, 1-13-45283, 13-1498, and 13-1497.[1]

The names of all parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

> Jon A. Lefkowitz, Esq.
> 1222 Avenue M, Suite 204
> Brooklyn, New York 11230
> (718) 692-0459
> *Counsel for Debtors*
> *Avraham Sofer and*
> *1040 Management, LLC*
>
> Richard J. McCord, Esq.
> Certilman Balin Adler &Hyman
> 90 Merrick Avenue
> East Meadow, NY 11554
> (516) 296-7801
> *Counsel for Richard J. McCord,*
> *Chapter 7 trustee of the estate of Avraham Sofer*
>
> Jordan C. Pilevsky, Esq.
> Lamonica Herbst & Maniscalco LLP
> 3305 Jerusalem Avenue
> Wantagh, New York 11793
> (516) 826-6500
> *Counsel for Lori Lapin Jones,*
> *Chapter 7 trustee of the estate of 1040 Management, LLC*

---

[1] Pursuant to the Clerk of Court's instruction, a single notice of appeal bearing all four case captions, filed to the lead case (1-13-46127) is sufficient to appeal all four Orders dated March 13, 2014, and entered March 14, 2014.

Dated:  Brooklyn, New York
      March 26, 2014

                Respectfully submitted,

                        NEUHAUS & YACOOB LLC
                        *Attorneys for Adar 980 Realty LLC*

                        By: /S/ Abraham Neuhaus
                                Abraham Neuhaus, Esq. (AN5030)
                        1222 Avenue M, Suite 207
                        Brooklyn, NY 11230
                        C: (845) 548-7284
                        T: (718) 975-1123
                        F: (646) 349-1381
                        Email: an@neuyac.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

## CIVIL COVER SHEET

This form is REQUIRED for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

IN RE: Bankruptcy Case No. 1-13-45283 (EC)    Adv. Pro. No. *(if applicable)* 13-1497 (CEC)

*(handwritten: 1-13-46127 (EC)    13-1498 (CEC)    13-1497 (CEC))*

## **Bankruptcy Appeal**

| APPELLANTS | APPELLEES |
|---|---|
| ADAR 980 REALTY, LLC. | Avraham Sofer, Debtor; 1040 Management LLC, Debtor. |

| ATTORNEYS (FIRM NAME, ADDRESS, TEL. NO.) | ATTORNEYS (IF KNOWN) |
|---|---|
| Abraham Neuhaus, Esq. NEUHAUS & YACOOB LLC<br>1222 Avenue M, Suite 207<br>Brooklyn, New York 11230<br>(718) 975-1123 | Jon A. Lefkowitz, Esq.<br>1222 Avenue M, Suite 204<br>Brooklyn, New York<br>(718) 692-0459 |

BASIS OF JURISDICTION: Federal Question

CAUSE OF ACTION - 28:1334 Bankruptcy Appeal (*Write brief statement of cause.*)
This appeal will determine whether the Bankruptcy Judge erred when the court found that the co-debtor's were in contempt of court but then denied the Landlord's emergency motion to hold the co-debtor's in contempt and denied all associated relief, premised on the court's finding that the Landlord lacked prudential standing.

NATURE OF SUIT: 422 Bankruptcy Appeal (801)

RELATED CASE(S) IN <u>DISTRICT COURT</u>, IF ANY

DISTRICT JUDGE_____    DOCKET NUMBER_____

*CIVIL CASES ARE DEEMED RELATED IF PENDING CASE INVOLVED:*

☐ *1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT*
☐ *2. SAME ISSUE OF FACT OR GROWS OUT OF THE SAME TRANSACTION*
☐ *3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT COPYRIGHT OR TRADEMARK*

Date: March 26, 2014_____    Signature of Attorney of Record: *(signature)*
*[or Appellant Pro Se]*

***FOR COURT USE ONLY***

APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

**CIVIL COVER SHEET, Bankruptcy Appeal** (cont'd)

Did the cause of action arise in Nassau or Suffolk County?  no

If YES, please indicate which county:_____

_____

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

YES ☑                                    NO ☐

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

YES ☐ (If yes, please explain)              NO ☑

_____

_____

_____

Please provide your bar code and e-mail address below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number, or any other four-digit number registered by the attorney with the Clerk of Court. This information must be provided pursuant to local rule 11.1(b) of the local civil rules.

Attorney Bar Code:  AN5030_____

E-Mail Address:  an@neuyac.com; abeneuhaus@yahoo.com_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------X

| | | |
|---|---|---|
| In re, | : | Chapter 7 |
| | : | |
| AVRAHAM SOFER, | : | Case no.: 1-13-46127 (CEC) |
| | : | |
| Debtor. | : | |

---------------------------------------------------X

| | | |
|---|---|---|
| RICHARD J. MCCORD, as Chapter 7 | : | |
| Trustee of the estate Avraham Sofer | : | |
| | : | Adv. Pro. No. 13-1498 (CEC) |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| AVRAHAM SOFER, and his agents, | : | |
| representatives, and all those acting in | : | |
| concert with him, | : | |
| Defendants. | : | |

---------------------------------------------------X

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that creditor Adar 980 Realty, LLC ("Landlord"), hereby appeals under 28 U.S.C. §158(a) from each and every portion of two Orders of the Honorable Carla E. Craig, of the United States Bankruptcy Court for the Eastern District of New York, both of which were dated March 13, 2014, and entered on March 14, 2014, to the Docket of Adversary Proceeding No. 13-1498, which (1) improperly dismissed Adversary Proceeding No. 13-1498 with "prejudice," and (2) denied Landlord's identical motions for contempt and associated relief filed to cases 1-13-46127, 1-13-45283, 13-1498, and 13-1497.

PLEASE TAKE FURTHER NOTICE that Landlord also appeals under 28 U.S.C. §158(a) from the portion of interlocutory Orders (1) dated and entered on October 25, 2013, and (2) filed on November 1, 2013, and entered on November 4, 2013, to the extent that the Court refused to permit the United States Marshal Service to enforce the Court's Orders.

The names of all parties to the orders appealed from and the names, addresses, telephone numbers, and emails of their respective attorneys are as follows:

Jon A. Lefkowitz, Esq.
1222 Avenue M, Suite 204
Brooklyn, New York 11230
(718) 692-0459
Email: jonalefkowitz@gmail.com
*Counsel for Debtor*
*Avraham Sofer*

Richard J. McCord, Esq.
Certilman Balin Adler &Hyman
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7801
Email:rmccord@certilmanbalin.com
*Counsel for Richard J. McCord,*
*Chapter 7 trustee of the estate of Avraham Sofer*

Jordan C. Pilevsky, Esq.
Lamonica Herbst & Maniscalco LLP
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Email:jp@lhmlawfirm.com
*Counsel for Lori Lapin Jones,*
*Chapter 7 trustee of the estate of 1040 Management, LLC*

Dated: Brooklyn, New York
March 27, 2014

Respectfully submitted,

NEUHAUS & YACOOB LLC
*Attorneys for Adar 980 Realty LLC*

By: /S/ Abraham Neuhaus
        Abraham Neuhaus, Esq. (AN5030)
1222 Avenue M, Suite 207
Brooklyn, NY 11230
C: (845) 548-7284
T: (718) 975-1123
F: (646) 349-1381
Email: an@neuyac.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

## CIVIL COVER SHEET

This form is REQUIRED for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

IN RE: Bankruptcy Case No. __1-13-46127_____    Adv. Pro. No. *(if applicable)* __13-1498_____

## **Bankruptcy Appeal**

APPELLANTS
ADAR 980 REALTY, LLC.

APPELLEES
Avraham Sofer, Debtor; Trustee, Richard McCord.

| ATTORNEYS (FIRM NAME, ADDRESS, TEL. NO.) | ATTORNEYS (IF KNOWN) |
|---|---|
| Abraham Neuhaus, Esq. NEUHAUS & YACOOB LLC<br>1222 Avenue M, Suite 207<br>Brooklyn, New York 11230<br>(718) 975-1123 | Jon A. Lefkowitz, Esq.<br>1222 Avenue M, Suite 204<br>Brooklyn, New York<br>(718) 692-0459, | Richard J. McCord, Esq<br>90 Merrick Avenue<br>East Meadow, NY 11554<br>(516) 296-7801 |

BASIS OF JURISDICTION: Federal Question

CAUSE OF ACTION - 28:1334 Bankruptcy Appeal (*Write brief statement of cause.*)
This appeal will determine (1) whether the Bankruptcy Court erred when the Court found that the debtor was in contempt of court but then denied the Landlord's emergency motion to hold the debtor in contempt and denied all associated relief, premised on the Court's finding that the Landlord lacked prudential standing, (2) whether the Bankruptcy Court erred in dismissing the adversary proceeding with prejudice. ➕

NATURE OF SUIT: 422 Bankruptcy Appeal (801)

RELATED CASE(S) IN <u>DISTRICT COURT</u>, IF ANY   Appeal from case number 1-13-46127 not yet docketed.

DISTRICT JUDGE_____    DOCKET NUMBER_____

*CIVIL CASES ARE DEEMED RELATED IF PENDING CASE INVOLVED:*

☐ *1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT*
☐ *2. SAME ISSUE OF FACT OR GROWS OUT OF THE SAME TRANSACTION*
☐ *3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT COPYRIGHT OR TRADEMARK*

Date: March 27, 2014_____    Signature of Attorney of Record: _____
                                   *[or Appellant Pro Se]*

## *FOR COURT USE ONLY*

APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

**CIVIL COVER SHEET, Bankruptcy Appeal** (cont'd)

Did the cause of action arise in Nassau or Suffolk County?__no_____

If YES, please indicate which county:_____

---

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

YES ☑                              NO ☐

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

YES ☐ (If yes, please explain)        NO ☑

---

---

---

Please provide your bar code and e-mail address below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number, or any other four-digit number registered by the attorney with the Clerk of Court. This information must be provided pursuant to local rule 11.1(b) of the local civil rules.

Attorney Bar Code: AN5030_____

E-Mail Address:_an@neuyac.com; abeneuhaus@yahoo.com_____

MEANSNO, RELATED, RESCIND, 727OBJ, APPEAL

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
## Bankruptcy Petition #: 1-13-46127-cec

|  |  |
|---|---|
| *Assigned to:* Carla E. Craig | *Date filed:* 10/10/2013 |
| Chapter 7 | *341 meeting:* 12/11/2013 |
| Voluntary | *Deadline for objecting to discharge:* 01/13/2014 |
| No asset | *Deadline for financial mgmt. course:* 01/13/2014 |

**Debtor**
**Avraham Sofer**
1025 East 13 Street
Brooklyn, NY 11230
KINGS-NY
SSN / ITIN: xxx-xx-9471

represented by **Jon A Lefkowitz**
1222 Avenue M
Suite 204
Brooklyn, NY 11230
(718) 692-0459
Fax : 718-376-2748
Email: jonalefkowitz@gmail.com

**Trustee**
**Richard J. McCord**
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7801

represented by **Richard J McCord**
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7801
Fax : (516) 296-7111
Email: rmccord@certilmanbalin.com

**Richard J. McCord**
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7801
Fax : (516) 296-7111
Email: rmccord@cbah.com

**U.S. Trustee**
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
|  |  |  |

| | | |
|---|---|---|
| 10/10/2013 | [1](#)<br>(49 pgs) | Chapter 7 Voluntary Petition. Fee Amount $306 Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) (Entered: 10/10/2013) |
| 10/10/2013 | [2](#)<br>(1 pg) | Pre-Petition Statement Pursuant to LR 2017-1 Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) (Entered: 10/10/2013) |
| 10/10/2013 | [3](#)<br>(1 pg) | Certificate of Credit Counseling for Debtor Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) (Entered: 10/10/2013) |
| 10/10/2013 | [4](#)<br>(1 pg) | Employee Income Records / Copies of Pay Statements Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) (Entered: 10/10/2013) |
| 10/10/2013 | | Receipt of Voluntary Petition (Chapter 7)(1-13-46127) [misc,volp7a] ( 306.00) Filing Fee. Receipt number 11758726. Fee amount 306.00. (re: Doc# [1](#)) (U.S. Treasury) (Entered: 10/10/2013) |
| 10/10/2013 | | Meeting of Creditors Chapter 7 No Asset & Appointment of Chapter 7 Trustee, Richard J. McCord, , 341(a) Meeting to be held on 11/13/2013 at 12:00 PM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY . Last day to oppose discharge or dischargeability is 01/13/2014 . Financial Management Certificate due by 01/13/2014 . (Entered: 10/10/2013) |
| 10/10/2013 | [5](#)<br>(4 pgs) | Motion for Relief from Stay Fee Amount $176. Filed by Abraham Neuhaus on behalf of ADAR 980 REALTY LLC. ) Modified on 10/15/2013 to take out hearing information (tml). (Entered: 10/10/2013) |
| 10/10/2013 | | Receipt of Motion for Relief From Stay(1-13-46127-nhl) [motion,mrlfsty] ( 176.00) Filing Fee. Receipt number 11759515. Fee amount 176.00. (re: Doc# [5](#)) (U.S. Treasury) (Entered: 10/10/2013) |
| 10/10/2013 | | Related Case: 13-45283-cec 1040 Management, LLC pending, filed 8/28/13 (cjm) (Entered: 10/10/2013) |
| 10/10/2013 | | Judge Nancy Hershey Lord removed from the case due to Related Case, Judge Reassigned. Judge Carla Craig added to the case. (cjm) (Entered: 10/10/2013) |
| 10/10/2013 | [6](#) | Request for Notice - Meeting of Creditors Chapter 7 |

| 10/10/2013 | (6 pgs; 4 docs) | No Asset (cjm) (Entered: 10/10/2013) |
|---|---|---|
| 10/10/2013 | 7<br>(2 pgs) | (INCORRECT DEBTOR - ATTORNEY ADVISED) Notice of Appearance and Request for Notice Filed by Abraham Neuhaus on behalf of ADAR 980 REALTY LLC (Neuhaus, Abraham) Modified on 10/11/2013 (mem). (Entered: 10/10/2013) |
| 10/11/2013 | 8<br>(1 pg) | Order to Schedule Hearing(RE: related document(s)5 Motion for Relief From Stay filed by Creditor ADAR 980 REALTY LLC). Signed on 10/11/2013 - Hearing scheduled for 11/5/2013 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. ORDERED, that any objections to the Motion, shall be filed on or before October 29, 2013 (tml) (Entered: 10/11/2013) |
| 10/12/2013 | 9<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (Neuhaus, Abraham) (Entered: 10/12/2013) |
| 10/12/2013 | 10<br>(4 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 10/12/2013. (Admin.) (Entered: 10/13/2013) |
| 10/12/2013 | 11<br>(4 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 10/12/2013. (Admin.) (Entered: 10/13/2013) |
| 10/13/2013 | 12<br>(3 pgs) | Affidavit/Certificate of Service Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)5 Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 10/13/2013) |
| 10/18/2013 | 13<br>(11 pgs; 2 docs) | Motion to Authorize/Direct *Application for Entry of an Order, Pursuant to 11 U.S.C. Sections 105(a) and 721, Authorizing the Chapter 7 Trustees for the Estates of 1040 Managment, LLC and Avraham Sofer to Operate the Debtor's Business and Pay Certain Operating Expenses of the Debtor's Estate* Filed by Richard J McCord on behalf of Richard J. McCord. (Attachments: # 1 Proposed Order) (McCord, Richard) (Entered: 10/18/2013) |
| 10/18/2013 | 14<br>(6 pgs; 2 docs) | Application to Employ Certilman Balin Adler & Hyman, LLP as Counsel to the Chapter 7 Trustee Filed by Richard J. McCord on behalf of Richard J. McCord. (Attachments: # 1 Affirmation in Support) (McCord, Richard) (Entered: 10/18/2013) |

Case 14-3464, Document 9, 10/02/2014, 1354983, Page28 of 126

| | | |
|---|---|---|
| 10/21/2013 | [15](#)<br>(2 pgs) | Amended List of Creditors *with corrected addresses*. Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) (Entered: 10/21/2013) |
| 10/22/2013 | [16](#)<br>(2 pgs) | (INCORRECT ATTACHMENT, ATTORNEY ADVISED TO RE-FILE) Amended Statement of Current Monthly Income in the amount of $0 (Means Test Calculation - Chapter 7) *showing past 2 years*. Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) Modified on 10/23/2013 (ddm). (Entered: 10/22/2013) |
| 10/22/2013 | [17](#)<br>(2 pgs) | Objection Filed by Jon A Lefkowitz on behalf of Avraham Sofer (RE: related document(s)[13](#) Motion to Authorize/Direct filed by Trustee Richard J. McCord) (Lefkowitz, Jon) (Entered: 10/22/2013) |
| 10/22/2013 | [18](#)<br>(1 pg) | Objection Filed by Jon A Lefkowitz on behalf of Avraham Sofer (RE: related document(s)[13](#) Motion to Authorize/Direct filed by Trustee Richard J. McCord) (Lefkowitz, Jon) (Entered: 10/22/2013) |
| 10/22/2013 | [19](#)<br>(1 pg) | Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) Schedule F, Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) (Entered: 10/22/2013) |
| 10/23/2013 | | Conference Scheduled; Conference scheduled for 10/23/2013 at 03:15 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (RE: related document(s)[13](#) Application for Entry of an Order, Pursuant to 11 U.S.C. Sections 105(a) and 721, Authorizing the Chapter 7 Trustees for the Estates of 1040 Managment, LLC and Avraham Sofer to Operate the Debtor's Business and Pay Certain Operating Expenses of the Debtor's Estate) (tml) (Entered: 10/23/2013) |
| 10/23/2013 | | Fee Due Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) (Fee Due) $ 30 (related document(s)[19](#) Amended Schedule(s), Statement(s)and Affidavit LR1009-1(a) (No Fee) filed by Debtor Avraham Sofer) (ddm) (Entered: 10/23/2013) |
| | [20](#)<br>(3 pgs) | Order Granting Application for Entry of an Order, Pursuant to 11 U.S.C. Sections 105(a) and 721, Authorizing the Chapter 7 Trustees for the Estates of |

| 10/23/2013 | | 1040 Managment, LLC and Avraham Sofer to Operate the Debtor's Business and Pay Certain Operating Expenses of the Debtor's Estate (Related Doc # 13) Signed on 10/23/2013. (tml) (Entered: 10/23/2013) |
|---|---|---|
| 10/24/2013 | 21 (3 pgs) | Amended Order Pursuant to 11 U.S.C. Sections 105(a) and 721, Authorizing the Chapter 7 Trustees for the Estates of 1040 Managment LLC a/k/a Management 1040 LLC and Avraham Sofer to Operate the Debtors' Business and Pay Certain Operating Expenses of the Debtors' Estate (RE: related document(s)13 Motion to Authorize/Direct filed by Trustee Richard J. McCord, 20 Order on Motion to Authorize/Direct). Signed on 10/24/2013 (ads) Additional attachment(s) added on 10/24/2013 (ads). (Entered: 10/24/2013) |
| 10/24/2013 | | Conference Scheduled; Hearing scheduled for 10/24/2013 at 04:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tml) (Entered: 10/24/2013) |
| 10/24/2013 | | Conference Held; (tleonard) (Entered: 11/20/2013) |
| 10/25/2013 | 22 (23 pgs; 4 docs) | Adversary case 1-13-01498. Complaint by Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer against Avraham Sofer, and his agents, representatives, and all those acting in concert with him. Receipt Number DEFERRED, Fee Amount $293. Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property)), (72 (Injunctive relief - other)), (91 (Declaratory judgment)). (Attachments: # 1 Exhibit A # 2 Adversary Proceeding Cover Sheet # 3 Proposed Order) (McCord, Richard) (Entered: 10/25/2013) |
| 10/25/2013 | 23 (3 pgs) | Affirmation in Support Declaration of Joseph S. Maniscalco, Esq. of the firm of LaMonica, Herbst & Maniscalco, LLP, counsel to Lori Lapin Jones, the Chapter 7 Trustee of the bankruptcy estate of 1040 Managment LLC Filed by Richard J McCord on behalf of Richard J. McCord (RE: related document(s)21 Generic Order) (McCord, Richard) (Entered: 10/25/2013) |
| 10/25/2013 | 24 (9 pgs; 3 docs) | Affirmation in Support Declaration of Abraham Neuhaus, counsel for Adar 980 Realty LLC Filed by Richard J McCord on behalf of Richard J. McCord (RE: related document(s)20 Order on Motion to Authorize/Direct) (Attachments: # 1 Exhibit A # 2 Exhibit B) (McCord, Richard) (Entered: 10/25/2013) |

| 10/25/2013 | | Receipt of Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) (Fee Due)(1-13-46127-cec) [misc,aschsf] ( 30.00) Filing Fee. Receipt number 11807948. Fee amount 30.00. (re: Doc# 19) (U.S. Treasury) (Entered: 10/25/2013) |
|---|---|---|
| 10/29/2013 | 25 (6 pgs) | Objection Filed by Jon A Lefkowitz on behalf of Avraham Sofer (RE: related document(s)5 Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC) (Lefkowitz, Jon) (Entered: 10/29/2013) |
| 10/29/2013 | 26 (5 pgs) | Motion to Remove Trustee Filed by Jon A Lefkowitz on behalf of Avraham Sofer.(Lefkowitz, Jon) Modified on 11/4/2013 to take out hearing information (tml). (Entered: 10/29/2013) |
| 10/29/2013 | 27 (7 pgs; 3 docs) | Objection Filed by Jon A Lefkowitz on behalf of Avraham Sofer (related document(s) 13 Motion to Authorize/Direct filed by Trustee Richard J. McCord) (Attachments: # 1 Exhibit # 2 Exhibit) (Lefkowitz, Jon). Modified on 10/30/2013 for clarification (ddm). (Entered: 10/29/2013) |
| 10/29/2013 | 28 (1 pg) | Letter *requesting adjournment* Filed by Jon A Lefkowitz on behalf of Avraham Sofer (RE: related document(s)23 Affirmation in Support filed by Trustee Richard J. McCord, 24 Affirmation in Support filed by Trustee Richard J. McCord) (Lefkowitz, Jon) (Entered: 10/29/2013) |
| 10/30/2013 | 29 (1 pg) | Letter *Withdrawing Request for Adjournment* Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon). (related document(s) 28 Letter Requesting Adjournment). Modified on 10/30/2013 (cjm). (Entered: 10/30/2013) |
| 10/30/2013 | 30 (1 pg) | Notice of Appointment of Trustee *Richard J. McCord.* Filed by Office of the United States Trustee. (Leonhard, Alicia) (Entered: 10/30/2013) |
| 10/30/2013 | | Hearing Held; 26 Motion to Remove Trustee - WITHDRAWN (tml) (Entered: 11/20/2013) |
| | 31 (8 pgs) | Supporting Memorandum of Law in Support *of Relief from the Automatic Stay* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)5 Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) |

Case 14-3464, Document 9, 10/02/2014, 1334983, Page31 of 126

| | | |
|---|---|---|
| 11/04/2013 | | (Entered: 11/04/2013) |
| 11/04/2013 | [32](#) <br> (9 pgs) | Declaration Affidavit in Support *by Sara Chaimovitz* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[5](#) Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/04/2013) |
| 11/04/2013 | [33](#) <br> (3 pgs) | Declaration Affirmation in Support Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[5](#) Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/04/2013) |
| 11/04/2013 | | Chapter 7 Trustee has reviewed the Motion to Lift Stay and does not oppose the motion. Filed by Richard J. McCord (RE: related document(s)[5](#) Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC). (McCord, Richard) (Entered: 11/04/2013) |
| 11/04/2013 | [34](#) <br> (2 pgs) | Affidavit/Certificate of Service *of Documents submitted in further support of Relief from the Automatic Stay* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[5](#) Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/04/2013) |
| 11/05/2013 | | Hearing Held; (related document(s): [8](#) Order to Schedule Hearing [5](#) Motion for Relief from Stay) Appearance: Abraham Neuhaus - No Opposition - Granted; Submit Order (tleonard) (Entered: 11/06/2013) |
| 11/08/2013 | [35](#) <br> (4 pgs) | Order Granting Motion For Relief From Stay Re: property known as 980 East 13th Street, Brooklyn, NY (Related Doc [5](#)) Signed on 11/8/2013. (nds) Modified on 11/14/2013 (nds). (Entered: 11/08/2013) |
| 11/12/2013 | [36](#) <br> (5 pgs; 2 docs) | Notice of Proposed Abandonment of Property of the Estate *of* the Personal Belongings of the Debtor Located at the Business Premises and the Trustee's Interest in the Lease. Objections to be filed by 12/05/2013 at 4:00 p.m.. Hearing on objections, if any, will be held on: 12/12/13 at 11:00 a.m.. Filed by Richard J McCord on behalf of Richard J. McCord (Attachments: # [1](#) Affidavit of Service) (McCord, Richard) (Entered: 11/12/2013) |

| | | |
|---|---|---|
| 11/14/2013 | [37](#)<br>(3 pgs) | Motion For Contempt Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC. Hearing scheduled for 12/5/2013 at 11:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Neuhaus, Abraham) (Entered: 11/14/2013) |
| 11/14/2013 | [38](#)<br>(6 pgs) | Declaration of Sarah Chaimovitz Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (related document(s)[37](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) Modified on 11/15/2013 for clarification (ddm). (Entered: 11/14/2013) |
| 11/14/2013 | [39](#)<br>(4 pgs) | Declaration of Robert J. Tolchin Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (related document(s)[37](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) Modified on 11/15/2013 for clarification (ddm). (Entered: 11/14/2013) |
| 11/14/2013 | [40](#)<br>(2 pgs) | Declaration of Joel Werzberger Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (related document(s)[37](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) Modified on 11/15/2013 for clarification (ddm). (Entered: 11/14/2013) |
| 11/14/2013 | [41](#)<br>(2 pgs) | Declaration of Moshe Anba Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (related document(s)[37](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) Modified on 11/15/2013 for clarification (ddm). (Entered: 11/14/2013) |
| 11/14/2013 | [42](#)<br>(2 pgs) | Declaration of Thomas Wegir Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (related document(s)[37](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) Modified on 11/15/2013 for clarification (ddm). (Entered: 11/14/2013) |
| | [43](#)<br>(33 pgs; 7 docs) | Amended Motion For Contempt *by way of Emergency OTSC* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[37](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC). (Attachments: # [1](#) Proposed Order Proposed Amended Emergency Order to Show Cause # [2](#) Declaration of Sara Chaimovitz in support # [3](#) Declaration of Robert J. Tolchin in support # [4](#) Declaration of Joel |

| 11/15/2013 | | Werzberger in support # 5 Declaration of Moshe Anba in support # 6 Declaration of Thomas Wegir in support) (Neuhaus, Abraham) (Entered: 11/15/2013) |
|---|---|---|
| 11/15/2013 | 44 (8 pgs) | Memorandum of Law in Support *of Landlord's Emergency OTSC to hold debtor in Civil Contempt* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)43 Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/15/2013) |
| 11/15/2013 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 12/11/2013 at 10:00 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. (McCord, Richard) (Entered: 11/15/2013) |
| 11/15/2013 | 45 (4 pgs) | Emergency Order Scheduling Hearing on Landlord's Motion for an Order Holding Avraham Sofer and 1040 Management LLC in Civil Contempt of Court for Debtor's Willful and Wanton Violations of the Court's Orders, the Automatic Stay and Federal Bankruptcy Law (related document(s)37 Motion for Contempt filed by Creditor Adar 980 Realty LLC, 43 Amended Motion for Contempt filed by Creditor Adar 980 Realty LLC). ORDERED, that debtor may file an objection by November 21, 2013. The Landlord shall serve Avraham Sofer with this Order, and the Motion, together with all supporting papers, to be received by November 19, 2013 at 12:00 p.m. The Landlord shall serve this Order, and the Motion, together with all supporting papers, upon Mr. Sofers counsel, the United States Trustee, the chapter 7 trustees, and the chapter 7 trustees counsel, by electronic email so as to be received by November 18, 2013 at 12:00 p.m. and the Trustees shall file a response to the Motion on or before November 21, 2013 at 5:00 p.m. Signed on 11/15/2013. Hearing scheduled for 11/22/2013 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (ddm) (Entered: 11/15/2013) |
| 11/21/2013 | 46 (11 pgs; 2 docs) | Trustee's Response to Motion for Contempt Filed by Adar 980 Realty LLC Filed by Richard J McCord on behalf of Richard J. McCord (RE: related document(s)43 Motion for Contempt filed by Creditor Adar 980 Realty LLC, 45 Order to Schedule Hearing (Generic)) (Attachments: # 1 Exhibit A) (McCord, Richard) Modified on 11/22/2013 (mem). (Entered: 11/21/2013) |

| | | |
|---|---|---|
| 11/21/2013 | [47](#)<br>(2 pgs) | Affidavit/Certificate of Service *of the Trustee's Response to Motion for Contempt Filed by Adar 980 Realty LLC* Filed by Richard J McCord on behalf of Richard J. McCord (RE: related document(s)[46](#) Response filed by Trustee Richard J. McCord) (McCord, Richard) (Entered: 11/21/2013) |
| 11/21/2013 | [48](#)<br>(10 pgs; 4 docs) | Declaration in Opposition *conformed to original* Filed by Jon A Lefkowitz on behalf of Avraham Sofer (RE: related document(s)[43](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Attachments: # [1](#) Exhibit # [2](#) Exhibit # [3](#) Exhibit) (Lefkowitz, Jon) Modified on 11/22/2013 (mem). (Entered: 11/21/2013) |
| 11/22/2013 | [49](#)<br>(5 pgs) | Affidavit/Certificate of Service *of Landlord's Amended Emergency OTSC to hold debtor in Civil Contempt* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[43](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/22/2013) |
| 11/22/2013 | [50](#)<br>(1 pg) | Notice of Change of Address of Creditor HSBC. Filed by Jon A Lefkowitz on behalf of Avraham Sofer (cjm) (Entered: 11/22/2013) |
| 11/22/2013 | [51](#)<br>(3 pgs; 2 docs) | Modified Order Lifting the Automatic Stay to allow ADAR to exercise any and all rights and remedies available to it under applicable law with respect to the Premises; and it is further ORDERED, that the relief granted in this Order is effective immediately, and the 14-day stay pursuant to Bankruptcy Rule 4001 is waived. (RE: related document(s)[5](#) Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC). Signed on 11/22/2013 (ads) (Entered: 11/22/2013) |
| 11/24/2013 | [52](#)<br>(4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 11/24/2013. (Admin.) (Entered: 11/25/2013) |
| | [53](#)<br>(127 pgs) | [DO NOT REMOVE RESTRICTION] Transcript & Notice regarding the hearing held on 11/22/13. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) [45](#) Order |

| | | |
|---|---|---|
| 11/25/2013 | | to Schedule Hearing (Generic)). Notice of Intent to Request Redaction Due By 12/2/2013. Redaction Request Due By 12/16/2013. Redacted Transcript Submission Due By 12/26/2013. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 02/24/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AVTranz) Modified on 11/27/2013 to note amended transcript filed - Notice not generated.(evt). (Entered: 11/25/2013) |
| 11/26/2013 | [54](#) (129 pgs; 3 docs) | Amended Transcript & Notice regarding the hearing held on 11/22/13. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) [45](#) Order to Schedule Hearing (Generic)) Related document(s) [53](#) Transcript Court Ordered (Judge Craig Only) Notice of Intent to Request Redaction Due By 12/3/2013. Redaction Request Due By 12/17/2013. Redacted Transcript Submission Due By 12/27/2013. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 02/24/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AVTranz). Related document(s) [53](#) Transcript Court Ordered (Judge Craig Only). Modified on 11/27/2013 to Create relationship to document #53 (evt). (Entered: 11/26/2013) |
| 11/29/2013 | [55](#) (2 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 11/29/2013. (Admin.) (Entered: 11/30/2013) |
| 12/05/2013 | [56](#) (1 pg) | Order Granting Application to Employ Certilman Balin Adler & Hyman, LLP as Counsel to the Chapter 7 Trustee (Related Doc # [14](#)) Signed on 12/5/2013. (ddm) (Entered: 12/06/2013) |
| 12/05/2013 | | Marked Off without hearing (related document(s): [37](#) Motion for Contempt filed by Adar 980 Realty LLC) - Motion heard 11/22/13(tleonard) (Entered: 12/09/2013) |
| | [57](#) (10 pgs) | Supplemental Affidavit in Support *of an Award of Landlord's Attorney Fees* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related |

Case 14-3464, Document 9, 10/02/2014, 1334983, Page36 of 126

| | | |
|---|---|---|
| 12/08/2013 | | document(s)<u>37</u> Motion for Contempt filed by Creditor Adar 980 Realty LLC, <u>43</u> Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 12/08/2013) |
| 12/08/2013 | <u>58</u><br>(3 pgs) | Affidavit/Certificate of Service Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)<u>57</u> Affidavit in Support filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 12/08/2013) |
| 12/12/2013 | | [RESCINDED] Chapter 7 Trustee's Report of No Distribution: I, Richard J. McCord, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 6000.00, Assets Exempt: $ 300.00, Claims Scheduled: $ 90655.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 90655.00. (McCord, Richard) Modified on 1/6/2014 (cjm). (Entered: 12/12/2013) |
| 12/15/2013 | <u>59</u><br>(6 pgs) | Affirmation in Opposition Filed by Jon A Lefkowitz on behalf of Avraham Sofer (RE: related document(s)<u>43</u> Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Lefkowitz, Jon) (Entered: 12/15/2013) |
| 12/15/2013 | <u>60</u><br>(8 pgs; 2 docs) | Affidavit in Opposition Filed by Jon A Lefkowitz on behalf of Avraham Sofer (RE: related document(s)<u>43</u> Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Attachments: # <u>1</u> Exhibit A) (Lefkowitz, Jon) Additional attachment(s) added on 12/16/2013 (cjm). (Entered: 12/15/2013) |

| | | |
|---|---|---|
| 12/15/2013 | [61](#) (1 pg) | Exhibit *B* Filed by Jon A Lefkowitz on behalf of Avraham Sofer (related document(s)[60](#) Affirmation in Opposition) (Lefkowitz, Jon). Modified on 12/16/2013 (cjm). (Entered: 12/15/2013) |
| 12/29/2013 | [62](#) (2 pgs; 2 docs) | Notice of No Financial Management Certificate before Discharge for Debtor(s). (Admin) (Entered: 12/29/2013) |
| 12/31/2013 | [63](#) (1 pg) | (INCORRECT EVENT USED, SEE ENTRY BELOW) Final Certificate of Credit Counseling for Debtor *post petition* Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) Modified on 1/2/2014 (mem). (Entered: 12/31/2013) |
| 12/31/2013 | [65](#) (1 pg) | Debtor's Certification of Completion of Postpetition Instructional Course and/or Certificate of Financial Management Course Filed for Debtor. Debtor Certificate Number: 15111-NYE-DE-022127378 Filed by Jon A Lefkowitz on behalf of Avraham Sofer (RE: related document(s) Judge / Trustee / 341 Meeting Assignment (Chapter 7)) (mem) (Entered: 01/02/2014) |
| 01/01/2014 | [64](#) (2 pgs) | BNC Certificate of Mailing with Notice of No Financial Management Certificate Notice Date 01/01/2014. (Admin.) (Entered: 01/02/2014) |
| 01/02/2014 | [66](#) (1 pg) | Recision Filed by Richard J. McCord (RE: related document(s) Chapter 7 Trustee's Report of No Distribution). (McCord, Richard) (Entered: 01/02/2014) |
| 01/06/2014 | [67](#) (5 pgs) | Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) Schedule F, Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) (Entered: 01/06/2014) |
| 01/08/2014 | | Fee Due Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) (Fee Due) $ 30 (related document(s)[67](#) Amended Schedule(s), Statement(s)and Affidavit LR1009-1(a) (No Fee) filed by Debtor Avraham Sofer) (cjm) (Entered: 01/08/2014) |
| | | Receipt of Amended Schedule(s), Statement(s) and Affidavit LR1009-1(a) (Fee Due)(1-13-46127-cec) [misc,aschsf] ( 30.00) Filing Fee. Receipt number 12025419. Fee amount 30.00. (re: Doc# [67](#)) (U.S. Treasury) (Entered: 01/09/2014) |

| | | |
|---|---|---|
| 01/09/2014 | | |
| 01/10/2014 | [68](#)<br>(22 pgs; 2 docs) | Adversary case 1-14-01004. Complaint by Richard McCord against Avraham Sofer. Receipt Number DEFERRED, Fee Amount $293. Nature(s) of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))). (Attachments: # [1](#) Adversary Proceeding Cover Sheet) (McCord, Richard) (Entered: 01/10/2014) |
| 01/13/2014 | [69](#)<br>(25 pgs; 2 docs) | Adversary case 1-14-01005. Complaint by Adar 980 Realty LLC against Avraham Sofer. Fee Amount $293. Nature(s) of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))). (Attachments: # [1](#) Adversary Cover Sheet) (Neuhaus, Abraham) (Entered: 01/13/2014) |
| 01/28/2014 | [70](#)<br>(1 pg) | Amended Schedule : Schedule I, Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) Modified on 1/29/2014 (cjm). (Entered: 01/28/2014) |
| 02/25/2014 | | Release Transcript Deadlines (related document(s) [54](#)) (ddm) (Entered: 02/25/2014) |
| 02/26/2014 | [71](#)<br>(1 pg) | (DUPLICATE OF DOC. NO. 70) Amended Schedule(s), Statement(s): Schedule I Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) Modified on 2/27/2014 for clarification (ddm). (Entered: 02/26/2014) |
| 02/26/2014 | [72](#)<br>(3 pgs) | (ATTORNEY ADVISED TO RE-FILE) Amended Statement of Current Monthly Income in the amount of $5735.00 (Means Test Calculation - Chapter 7) . Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) Modified on 2/27/2014 (ddm). (Entered: 02/26/2014) |
| 03/04/2014 | [73](#)<br>(3 pgs) | (DUPLICATE OF ECF #72) Amended Statement of Current Monthly Income in the amount of $5735.00 (Means Test Calculation - Chapter 7) *part 2*. Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) Modified on 3/5/2014 (mem). (Entered: 03/04/2014) |
| 03/05/2014 | [74](#)<br>(1 pg) | Amended Schedule(s), Statement(s): Schedule B (Page One) Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) Modified on 3/6/2014 (mem). (Entered: 03/05/2014) |

| | | |
|---|---|---|
| 03/05/2014 | [75](#)<br>(1 pg) | Amended Schedule(s), Statement(s): Schedule J Filed by Jon A Lefkowitz on behalf of Avraham Sofer (Lefkowitz, Jon) Modified on 3/6/2014 (mem). (Entered: 03/05/2014) |
| 03/05/2014 | [76](#)<br>(2 pgs) | Amended Statement of Current Monthly Income in the amount of $5735.00 (Means Test Calculation - Chapter 7) . Filed by Jon A Lefkowitz on behalf of Avraham Sofer (PAGES 7 & 8, INCOMPLETE DOCUMENT FILED)(Lefkowitz, Jon) Modified on 3/6/2014 (mem). (Entered: 03/05/2014) |
| 03/13/2014 | [77](#)<br>(9 pgs; 2 docs) | Motion to Remove Trustee *Richard McCord and Proposed Order to Show Cause* Filed by Avraham Sofer. (Attachments: # [1](#) Proposed Order) (mem) (Entered: 03/13/2014) |
| 03/13/2014 | [78](#)<br>(14 pgs) | Decision and Order Denying Contempt Motion for Lack Standing (related document(s)[37](#), [43](#)). Signed on 3/13/2014 (cjm) (Entered: 03/14/2014) |
| 03/13/2014 | [79](#)<br>(2 pgs) | Order Denying Motion For Contempt for the Reasons Stated in this Court's Decision dated March 13, 2014 (Related Doc # [37](#),[43](#)) Signed on 3/13/2014. (cjm) (Entered: 03/14/2014) |
| 03/17/2014 | [80](#)<br>(2 pgs) | Court's Service List (related document(s)[78](#), [79](#)) (cjm) (Entered: 03/17/2014) |
| 03/18/2014 | [81](#)<br>(2 pgs; 2 docs) | Order Scheduling Hearing (related document(s)[77](#) Motion to Remove Chapter 7 Trustee filed by Debtor Avraham Sofer). Signed on 3/18/2014. Hearing scheduled for 5/8/2014 at 11:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (ddm) (Entered: 03/19/2014) |
| 03/21/2014 | [82](#)<br>(2 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 03/21/2014. (Admin.) (Entered: 03/22/2014) |
| 03/26/2014 | [83](#)<br>(5 pgs; 2 docs) | Notice of Appeal to District Court. . Fee Amount $298 Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (related document(s) [78](#) Opinion/Decision for External Web Page, [79](#) Order on Motion for Contempt). Appellant Designation due by 04/9/2014. (Attachments: # [1](#) Civil Cover Sheet)(Neuhaus, Abraham). Modified on 3/27/2014 (mem). (Entered: 03/26/2014) |

| | | |
|---|---|---|
| 03/26/2014 | | Receipt of Notice of Appeal(1-13-46127-cec) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 12243564. Fee amount 298.00. (re: Doc# 83) (U.S. Treasury) (Entered: 03/26/2014) |
| 03/27/2014 | 84 (3 pgs; 2 docs) | Notice to Parties of Requirements, Deadlines (related document(s)83 Notice of Appeal filed by Creditor Adar 980 Realty LLC) (mem) (Entered: 03/27/2014) |
| 03/27/2014 | 85 (1 pg) | Court's Service List (related document(s)83 Notice of Appeal filed by Creditor Adar 980 Realty LLC) (cjm) (Entered: 03/27/2014) |
| 03/29/2014 | 86 (3 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 03/29/2014. (Admin.) (Entered: 03/30/2014) |
| 04/09/2014 | 87 (12 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)83 Notice of Appeal filed by Creditor Adar 980 Realty LLC). Appellee designation due by 04/23/2014. Transmission of Designation Due by 05/9/2014. (Neuhaus, Abraham) (Entered: 04/09/2014) |
| 04/09/2014 | 88 (3 pgs) | Affidavit/Certificate of Service *of Appellant's Designation of the Record and Statement of Issues on Appeal* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)87 Appellant Designation & Statement of Issues filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 04/09/2014) |
| | 89 (22 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 10/23/13. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) 13 Motion to Authorize/Direct). Notice of Intent to Request Redaction Due By 04/24/2014. Redaction Request Due By 05/8/2014. Redacted Transcript Submission Due By 05/19/2014. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 07/16/2014 AND MAY BE VIEWED AT THE |

| | | |
|---|---|---|
| 04/17/2014 | | OFFICE OF THE CLERK. (AVTranz) (Entered: 04/17/2014) |
| 04/17/2014 | [90](#)<br>(34 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 10/24/13. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) [26](#) Motion to Remove Trustee). Notice of Intent to Request Redaction Due By 04/24/2014. Redaction Request Due By 05/8/2014. Redacted Transcript Submission Due By 05/19/2014. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 07/16/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AVTranz) (Entered: 04/17/2014) |
| 04/17/2014 | [91](#)<br>(21 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 10/30/13. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) [26](#) Motion to Remove Trustee). Notice of Intent to Request Redaction Due By 04/24/2014. Redaction Request Due By 05/8/2014. Redacted Transcript Submission Due By 05/19/2014. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 07/16/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AVTranz) (Entered: 04/17/2014) |
| 04/20/2014 | [92](#)<br>(2 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 04/20/2014. (Admin.) (Entered: 04/21/2014) |
| 04/20/2014 | [93](#)<br>(2 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 04/20/2014. (Admin.) (Entered: 04/21/2014) |
| 04/20/2014 | [94](#)<br>(2 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 04/20/2014. (Admin.) (Entered: 04/21/2014) |

Case 14-3464, Document 9, 10/03/2014, 1344983, Page42 of 126

| | | |
|---|---|---|
| 04/30/2014 | [95](#)<br>(36 pgs; 3 docs) | Trustee's Response to Motion by Debtor to Remove the Trustee Filed by Richard J McCord on behalf of Certilman Balin Adler & Hyman, LLP (related document(s)[77](#) Motion to Remove Trustee filed by Debtor Avraham Sofer) (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B) (McCord, Richard) Modified on 5/1/2014 for clarification (ddm). (Entered: 04/30/2014) |
| 04/30/2014 | [96](#)<br>(2 pgs) | Affidavit/Certificate of Service Filed by Richard J McCord on behalf of Certilman Balin Adler & Hyman, LLP (RE: related document(s)[95](#) Response filed by Trustee's Atty Certilman Balin Adler & Hyman, LLP) (McCord, Richard) (Entered: 04/30/2014) |
| 05/08/2014 | | Hearing Held; (related document(s): [81](#) Order Scheduling Hearing (related document(s) [77](#) Motion to Remove Chapter 7 Trustee) - Denied, court to issue order/decision.(tleonard) (Entered: 05/14/2014) |
| | [97](#)<br>(4 pgs) | Transmittal of Record on Appeal to District Court (related document(s)[1](#) Voluntary Petition (Chapter 7) filed by Debtor Avraham Sofer, [4](#) Employee Income Records / Copies of Pay Statements filed by Debtor Avraham Sofer, [5](#) Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC, [8](#) Order to Schedule Hearing (Generic), [9](#) Notice of Appearance filed by Creditor Adar 980 Realty LLC, [13](#) Motion to Authorize/Direct filed by Trustee Richard J. McCord, [17](#) Objection filed by Debtor Avraham Sofer, [18](#) Objection filed by Debtor Avraham Sofer, [20](#) Order on Motion to Authorize/Direct, [21](#) Generic Order, [22](#) Complaint, [23](#) Affirmation in Support filed by Trustee Richard J. McCord, [24](#) Affirmation in Support filed by Trustee Richard J. McCord, [25](#) Objection filed by Debtor Avraham Sofer, [26](#) Motion to Remove Trustee filed by Debtor Avraham Sofer, [27](#) Objection filed by Debtor Avraham Sofer, [28](#) Letter filed by Debtor Avraham Sofer, [29](#) Letter filed by Debtor Avraham Sofer, [30](#) Notice Appointing Trustee filed by U.S. Trustee Office of the United States Trustee, [31](#) Memorandum of Law in Support filed by Creditor Adar 980 Realty LLC, [32](#) Affidavit in Support filed by Creditor Adar 980 Realty LLC, [33](#) Affirmation in Support filed by Creditor Adar 980 Realty LLC, [35](#) Order on Motion For Relief From Stay, [36](#) Notice of Proposed Abandonment of Property of the Estate filed by Trustee Richard J. McCord, [37](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC, [38](#) Affidavit filed by Creditor Adar 980 Realty LLC, [39](#) Affidavit filed by Creditor Adar 980 Realty LLC, [40](#) Affidavit |

| | | |
|---|---|---|
| 05/09/2014 | | filed by Creditor Adar 980 Realty LLC, 41 Affidavit filed by Creditor Adar 980 Realty LLC, 42 Affidavit filed by Creditor Adar 980 Realty LLC, 43 Motion for Contempt filed by Creditor Adar 980 Realty LLC, 44 Memorandum of Law in Support filed by Creditor Adar 980 Realty LLC, 45 Order to Schedule Hearing (Generic), 46 Response filed by Trustee Richard J. McCord, 48 Affirmation in Opposition filed by Debtor Avraham Sofer, 49 Affidavit/Certificate of Service filed by Creditor Adar 980 Realty LLC, 51 Generic Order, 53 Transcript Court Ordered (Judge Craig Only), 54 Transcript Court Ordered (Judge Craig Only), 57 Affidavit in Support filed by Creditor Adar 980 Realty LLC, 59 Affirmation in Opposition filed by Debtor Avraham Sofer, 60 Affirmation in Opposition filed by Debtor Avraham Sofer, 61 Exhibit filed by Debtor Avraham Sofer, 66 Recision filed by Trustee Richard J. McCord, 68 Complaint, 69 Complaint, 70 Amended Schedule(s), Statement(s)and Affidavit LR1009-1(a) (No Fee) filed by Debtor Avraham Sofer, 77 Motion to Remove Trustee filed by Debtor Avraham Sofer, 78 Opinion/Decision for External Web Page, 79 Order on Motion for Contempt, 81 Order to Schedule Hearing (Generic), 83 Notice of Appeal filed by Creditor Adar 980 Realty LLC, 87 Appellant Designation & Statement of Issues filed by Creditor Adar 980 Realty LLC, 89 Transcript (Attorney Ordered), 90 Transcript (Attorney Ordered), 91 Transcript (Attorney Ordered)) (mem). (Entered: 05/09/2014) |
| 05/12/2014 | 98 (8 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 14-cv-02977-ARR District Court Judge Allyne R. Ross assigned. (related document(s)83 Notice of Appeal filed by Creditor Adar 980 Realty LLC) (mem) (Entered: 05/12/2014) |
| | 99 (29 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 05/08/14. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) 77 Motion to Remove Trustee, 81 Order to Schedule Hearing (Generic)). Notice of Intent to Request Redaction Due By 05/23/2014. Redaction Request Due By 06/6/2014. Redacted Transcript Submission Due By 06/16/2014. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY |

| 05/16/2014 | | RESTRICTED THROUGH 08/14/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (J&J Court Transcribers Inc) (Entered: 05/16/2014) |
| --- | --- | --- |
| 05/21/2014 | 100 (2 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 05/21/2014. (Admin.) (Entered: 05/22/2014) |
| 05/30/2014 | 101 (2 pgs) | Order Denying Motion to Remove Trustee (Related Doc # 77) Signed on 5/30/2014. (cjm) (Entered: 06/02/2014) |
| 08/05/2014 | 102 (15 pgs) | Opinion & Order, By District Court Judge Ross, Re: Appeal on Civil Action Number: 14-cv-2977, Denied. If appellant seeks to challenge the entry of the Notice of Dismissal with prejudice, it must raise this issue before the bankruptcy court. (RE: related document(s)78 Opinion/Decision for External Web Page, 79 Order on Motion for Contempt). Signed on 8/5/2014 (aac) (Entered: 08/08/2014) |
| 09/09/2014 | | NOTICE OF APPEAL to the United States Court of Appeals for the Second Circuit RE: Opinion & Order, By District Court Judge Ross, Re: Appeal on Civil Action Number: 14-cv-2977 (Rel Doc #102). (aac) (Entered: 09/09/2014) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 10/02/2014 00:40:05 | | | |
| PACER Login: | ab5080 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1-13-46127-cec Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 12 | Cost: | 1.20 |

**APPEAL**

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
## Adversary Proceeding #: 1-13-01497-cec

*Assigned to:* Carla E. Craig             *Date Filed:* 10/25/13
*Lead BK Case:* <u>13-45283</u>
*Lead BK Title:* 1040 Management, LLC
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:* 11 Recovery of money/property - 542 turnover of property
                       72 Injunctive relief - other
                       91 Declaratory judgment
                       14 Recovery of money/property - other

### Plaintiff
-----------------------

**Lori Lapin Jones,** *as Chapter 7 Trustee of the*     represented by **Joseph S Maniscalco**
*Estate of 1040 Managment LLC*                            LaMonica Herbst Maniscalco
98 Cutter Mill Road                               3305 Jerusalem Avenue
Suite 201 North                                 Wantagh, NY 11793
Great Neck, NY 11021                         (516) 826-6500
                                              Fax : (516) 826-0222
                                              Email: <u>jsm@lhmlawfirm.com</u>
                                              *LEAD ATTORNEY*

                                              **Jordan Pilevsky**
                                              LaMonica Herbst & Maniscalco LLP
                                              3305 Jerusalem Avenue
                                              Suite 201
                                              Wantagh, NY 11793
                                              516-826-6500
                                              Fax : 516-826-0222
                                              Email: <u>jp@lhmlawfirm.com</u>

V.

### Defendant
-----------------------

**Avraham Sofer,** *and his agents,*            represented by **Avraham Sofer**
*representatives, and all those acting in concert*                   PRO SE
*with him*
1025 East 13 Street
Brooklyn, NY 11230

SSN / ITIN: xxx-xx-9471

| Filing Date | # | Docket Text |
|---|---|---|
| 10/25/2013 | 1<br>(29 pgs; 5 docs) | Adversary case 1-13-01497. Complaint by Lori Lapin Jones against Avraham Sofer. Receipt Number DEFERRED, Fee Amount $293. Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property)), (14 (Recovery of money/property - other), (72 (Injunctive relief - other)), (91 (Declaratory judgment)). (Attachments: # 1 Exhibit List of Vendors, nightly parking patrons and advertisement customers # 2 Declaration of Joseph S. Maniscalco # 3 Declaration of Abraham Neuhaus # 4 Proposed Order) (Pilevsky, Jordan) Modified on 10/25/2013 to add additional Nature of Suit (ddm). (Entered: 10/25/2013) |
| 10/25/2013 | 2<br>(2 pgs) | Statement *Adversary Cover Sheet* Filed by Jordan Pilevsky on behalf of Lori Lapin Jones (Pilevsky, Jordan) (Entered: 10/25/2013) |
| 10/25/2013 | 3<br>(1 pg) | Summons and Notice of Pre-Trial Conference issued by Clerk's Office against Avraham Sofer, and his agents, representatives, and all those acting in concert with him, Answer Due: 11/25/2013. Pre-Trial Conference set for 12/10/2013 at 11:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (ddm) (Entered: 10/25/2013) |
| 10/25/2013 | 4<br>(7 pgs; 3 docs) | Order Directing Avraham Sofer and any of his representatives to (A) Cooperate with the Trustees and their agents and (B) Not Interfere with the Administration of the Estates (related document(s)1 Complaint filed by Plaintiff Richard J. McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer). Signed on 10/25/2013. Show Cause hearing to be held on 10/30/2013 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Attachments: # 1 Exhibit A) (ddm) (Entered: 10/25/2013) |
| | 5<br>(3 pgs) | Affidavit/Certificate of Service *of the Order Directing Avraham Sofer and Any of His Representatives to (A) Cooperate with the Trustees and Their Agents and (B) Not Interfere with the Administration of the Estates, Complaint, Declaration of Joseph S. Maniscalco, and Declaration of Abraham Neuhaus* Filed by Jordan Pilevsky on behalf of Lori Lapin Jones (RE: related document(s)1 Complaint filed by Plaintiff Lori Lapin |

| | | |
|---|---|---|
| 10/25/2013 | | Jones, 4 Order to Show Cause (Generic)) (Pilevsky, Jordan) (Entered: 10/25/2013) |
| 10/25/2013 | 6 (2 pgs) | Summons Served on Avraham Sofer 10/25/2013 and these additional parties: Jon A. Lefkowitz, Esq. *with Complaint*. (Pilevsky, Jordan) (Entered: 10/25/2013) |
| 10/25/2013 | 7 (3 pgs) | Notice of Appearance and Request for Notice Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (Neuhaus, Abraham) (Entered: 10/25/2013) |
| 10/27/2013 | 8 (6 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 10/27/2013. (Admin.) (Entered: 10/28/2013) |
| 10/30/2013 | | Hearing Held; (related document(s): 4 Order to Show Cause - Settled/Submit Order (tleonard) (Entered: 11/01/2013) |
| 11/01/2013 | 9 (4 pgs; 2 docs) | Order Pursuant to Federal Rule of Civil Procedure 65(b) and Federal Rule of Bankruptcy Procedure 7065, Granting the Trustee's Motion for a Preliminary Injunction Against Debtor/Defendant Avraham Sofer and his attorneys, employees, agents, representatives, third party agents, affiliates, employees, subsidiaries, successors, assigns, principals, consultants, and all those acting in concert with him. The Parking Facility shall be closed for business no later than October 31, 2013 at 10:00 a.m. by the duly appointed representative of the Sofer Trustee, MYC & Associates, Inc. Upon dissolution of this Preliminary Injunction on the date that is forty-five (45) days from the date of entry of this Order, and so long as the Injunction Period is not extended, this Adversary Proceeding shall be dismissed by the Plaintiff in accordance with Rule 7041 of the Federal Rules of Bankruptcy Procedure. (related document(s)1). Signed on 11/1/2013 (cjm) (Entered: 11/04/2013) |
| 11/06/2013 | 10 (4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 11/06/2013. (Admin.) (Entered: 11/07/2013) |
| 11/14/2013 | 11 (3 pgs) | Motion For Contempt Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC. Hearing scheduled for 12/5/2013 at 11:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Neuhaus, Abraham) (Entered: 11/14/2013) |

| | | |
|---|---|---|
| 11/15/2013 | [12](#)<br>(33 pgs; 7 docs) | Amended Motion For Contempt *by way of Emergency OTSC* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (related document(s)[11](#)). (Attachments: # [1](#) Proposed Amended Emergency Order to Show Cause # [2](#) Declaration of Sara Chaimovitz in support # [3](#) Declaration of Robert J. Tolchin in support # [4](#) Declaration of Joel Werzberger in support # [5](#) Declaration of Moshe Anba in support # [6](#) Declaration of Thomas Wegir in support) (Neuhaus, Abraham) (Entered: 11/15/2013) |
| 11/15/2013 | [13](#)<br>(8 pgs) | Memorandum of Law in Support *of Landlord's Emergency OTSC to hold debtor in Civil Contempt* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[11](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC, [12](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/15/2013) |
| 11/15/2013 | [14](#)<br>(4 pgs) | Emergency Order Scheduling Hearing on Landlord's Motion for an Order Holding Avraham Sofer and 1040 Management LLC in Civil Contempt of Court for Debtor's Willful and Wanton Violations of the Court's Orders, the Automatic Stay and Federal Bankruptcy Law (related document(s)[11](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC, [12](#) Amended Motion for Contempt filed by Creditor Adar 980 Realty LLC). ORDERED, that debtor may file an objection by November 21, 2013. The Landlord shall serve Avraham Sofer with this Order, and the Motion, together with all supporting papers, to be received by November 19, 2013 at 12:00 p.m. The Landlord shall serve this Order, and the Motion, together with all supporting papers, upon Mr. Sofers counsel, the United States Trustee, the chapter 7 trustees, and the chapter 7 trustees counsel, by electronic email so as to be received by November 18, 2013 at 12:00 p.m. and the Trustees shall file a response to the Motion on or before November 21, 2013 at 5:00 p.m. Signed on 11/15/2013. Hearing scheduled for 11/22/2013 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (ddm) (Entered: 11/15/2013) |
| | [15](#)<br>(5 pgs) | Affidavit/Certificate of Service *of Landlord's Amended Emergency OTSC to hold debtor in Civil Contempt* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[12](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: |

| 11/22/2013 | | [text] 11/22/2013) |
|---|---|---|
| 11/25/2013 | [16](#) | [DO NOT REMOVE RESTRICTION] Transcript & Notice regarding the hearing held on 11/22/13. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) [14](#) Order to Schedule Hearing (Generic)). Notice of Intent to Request Redaction Due By 12/2/2013. Redaction Request Due By 12/16/2013. Redacted Transcript Submission Due By 12/26/2013. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 02/24/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AVTranz) Modified on 11/27/2013 to note amended transcript filed - Notice not generated.(evt). (Entered: 11/25/2013) |
| 11/26/2013 | [17](#) <br> (131 pgs; 5 docs) | Amended Transcript & Notice regarding the hearing held on 11/22/13. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (Related document(s) [14](#) Order to Schedule Hearing (Generic), [16](#) Transcript Court Ordered (Judge Craig Only)). Notice of Intent to Request Redaction Due By 12/3/2013. Redaction Request Due By 12/17/2013. Redacted Transcript Submission Due By 12/27/2013. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 02/24/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AVTranz) Modified on 11/27/2013 to Create relationship to document #16 (evt). (Entered: 11/26/2013) |
| 11/29/2013 | [18](#) <br> (2 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 11/29/2013. (Admin.) (Entered: 11/30/2013) |
| 12/05/2013 | | Marked Off Without Hearing (related document(s): [11](#) Motion for Contempt filed by Adar 980 Realty LLC) - Motion heard on 11/22/13 (tleonard) (Entered: 12/09/2013) |

Case 14-3464, Document 9, 10/02/2014, 1334983, Page50 of 126

| | | |
|---|---|---|
| 12/08/2013 | [19](#)<br>(10 pgs) | Supplemental Affidavit in Support *of an Award of Landlord's Attorney Fees* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[11](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC, [12](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 12/08/2013) |
| 12/08/2013 | [20](#)<br>(3 pgs) | Affidavit/Certificate of Service Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[19](#) Affidavit in Support filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 12/08/2013) |
| 12/10/2013 | | Adjourned Without Hearing (related document(s): [1](#) Complaint by Lori Lapin Jones against Avraham Sofer - Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property), (14 (Recovery of money/property - other), (72 (Injunctive relief - other), (91 (Declaratory judgment) - Pre-Trial Conference set for 01/16/2014 at 11:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 12/10/2013) |
| 01/16/2014 | | Adjourned Without Hearing (related document(s): [1](#) Complaint by Lori Lapin Jones against Avraham Sofer - Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property), (14 (Recovery of money/property - other), (72 (Injunctive relief - other), (91 (Declaratory judgment) Pre-Trial Conference set for 03/06/2014 at 11:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 01/22/2014) |
| 02/25/2014 | | Release Transcript Deadlines (related document(s) [17](#)) (ddm) (Entered: 02/25/2014) |
| 03/06/2014 | | Hearing Held; (related document(s): [1](#) Complaint by Lori Lapin Jones against Avraham Sofer - Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property), (14 (Recovery of money/property - other), (72 (Injunctive relief - other), (91 (Declaratory judgment) Appearance: Jordan Pilevsky representing Trustee - Submit Rule 41 Order (Dismissing) (tleonard) (Entered: 03/10/2014) |
| 03/06/2014 | [21](#)<br>(1 pg) | Notice of Dismissal of an Adversary Proceeding *pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure* Filed by Lori Lapin Jones. (Pilevsky, |

Case 14-3464, Document 9, 10/02/2014, 1354983, Page51 of 126

| | | |
|---|---|---|
| 03/11/2014 | | Jordan) (Entered: 03/11/2014) |
| 03/13/2014 | 22 (14 pgs) | Decision and Order Denying Contempt Motion for Lack Standing (related document(s)11, 12). Signed on 3/13/2014 (cjm) (Entered: 03/14/2014) |
| 03/13/2014 | 23 (2 pgs) | Order Denying Motion For Contempt for the Reasons Stated in this Court's Decision dated March 13, 2014. (Related Doc # 11,12) Signed on 3/13/2014. (cjm) (Entered: 03/14/2014) |
| 03/17/2014 | 24 (2 pgs) | Court's Service List (related document(s)22, 23) (cjm) (Entered: 03/17/2014) |

### PACER Service Center

#### Transaction Receipt

| 10/02/2014 00:43:22 | | | |
|---|---|---|---|
| **PACER Login:** | ab5080 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1-13-01497-cec Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# U.S. Bankruptcy Court
# Eastern District of New York (Brooklyn)
## Bankruptcy Petition #: 1-13-45283-cec

*Date filed:* 08/28/2013
*341 meeting:* 02/07/2014

*Assigned to:* Carla E. Craig
Chapter 7
Voluntary
No asset

| | |
|---|---|
| **Debtor**<br>**1040 Management, LLC**<br>1025 E. 13th St.<br>Brooklyn, NY 11230<br>KINGS-NY<br>Tax ID / EIN: 20-8946835 | represented by **Jon A Lefkowitz**<br>1222 Avenue M<br>Suite 204<br>Brooklyn, NY 11230<br>(718) 692-0459<br>Fax : 718-376-2748<br>Email: jonalefkowitz@gmail.com |
| **Trustee**<br>**Lori Lapin Jones**<br>Lori Lapin Jones PLLC<br>98 Cutter Mill Road<br>Suite 201 North<br>Great Neck, NY 11021<br>(516) 466-4110 | represented by **LaMonica Herbst &**<br>**Maniscalco, LLP**<br>3305 Jerusalem Avenue<br>Wantagh, NY 11793<br><br>**Joseph S Maniscalco**<br>LaMonica Herbst Maniscalco<br>3305 Jerusalem Avenue<br>Wantagh, NY 11793<br>(516) 826-6500<br>Fax : (516) 826-0222<br>Email: jsm@lhmlawfirm.com<br><br>**Jordan Pilevsky**<br>LaMonica Herbst & Maniscalco<br>LLP<br>3305 Jerusalem Avenue<br>Suite 201<br>Wantagh, NY 11793<br>516-826-6500<br>Fax : 516-826-0222<br>Email: jp@lhmlawfirm.com |

**U.S. Trustee**
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building

201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 08/28/2013 | <u>1</u><br>(30 pgs) | Chapter 7 Voluntary Petition. Fee Amount $306 Filed by Jon A Lefkowitz on behalf of 1040 Management, LLC (Lefkowitz, Jon) (Entered: 08/28/2013) |
| 08/28/2013 | <u>2</u><br>(1 pg) | Pre-Petition Statement Pursuant to LR 2017-1 Filed by Jon A Lefkowitz on behalf of 1040 Management, LLC (Lefkowitz, Jon) (Entered: 08/28/2013) |
| 08/28/2013 | | Receipt of Voluntary Petition (Chapter 7)(1-13-45283) [misc,volp7a] ( 306.00) Filing Fee. Receipt number 11620806. Fee amount 306.00. (re: Doc# <u>1</u>) (U.S. Treasury) (Entered: 08/28/2013) |
| 08/28/2013 | <u>3</u><br>(2 pgs; 2 docs) | Statement *corporate resolution* Filed by Jon A Lefkowitz on behalf of 1040 Management, LLC (Lefkowitz, Jon) Additional attachment(s) added on 8/29/2013 (ads). (Entered: 08/28/2013) |
| 08/28/2013 | | Meeting of Creditors Chapter 7 Business & Appointment of Chapter 7 Trustee, Lori Lapin Jones, , 341(a) Meeting to be held on 10/04/2013 at 02:00 PM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY . (Entered: 08/28/2013) |
| 08/29/2013 | <u>4</u><br>(6 pgs; 4 docs) | Request for Notice - Meeting of Creditors Chapter 7 No Asset (ads) (Entered: 08/29/2013) |
| 08/29/2013 | <u>5</u><br>(3 pgs) | Emergency Motion for Relief from Stay Fee Amount $176. Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC. (Neuhaus, Abraham) (Entered: 08/29/2013) |
| 08/29/2013 | | Receipt of Motion for Relief From Stay(1-13-45283-cec) [motion,mrlfsty] ( 176.00) Filing Fee. Receipt number 11626435. Fee amount 176.00. (re: Doc# <u>5</u>) (U.S. Treasury) (Entered: 08/29/2013) |
| 08/30/2013 | <u>6</u><br>(1 pg) | Notice of Appearance and Request for Notice Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (Neuhaus, Abraham) (Entered: 08/30/2013) |

| 08/31/2013 | 7<br>(4 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 08/31/2013. (Admin.) (Entered: 09/01/2013) |
|---|---|---|
| 08/31/2013 | 8<br>(4 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 08/31/2013. (Admin.) (Entered: 09/01/2013) |
| 09/04/2013 | 9<br>(7 pgs) | Application to Employ LaMonica Herbst & Maniscalco, LLP as General Counsel *for the Trustee and Affidavit in Support of the Trustee's Application to Employ.* Filed by Joseph S Maniscalco on behalf of Lori Lapin Jones. (Maniscalco, Joseph) (Entered: 09/04/2013) |
| 09/09/2013 | 10<br>(2 pgs) | Order Approving Employment of LaMonica Herbst & Maniscalco, LLP as General Counsel to the Trustee effective as August 30, 2013 (Related Doc # 9) Signed on 9/9/2013. (ads) (Entered: 09/10/2013) |
| 09/11/2013 | 11<br>(2 pgs; 2 docs) | Order Scheduling Hearing; on or before September 18, 2013, the Landlord shall serve this Order and the Stay Relief Motion, together with the exhibits thereto, on the Debtor, Debtors counsel, Avraham Sofer, the Trustee, and all creditors by first-class mail; and it is further ORDERED, that the Landlord shall file an affidavit of service on or before October 23, 2013; and it is further ORDERED, that any opposition to the Stay Relief Motion shall be filed and served on or before October 2, 2013. (RE: related document(s)5 Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC). Signed on 9/11/2013. Hearing scheduled for 10/9/2013 at 02:45 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (ads) (Entered: 09/11/2013) |
| 09/16/2013 | 12<br>(2 pgs) | Affidavit/Certificate of Service Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)5 Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 09/16/2013) |
| 09/23/2013 | 13<br>(3 pgs) | INCORRECT EVENT USED - ATTORNEY NOTIFIED - Amended Refiled Petition RE: Reform Act 2005 (Pgs 1-3) *correcting name of debtor* Filed by Jon A Lefkowitz on behalf of 1040 Management, LLC (Lefkowitz, Jon) Modified on 9/24/2013 (ads). (Entered: 09/23/2013) |

| 10/02/2013 | [14](#) (3 pgs) | Affirmation in Opposition Filed by Jon A Lefkowitz on behalf of 1040 Management, LLC (RE: related document(s)[5](#) Motion for Relief From Stay filed by Creditor Adar 980 Realty LLC) (Lefkowitz, Jon) (Entered: 10/02/2013) |
| --- | --- | --- |
| 10/09/2013 | | Hearing Held; (related document(s): [11](#) Order Scheduling Hearing; on or before September 18, 2013, the Landlord shall serve this Order and the Stay Relief Motion, together with the exhibits thereto, on the Debtor, Debtors counsel, Avraham Sofer, the Trustee, and all creditors by first-class mail; and it is further ORDERED, that the Landlord shall file an affidavit of service on or before October 23, 2013; and it is further ORDERED, that any opposition to the Stay Relief Motion shall be filed and served on or before October 2, 2013) - Granted; Order Submitted (tleonard) (Entered: 10/09/2013) |
| 10/09/2013 | [15](#) (3 pgs) | Order Granting Motion For Relief From Stay with respect to the property located at 980 East 13th Street, Brooklyn, New York. ORDERED, that the relief granted in this Order is effective immediately, and the 14-day stay pursuant to Bankruptcy Rule 4001 is waived, because the continuation of the eviction action has no effect on the estate, and because trial of the eviction action is scheduled to go forward on October 10, 2013 (Related Doc # [5](#)) Signed on 10/9/2013. (tml) (Entered: 10/09/2013) |
| 10/16/2013 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 11/01/13 at 12:15 PM. Debtor absent. (Jones, Lori) (Entered: 10/16/2013) |
| 10/18/2013 | [16](#) (11 pgs; 2 docs) | Motion to Authorize/Direct *Application for Entry of an Order, Pursuant to 11 U.S.C. Sections 105(a) and 721, Authorizing the Chapter 7 Trustees for the Estates of 1040 Managment LLC and Avraham Sofer to Operate the Debtor's Business and Pay Certain Operating Expenses of the Debtor's Estate* Filed by Richard J McCord on behalf of Richard J McCord. (Attachments: # [1](#) Proposed Order) (McCord, Richard) (Entered: 10/18/2013) |
| | | Conference Scheduled; Conference scheduled for 10/23/2013 at 03:15 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (RE: related document(s)[16](#) Application for Entry of an Order, Pursuant to 11 |

| 10/23/2013 | | U.S.C. Sections 105(a) and 721, Authorizing the Chapter 7 Trustees for the Estates of 1040 Managment LLC and Avraham Sofer to Operate the Debtor's Business and Pay Certain Operating Expenses of the Debtor's Estate) (tml) (Entered: 10/23/2013) |
|---|---|---|
| 10/23/2013 | 17 (3 pgs) | Order Granting Application for Entry of an Order, Pursuant to 11 U.S.C. Sections 105(a) and 721, Authorizing the Chapter 7 Trustees for the Estates of 1040 Managment LLC and Avraham Sofer to Operate the Debtor's Business and Pay Certain Operating Expenses of the Debtor's Estate (Related Doc # 16) Signed on 10/23/2013. (tml) (Entered: 10/23/2013) |
| 10/24/2013 | 18 (13 pgs; 4 docs) | Statement /Declaration of Abraham Neuhaus seeking the entry of an Order directing Avraham Sofer and any of his representatives to (a) cooperate with the Trustees and their agents and (b) not interfere with the adminstration of the estates Filed by Jordan Pilevsky on behalf of Lori Lapin Jones (Attachments: # 1 Exhibit A - Email Authorization # 2 Exhibit B - Receipt # 3 Proposed Order) (Pilevsky, Jordan). Related document(s) 17 Order Granting Application for Entry of an Order, Pursuant to 11 U.S.C. Sections 105(a) and 721, Authorizing the Chapter 7 Trustees for the Estates of 1040 Managment LLC and Avraham Sofer to Operate the Debtor's Business and Pay Certain Operating Expenses of the Debtor's Estate). (Entered: 10/24/2013) |
| 10/24/2013 | 19 (3 pgs) | Amended Order Pursuant to 11 U.S.C. Sections 105(a) and 721, Authorizing the Chapter 7 Trustees for the Estates of 1040 Managment LLC a/k/a Management1040 LLC and Avraham Sofer to Operate the Debtors' Business and Pay Certain Operating Expenses of the Debtors' Estate (RE: related document(s)16 Motion to Authorize/Direct, 17 Order on Motion to Authorize/Direct). Signed on 10/24/2013 (ads) (Entered: 10/24/2013) |
| 10/24/2013 | 20 (1 pg) | Letter Providing Notice of Court Hearing Filed by Jordan Pilevsky on behalf of Lori Lapin Jones (Pilevsky, Jordan) (Entered: 10/24/2013) |
| | 21 (3 pgs) | Statement /Declaration of Joseph S. Maniscalco regarding Avraham Sofer's non-compliance with an Order of this Court and continued obstructionist activity which has frustrated the adminstration of this estate Filed by Jordan Pilevsky on behalf of Lori |

| | | |
|---|---|---|
| 10/24/2013 | | Lapin Jones (Pilevsky, Jordan). Related document(s) [19](#) Amended Order Pursuant to 11 U.S.C. Sections 105(a) and 721, Authorizing the Chapter 7 Trustees for the Estates of 1040 Managment LLC a/k/a Managment1040 LLC and Avraham Sofer to Operate the Debtors' Business and Pay Certain Operating Expenses of the Debtors' Estate). (Entered: 10/24/2013) |
| 10/24/2013 | [22](#) (1 pg) | Affidavit/Certificate of Service Filed by Jordan Pilevsky on behalf of Lori Lapin Jones (RE: related document(s)[18](#) Statement filed by Trustee Lori Lapin Jones, [21](#) Statement filed by Trustee Lori Lapin Jones) (Pilevsky, Jordan) (Entered: 10/24/2013) |
| 10/24/2013 | | Hearing Scheduled; Hearing scheduled for 10/24/2013 at 04:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (RE: related document(s)[21](#) Statement) (tml) (Entered: 10/24/2013) |
| 10/24/2013 | | Conference Held; (related document(s): [21](#) Statement) (tleonard) (Entered: 11/20/2013) |
| 10/25/2013 | [23](#) (29 pgs; 5 docs) | Adversary case 1-13-01497. Complaint by Lori Lapin Jones against Avraham Sofer. Receipt Number DEFERRED, Fee Amount $293. Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property)), (72 (Injunctive relief - other)), (91 (Declaratory judgment)). (Attachments: # [1](#) Exhibit List of Vendors, nightly parking patrons and advertisement customers # [2](#) Declaration of Joseph S. Maniscalco # [3](#) Declaration of Abraham Neuhaus # [4](#) Proposed Order) (Pilevsky, Jordan) (Entered: 10/25/2013) |
| 11/07/2013 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 12/06/13 at 12:15 PM. Debtor absent. (Jones, Lori) (Entered: 11/07/2013) |
| 11/14/2013 | [24](#) (3 pgs) | SEE AMENDMENT DOC # [30](#) - Motion For Contempt Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC. Hearing scheduled for 12/5/2013 at 11:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Neuhaus, Abraham) Modified on 11/18/2013 (ads). (Entered: 11/14/2013) |
| | [25](#) (6 pgs) | Affidavit Re: *Declaration of Sarah Chaimovitz* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[24](#) Motion for |

| 11/14/2013 | | Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/14/2013) |
|---|---|---|
| 11/14/2013 | [26](#) (4 pgs) | Affidavit Re: *Declaration of Robert J. Tolchin* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[24](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/14/2013) |
| 11/14/2013 | [27](#) (2 pgs) | Affidavit Re: *Declaration of Joel Werzberger* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[24](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/14/2013) |
| 11/14/2013 | [28](#) (2 pgs) | Affidavit Re: *Declaration of Moshe Anba* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[24](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/14/2013) |
| 11/14/2013 | [29](#) (2 pgs) | Affidavit Re: *Declaration of Thomas Wegir* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[24](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/14/2013) |
| 11/15/2013 | [30](#) (33 pgs; 7 docs) | Amended Motion For Contempt *by way of Emergency OTSC* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[24](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC). (Attachments: # [1](#) Proposed Amended Emergency Order to Show Cause # [2](#) Declaration of Sara Chaimovitz in support # [3](#) Declaration of Robert J. Tolchin in support # [4](#) Declaration of Joel Werzberger in support # [5](#) Declaration of Moshe Anba in support # [6](#) Declaration of Thomas Wegir in support) (Neuhaus, Abraham) (Entered: 11/15/2013) |
| 11/15/2013 | [31](#) (8 pgs) | Memorandum of Law in Support *of Landlord's Emergency OTSC to hold debtor in Civil Contempt* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[24](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC, [30](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/15/2013) |
| | [32](#) | Emergency Order Scheduling Hearing on Landlord's |

| | | |
|---|---|---|
| 11/15/2013 | (4 pgs) | Motion for an Order Holding Avraham Sofer and 1040 Management LLC in Civil Contempt of Court for Debtor's Willful and Wanton Violations of the Court's Orders, the Automatic Stay and Federal Bankruptcy Law (related document(s)24 Motion for Contempt filed by Creditor Adar 980 Realty LLC, 30 Amended Motion for Contempt filed by Creditor Adar 980 Realty LLC). ORDERED, that debtor may file an objection by November 21, 2013. The Landlord shall serve Avraham Sofer with this Order, and the Motion, together with all supporting papers, to be received by November 19, 2013 at 12:00 p.m. The Landlord shall serve this Order, and the Motion, together with all supporting papers, upon Mr. Sofers counsel, the United States Trustee, the chapter 7 trustees, and the chapter 7 trustees counsel, by electronic email so as to be received by November 18, 2013 at 12:00 p.m. and the Trustees shall file a response to the Motion on or before November 21, 2013 at 5:00 p.m. Signed on 11/15/2013. Hearing scheduled for 11/22/2013 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (ddm) (Entered: 11/15/2013) |
| 11/20/2013 | 33 (5 pgs; 2 docs) | Notice of Proposed Abandonment of Property of the Estate *'s Interest In and To That* Certain Lease Dated September 1, 2010. Objections to be filed by December 6, 2013 at 4:00 p.m.. Hearing on objections, if any, will be held on: December 10, 2013 at 2:00 p.m.. Filed by Jordan Pilevsky on behalf of Lori Lapin Jones (Attachments: # 1 Affidavit of Service) (Pilevsky, Jordan) (Entered: 11/20/2013) |
| 11/22/2013 | 34 (5 pgs) | Affidavit/Certificate of Service *of Landlord's Amended Emergency Order to Show Cause and supporting documents dated November 14, 2013, and filed to ECF on November 15, 2013, and this Court's Order dated November 15, 2013, via Email* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)30 Motion for Contempt filed by Creditor Adar 980 Realty LLC) 31 Memorandum of Law in Support and 32 Order to Schedule Hearing (Neuhaus, Abraham) Modified on 11/27/2013 (fmr).Modified on 11/27/2013 to add relationship to document 31 and 32 (fmr). (Entered: 11/22/2013) |
| | 35 | [DO NOT REMOVE RESTRICTION]Transcript & Notice regarding the hearing held on 11/22/13. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection |

| 11/25/2013 |  | only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) [32] Order to Schedule Hearing (Generic)). Notice of Intent to Request Redaction Due By 12/2/2013. Redaction Request Due By 12/16/2013. Redacted Transcript Submission Due By 12/26/2013. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 02/24/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AVTranz) Modified on 11/27/2013 to note amended transcript filed - Notice not generated (evt). (Entered: 11/25/2013) |
|---|---|---|
| 11/26/2013 | [36] (131 pgs; 5 docs) | Amended Transcript & Notice regarding the hearing held on 11/22/13. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) [32] Order to Schedule Hearing (Generic, Related document(s) [35] Transcript Court Ordered (Judge Craig Only)). Notice of Intent to Request Redaction Due By 12/3/2013. Redaction Request Due By 12/17/2013. Redacted Transcript Submission Due By 12/27/2013. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 02/24/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AVTranz) . Modified on 11/27/2013 to Create relationship to document #35 (evt). (Entered: 11/26/2013) |
| 11/29/2013 | [37] (2 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 11/29/2013. (Admin.) (Entered: 11/30/2013) |
| 12/08/2013 | [38] (10 pgs) | Supplemental Affidavit in Support *of an Award of Landlord's Attorney Fees* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[24] Motion for Contempt filed by Creditor Adar 980 Realty LLC, [30] Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 12/08/2013) |
|  | [39] (3 pgs) | Affidavit/Certificate of Service Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[38] Affidavit in Support filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) |

| Date | Doc | Description |
|---|---|---|
| 12/08/2013 | | (Entered: 12/08/2013) |
| 12/13/2013 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 01/10/14 at 12:15 PM. Debtor absent. (Jones, Lori) (Entered: 12/13/2013) |
| 12/15/2013 | [40](#) (6 pgs) | Affirmation in Opposition Filed by Jon A Lefkowitz on behalf of 1040 Management, LLC (RE: related document(s)[30](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Lefkowitz, Jon) (Entered: 12/15/2013) |
| 12/15/2013 | [41](#) (8 pgs; 2 docs) | Affidavit in Opposition Filed by Jon A Lefkowitz on behalf of 1040 Management, LLC (RE: related document(s)[30](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Attachments: # [1](#) Exhibit A) (Lefkowitz, Jon) (Entered: 12/15/2013) |
| 12/15/2013 | [42](#) (1 pg) | Exhibit *B* Filed by Jon A Lefkowitz on behalf of 1040 Management, LLC (RE: related document(s)[30](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Lefkowitz, Jon)- Document attached upside down - Modified on 12/17/2013 (ads). (Entered: 12/15/2013) |
| 01/24/2014 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 02/07/14 at 12:15 PM. Debtor absent. (Jones, Lori) (Entered: 01/24/2014) |
| | | Chapter 7 Trustee's Report of No Distribution: I, Lori Lapin Jones, having been appointed trustee of the estate of the above-named debtor(s), report I collected funds totaling $134.23. After making diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate, I have determined that there are insufficient assets to administer. All funds have been returned. All bank statements and canceled checks, if any, have been submitted to the United States Trustee. The bank statements reflect a final zero balance and no other funds or assets of the estate remain in my custody. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 6 months. Assets Abandoned (without deducting any secured claims): $ 31000.00, Assets |

| | | |
|---|---|---|
| 02/14/2014 | | Exempt: $ 0.00, Claims Scheduled: $ 102800.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 102800.00,. Filed by Lori Lapin Jones (RE: related document(s) Statement Adjourning 341(a) Meeting of Creditors). (Jones, Lori) (Entered: 02/14/2014) |
| 02/26/2014 | | Release Transcript Deadlines (Related doc # 36) (ads) (Entered: 02/26/2014) |
| 03/13/2014 | 43 (14 pgs) | Decision and Order Denying Contempt Motion for lack of standing (RE: related document(s)30 Motion for Contempt filed by Creditor Adar 980 Realty LLC). Signed on 3/13/2014 (ads) (Entered: 03/14/2014) |
| 03/13/2014 | 44 (2 pgs) | Order Denying Motion For Contempt for the reasons stated in this Courtsdecision dated March 13, 2014. (Related Doc # 30) Motion For Contempt) Signed on 3/13/2014. (ads) (Entered: 03/14/2014) |
| 03/17/2014 | 45 (2 pgs) | Court's Service List (related document(s)43, 44) (cjm) (Entered: 03/17/2014) |

<table>
<tr><td colspan="3" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="3" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="3" align="center">10/02/2014 00:44:38</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>ab5080</td><td><strong>Client Code:</strong></td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong> 1-13-45283-cec Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>7</td><td><strong>Cost:</strong> 0.70</td></tr>
</table>

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
## Adversary Proceeding #: 1-13-01498-cec

*Assigned to:* Carla E. Craig
*Lead BK Case:* 13-46127
*Lead BK Title:* Avraham Sofer
*Lead BK Chapter:* 7
*Demand:*

*Date Filed:* 10/25/13
*Date Dismissed:* 03/13/14

*Nature[s] of Suit:* 11 Recovery of money/property - 542 turnover of property
72 Injunctive relief - other
91 Declaratory judgment

### Plaintiff
-----------------------
**Richard J McCord, Esq. Chapter 7 Trustee**
**for the Estate of Avraham Sofer**
c/o Certilman Balin Adler & Hyman, LLP.
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7000

represented by **Richard J McCord**
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7801
Fax : (516) 296-7111
Email: rmccord@certilmanbalin.com

V.

### Defendant
-----------------------
**Avraham Sofer, and his agents,**
**representatives, and all those acting in**
**concert with him**
1025 East 13th Street
Brooklyn, NY 11230

represented by **Avraham Sofer, and his agents,**
**representatives, and all those**
**acting in concert with him**
PRO SE

| Filing Date | # | Docket Text |
|---|---|---|
| | 1<br>(23 pgs; 4 docs) | Adversary case 1-13-01498. Complaint by Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer against Avraham Sofer, and his agents, representatives, and all those acting in concert with him. Receipt Number DEFERRED, Fee Amount $293. Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property)), (72 |

| | | |
|---|---|---|
| 10/25/2013 | | (Injunctive relief - other)), (91 (Declaratory judgment)). (Attachments: # 1 Exhibit A # 2 Adversary Proceeding Cover Sheet # 3 Proposed Order) (McCord, Richard) (Entered: 10/25/2013) |
| 10/25/2013 | 2 (3 pgs) | Affirmation in Support *Declaration of Joseph Maniscalco, Esq. of LaMonica Herbst & Mansicalco, LLP, counsel to Lori Lapin Jones, the Chapter 7 Trustee of the Bankruptcy Estate of 1040 Management, LLC* Filed by Richard J McCord on behalf of Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer (RE: related document(s)1 Complaint filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer) (McCord, Richard) (Entered: 10/25/2013) |
| 10/25/2013 | 3 (9 pgs; 3 docs) | Affirmation in Support *Declaration of Abraham Neuhaus, Counsel for Adar 980 Realty LLC* Filed by Richard J McCord on behalf of Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer (RE: related document(s)1 Complaint filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer) (Attachments: # 1 Exhibit A # 2 Exhibit B) (McCord, Richard) (Entered: 10/25/2013) |
| 10/25/2013 | 4 (1 pg) | Summons and Notice of Pre-Trial Conference issued by Clerk's Office against Avraham Sofer, and his agents, representatives, and all those acting in concert with him, Answer Due: 11/25/2013. Pre-Trial Conference set for 12/10/2013 at 11:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (ddm) (Entered: 10/25/2013) |
| 10/25/2013 | 5 (7 pgs; 3 docs) | Order Directing Avraham Sofer and any of his representatives to (A) Cooperate with the Trustees and their agents and (B) Not Interfere with the Administration of the Estates (related document(s)1 Complaint filed by Plaintiff Richard J. McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer). Signed on 10/25/2013. Show Cause hearing to be held on 10/30/2013 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Attachments: # 1 Exhibit A) (ddm) (Entered: 10/25/2013) |
| 10/25/2013 | 6 (3 pgs) | Notice of Appearance and Request for Notice Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (Neuhaus, Abraham) (Entered: 10/25/2013) |

| | | |
|---|---|---|
| 10/27/2013 | [7](#)<br>(6 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 10/27/2013. (Admin.) (Entered: 10/28/2013) |
| 10/28/2013 | [8](#)<br>(2 pgs) | Summons Served on Avraham Sofer, and his agents, representatives, and all those acting in concert with him 10/25/2013 and these additional parties: Jon A. Lefkowitz, Esq. and the Office of the United States Trustee . (McCord, Richard) (Entered: 10/28/2013) |
| 10/28/2013 | [9](#)<br>(2 pgs) | Supplemental Summons Served on Avraham Sofer, and his agents, representatives, and all those acting in concert with him 10/28/2013 *via Federal Express*. (McCord, Richard) (Entered: 10/28/2013) |
| 10/30/2013 | | Hearing Held; (related document(s): [5](#) Order to Show Cause) - Settled- Submit Order (tleonard) (Entered: 11/01/2013) |
| 11/01/2013 | [10](#)<br>(4 pgs; 2 docs) | Order Pursuant to Federal Rule of Civil Procedure 65(b) and Federal Rule of Bankruptcy Procedure 7065, Granting the Trustee's Motion for a Preliminary Injunction Against Debtor/Defendant Avraham Sofer and his attorneys, employees, agents, representatives, third party agents, affiliates, subsidiaries, successors, assigns, principals, consultants and all those acting in concert with him. ORDERED, that the Parking Facility shall be closed for business no later than October 31, 2013, at 10:00 a.m., by the duly appointed representative of the Sofer Trustee, MYC & Associates, Inc. (related document(s)[1](#) Complaint filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer). Signed on 11/1/2013 (ddm) (Entered: 11/04/2013) |
| 11/06/2013 | [11](#)<br>(4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 11/06/2013. (Admin.) (Entered: 11/07/2013) |
| 11/14/2013 | [12](#)<br>(3 pgs) | Motion For Contempt Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC. Hearing scheduled for 12/5/2013 at 11:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Neuhaus, Abraham) (Entered: 11/14/2013) |
| | [13](#)<br>(33 pgs; 7 docs) | Amended Motion For Contempt *by way of Emergency OTSC* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (related document(s)[12](#)). |

| | | |
|---|---|---|
| 11/15/2013 | | (Attachments: # 1 Proposed Amended Emergency Order to Show Cause # 2 Declaration of Sara Chaimovitz in support # 3 Declaration of Robert J. Tolchin in support # 4 Declaration of Joel Werzberger in support # 5 Declaration of Moshe Anba in support # 6 Declaration of Thomas Wegir in support) (Neuhaus, Abraham) (Entered: 11/15/2013) |
| 11/15/2013 | 14 (8 pgs) | Memorandum of Law in Support *of Landlord's Emergency OTSC to find debtor in civil contempt* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)12 Motion for Contempt filed by Creditor Adar 980 Realty LLC, 13 Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/15/2013) |
| 11/15/2013 | 15 (4 pgs) | Emergency Order Scheduling Hearing on Landlord's Motion for an Order Holding Avraham Sofer and 1040 Management LLC in Civil Contempt of Court for Debtor's Willful and Wanton Violations of the Court's Orders, the Automatic Stay and Federal Bankruptcy Law (related document(s)12 Motion for Contempt filed by Creditor Adar 980 Realty LLC, 13 Amended Motion for Contempt filed by Creditor Adar 980 Realty LLC). ORDERED, that debtor may file an objection by November 21, 2013. The Landlord shall serve Avraham Sofer with this Order, and the Motion, together with all supporting papers, to be received by November 19, 2013 at 12:00 p.m. The Landlord shall serve this Order, and the Motion, together with all supporting papers, upon Mr. Sofers counsel, the United States Trustee, the chapter 7 trustees, and the chapter 7 trustees counsel, by electronic email so as to be received by November 18, 2013 at 12:00 p.m. and the Trustees shall file a response to the Motion on or before November 21, 2013 at 5:00 p.m. Signed on 11/15/2013. Hearing scheduled for 11/22/2013 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (ddm) (Entered: 11/15/2013) |
| 11/15/2013 | | |
| | 16 (11 pgs; 2 docs) | Trustee's Response to Motion for Contempt Filed by Adar 980 Realty LLC Filed by Richard J McCord on behalf of Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer (RE: related document(s)13 Motion for Contempt filed by Creditor Adar 980 Realty LLC, 15 Order to Schedule Hearing (Generic)) (Attachments: # 1 Exhibit A) (McCord, Richard) Modified on 11/22/2013 for clarification (ddm). (Entered: 11/21/2013) |

| 11/21/2013 | | |
|---|---|---|
| 11/21/2013 | 17<br>(2 pgs) | Affidavit/Certificate of Service *Trustee's Response to Motion for Contempt Filed by Adar 980 Realty LLC* Filed by Richard J McCord on behalf of Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer (RE: related document(s)16 Response filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer) (McCord, Richard) (Entered: 11/21/2013) |
| 11/22/2013 | 18<br>(5 pgs) | Affidavit/Certificate of Service *of Landlord's Amended Emergency OTSC to hold debtor in Civil Contempt* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)13 Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 11/22/2013) |
| 11/25/2013 | 19 | [DO NOT REMOVE RESTRICTION] Transcript & Notice regarding the hearing held on 11/22/13. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) 15 Order to Schedule Hearing (Generic)). Notice of Intent to Request Redaction Due By 12/2/2013. Redaction Request Due By 12/16/2013. Redacted Transcript Submission Due By 12/26/2013. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 02/24/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AVTranz) Modified on 11/27/2013 to note amended transcript filed - Notice not generated. (evt). (Entered: 11/25/2013) |
| | 20<br>(129 pgs; 3 docs) | Amended Transcript & Notice regarding the hearing held on 11/22/13. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (Related document(s) 15 Order to Schedule Hearing (Generic), Related document(s) 19 Transcript Court Ordered (Judge Craig Only).). Notice of Intent to Request Redaction Due By 12/3/2013. Redaction Request Due By |

| | | |
|---|---|---|
| 11/26/2013 | | 12/17/2013. Redacted Transcript Submission Due By 12/27/2013. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 02/24/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AVTranz). Modified on 11/27/2013 to Create relationship to document #19 (evt). (Entered: 11/26/2013) |
| 11/29/2013 | 21<br>(2 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 11/29/2013. (Admin.) (Entered: 11/30/2013) |
| 12/05/2013 | | Marked Off Without Hearing (related document(s): 12 Motion for Contempt filed by Adar 980 Realty LLC) - Motion Heard on 11/22/13 (tleonard) (Entered: 12/09/2013) |
| 12/06/2013 | 22<br>(1 pg) | Letter of Adjournment: Hearing rescheduled from December 10, 2013 at 11:30 a.m. to January 16, 2014 at 11:30 a.m. Filed by Richard J McCord on behalf of Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer (RE: related document(s)1 Complaint filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer) (McCord, Richard) (Entered: 12/06/2013) |
| 12/08/2013 | 23<br>(10 pgs) | Supplemental Declaration in Support *of an Award of Landlord's Attorney Fees* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (related document(s)12 Motion for Contempt filed by Creditor Adar 980 Realty LLC, 13 Motion for Contempt filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) Modified on 12/9/2013 for clarification (ddm). (Entered: 12/08/2013) |
| 12/08/2013 | 24<br>(3 pgs) | Affidavit/Certificate of Service Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)23 Affidavit in Support filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 12/08/2013) |
| | | Adjourned Without Hearing (related document(s): 1 Complaint by Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer against Avraham Sofer, and his agents, representatives, and all those acting in concert with him - Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property), (72 (Injunctive relief - other), (91 |

| | | |
|---|---|---|
| 12/10/2013 | | (Declaratory judgment) - Pre-Trial Conference set for 01/16/2014 at 11:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 12/10/2013) |
| 01/14/2014 | 25<br>(1 pg) | Letter of Adjournment: Hearing rescheduled from Janaury 16, 2014 at 11:30 a.m. to March 6, 2014 at 11:30 a.m. Filed by Richard J McCord on behalf of Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer (RE: related document(s)1 Complaint filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer) (McCord, Richard) (Entered: 01/14/2014) |
| 01/16/2014 | | Adjourned Without Hearing (related document(s): 1 Complaint by Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer against Avraham Sofer, and his agents, representatives, and all those acting in concert with him - Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property), (72 (Injunctive relief - other), (91 (Declaratory judgment) Pre-Trial Conference set for 03/06/2014 at 11:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 01/22/2014) |
| 02/25/2014 | | Release Transcript Deadlines (related document(s) 20) (ddm) (Entered: 02/25/2014) |
| 03/06/2014 | | Hearing Held; (related document(s): 1 Complaint by Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer against Avraham Sofer, and his agents, representatives, and all those acting in concert with him - Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property), (72 (Injunctive relief - other), (91 (Declaratory judgment) Appearance: Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer - Submit Rule 41 Order (Dismissing) (tleonard) (Entered: 03/10/2014) |
| 03/10/2014 | 26<br>(4 pgs; 2 docs) | Notice of Dismissal of an Adversary Proceeding Filed by Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer. (Attachments: # 1 Affidavit of Service)(McCord, Richard) (Entered: 03/10/2014) |
| | 27<br>(14 pgs) | DECISION. The Contempt Motion is denied for lack standing. A separate order will issue. (related document(s)12, 13). Signed on 3/13/2014 (ddm) |

| 03/13/2014 | | (Entered: 03/14/2014) |
|---|---|---|
| 03/13/2014 | **28**<br>(2 pgs) | ORDERED, that the Contempt Motion is denied for the reasons stated in this Courts decision dated March 13, 2014. (Related Doc # 12, 13) Signed on 3/13/2014. (ddm) (Entered: 03/14/2014) |
| 03/13/2014 | **29**<br>(2 pgs) | SO-ORDERED Dismissal of Adversary Proceeding with Prejudice (related document(s)1 Complaint filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer). Signed on 3/13/2014 (ddm) (Entered: 03/14/2014) |
| 03/17/2014 | **30**<br>(2 pgs) | Court's Service List (related document(s)27, 28) (cjm) (Entered: 03/17/2014) |
| 03/27/2014 | **31**<br>(4 pgs; 2 docs) | Notice of Appeal to District Court. Fee Amount $298 Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (related document(s) 29 So-Ordered Dismissal of Adversary Proceeding with Prejudice). Appellant Designation due by 04/10/2014. (Attachments: # 1 Civil Cover Sheet)(Neuhaus, Abraham). Modified on 3/28/2014 to correct linkage (ddm). (Entered: 03/27/2014) |
| 03/27/2014 | | Receipt of Notice of Appeal(1-13-01498-cec) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 12247414. Fee amount 298.00. (re: Doc# 31) (U.S. Treasury) (Entered: 03/27/2014) |
| 03/27/2014 | **32**<br>(2 pgs) | Affidavit/Certificate of Service *of Notice of Appeal* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)31 Notice of Appeal filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 03/27/2014) |
| 03/28/2014 | **33**<br>(2 pgs; 2 docs) | Notice to Parties of requirements, deadlines (related document(s)31 Notice of Appeal filed by Creditor Adar 980 Realty LLC) (ddm) (Entered: 03/28/2014) |
| 03/30/2014 | **34**<br>(2 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 03/30/2014. (Admin.) (Entered: 03/31/2014) |
| | **35**<br>(11 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)31 Notice of Appeal filed by |

| 04/09/2014 | | Creditor Adar 980 Realty LLC). Appellee designation due by 04/23/2014. Transmission of Designation Due by 05/9/2014. (Neuhaus, Abraham) (Entered: 04/09/2014) |
|---|---|---|
| 04/09/2014 | [36](#) (2 pgs) | Affidavit/Certificate of Service *of Appellant's Designation of the Record and Statement of Issues on Appeal* Filed by Abraham Neuhaus on behalf of Adar 980 Realty LLC (RE: related document(s)[35](#) Appellant Designation & Statement of Issues filed by Creditor Adar 980 Realty LLC) (Neuhaus, Abraham) (Entered: 04/09/2014) |
| | [37](#) (4 pgs) | Transmittal of Record on Appeal to District Court (related document(s)[1](#) Complaint filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer, [2](#) Affirmation in Support filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer, [3](#) Affirmation in Support filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer, [4](#) Summons and Notice of Pre-Trial Conference (Auto), [5](#) Order to Show Cause (Generic), [6](#) Notice of Appearance filed by Creditor Adar 980 Realty LLC, [8](#) Summons Service Executed, [9](#) Summons Service Executed, [10](#) Generic Order, [11](#) BNC Certificate of Mailing with Application/Notice/Order, [12](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC, [13](#) Motion for Contempt filed by Creditor Adar 980 Realty LLC, [14](#) Memorandum of Law in Support filed by Creditor Adar 980 Realty LLC, [15](#) Order to Schedule Hearing (Generic), [16](#) Response filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer, [18](#) Affidavit/Certificate of Service filed by Creditor Adar 980 Realty LLC, [19](#) Transcript Court Ordered (Judge Craig Only), [20](#) Transcript Court Ordered (Judge Craig Only), [22](#) Letter of Adjournment filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer, [23](#) Affidavit in Support filed by Creditor Adar 980 Realty LLC, [24](#) Affidavit/Certificate of Service filed by Creditor Adar 980 Realty LLC, [25](#) Letter of Adjournment filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer, [26](#) Notice of Dismissal of an Adversary Proceeding filed by Plaintiff Richard J McCord, Esq. Chapter 7 Trustee for the Estate of Avraham Sofer, [27](#) Opinion/Decision for External Web Page, [28](#) Order on Motion for Contempt, Order on Motion for Contempt, |

| 05/14/2014 | | [29](#) Order to Dismiss Adversary Proceeding, [31](#) Notice of Appeal filed by Creditor Adar 980 Realty LLC, [35](#) Appellant Designation & Statement of Issues filed by Creditor Adar 980 Realty LLC) (mem) (Entered: 05/14/2014) |
| --- | --- | --- |
| 05/15/2014 | [38](#)<br>(4 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 14-cv-03031-FB District Court Judge Frederic Block assigned (Judge Reassigned to Judge Allyne R. Ross on 5/16/14) (related document(s)[31](#) Notice of Appeal filed by Creditor Adar 980 Realty LLC) (mem) (Entered: 05/19/2014) |
| 08/05/2014 | [39](#)<br>(15 pgs) | Opinion & Order, By District Court Judge Ross, Re: Appeal on Civil Action Number: 14-cv-3031, Denied. If appellant seeks to challenge the entry of theNotice of Dismissal with prejudice, it must raise this issue before the bankruptcy court (RE: related document(s)[27](#) Opinion/Decision for External Web Page, [28](#) Order on Motion for Contempt, Order on Motion for Contempt, [29](#) Order to Dismiss Adversary Proceeding). Signed on 8/5/2014 (aac) (Entered: 08/08/2014) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 10/02/2014 00:41:57 | | | |
| **PACER Login:** | ab5080 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1-13-01498-cec Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 0 5 2014 ★

BROOKLYN OFFICE

------------------------------------------------------------ X
                                                          :
ADAR 980 REALTY, LLC,                                     :        14-CV-2977 (ARR)
                                                          :
                    Appellant,                            :        Related to Bankruptcy Case
                                                          :        No. 13-46127 (CEC)
        -against-                                         :
                                                          :
AVRAHAM SOFER, Debtor,                                    :
and 1040 MANAGEMENT LLC, Debtor,                          :
                                                          :
            Appellees.                                    :
                                                          :
------------------------------------------------------------ X
                                                          :
                                                          :
ADAR 980 REALTY, LLC,                                     :
                                                          :        14-CV-3031 (ARR)
                    Appellant,                            :
                                                          :        Related to Bankruptcy Case
-against-                                                 :        No. 13-1498 (CEC)
                                                          :
AVRAHAM SOFER, Debtor,                                    :        NOT FOR ELECTRONIC
and RICHARD J. MCCORD, Trustee,                           :        OR PRINT PUBLICATION
                                                          :
            Appellees.                                    :        OPINION & ORDER
                                                          :
------------------------------------------------------------ X

ROSS, United States District Judge:

     Adar 980 Realty LLC ("appellant") has appealed from (1) the bankruptcy court's order

denying appellant relief on its motion to hold debtor Avraham Sofer ("Sofer") in contempt and

(2) from the notice of dismissal with prejudice of the adversary proceeding in bankruptcy case

number 14-1498 (the "Adversary Proceeding"), which was filed by Richard J. McCord

("McCord" or the "Individual Trustee") as the Chapter 7 trustee of Sofer's estate and was "SO

ORDERED" by the bankruptcy court. For the reasons explained below, the appeal is dismissed.

1

# BACKGROUND

The court assumes the parties' familiarity with the underlying facts and summarizes the relevant points only briefly.[1]  On August 28, 2013, 1040 Management, LLC ("1040 Management"), a business wholly owned by Sofer, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and Lori Lapin Jones (the "Business Trustee") was appointed trustee of 1040 Management's bankruptcy estate.  Subsequently, on October 10, 2013, Sofer himself filed a Chapter 7 petition, and McCord was appointed trustee of Sofer's estate.

Appellant, who had leased a parking lot at 980 East 13th Street, Brooklyn, New York (the "Parking Lot"), to 1040 Management and Sofer as co-tenants, was the largest creditor of both estates.  In both bankruptcy cases, appellant filed emergency motions for relief from the automatic stay to permit it to continue an eviction action against 1040 Management and Sofer with respect to the Parking Lot, and the bankruptcy court issued orders granting appellant's motions to lift the stays so that appellant could proceed with the eviction action.[2]

On October 18, 2013, both trustees filed a joint motion seeking to operate the Parking Lot, which would be operated by appellant acting as the trustees' agent, and the bankruptcy court granted their request on October 24, 2013.  However, on October 25, 2013, the trustees commenced adversary proceedings, including the Adversary Proceeding against Sofer, alleging, inter alia, that Sofer (a) continued to operate the Parking Lot post-petition, (b) collected the income generated by the Parking Lot and converted it to his personal use rather than turning it over to the trustees, and (c) denied the trustees and their agents access to the Parking Lot.

---

[1] Unless otherwise noted, the facts are taken from the bankruptcy court's order of March 13, 2013, in case numbers 13-46127-CEC, 13-45283-CEC, 13-1498-CEC, and 13-1497-CEC.
[2] The order as to Sofer lifted the stay to the extent appellant sought to prosecute the eviction action against Sofer but stayed the enforcement of any judgment of possession or money judgment obtained in the action pending a further order of the bankruptcy court.

2

After a hearing on the trustees' motion for injunctive and other relief pursuant to Bankruptcy Rule 7065, the bankruptcy court issued a preliminary injunction on November 1, 2013 (the "Injunction"), restraining Sofer and his agents for 45 days from (1) entering the Parking Lot, (2) communicating with any of the Parking Lot customers about collecting money or parking on the Parking Lot, and (3) collecting any money due on account of the operation of the Parking Lot. The Injunction also required Sofer and his agents to turn over to the trustees all money and proceeds from the operation of the Parking Lot, and it provided that the Parking Lot would be closed effective October 31, 2013.

On November 12 and 20, 2013, the Individual Trustee and the Business Trustee filed respective notices of their intentions to abandon the lease to the Parking Lot. No objections were filed, and the asset was deemed abandoned by both estates on December 6, 2013.

In the interim, on November 15, 2013, appellant, acting on its own behalf and not as the trustees' agent, filed a motion for contempt and sanctions (the "Contempt Motion") related to Sofer's alleged operation of the parking lot in violation of the automatic stay and the Injunction. In its Contempt Motion, brought pursuant to §§ 105 and 362(k)[3], appellant alleged that Sofer obstructed appellant's attempts to operate the Parking Lot on behalf of the trustees and, instead, continued to operate it himself or through his agents. Appellant also alleged that, in connection with Sofer's attempts to prevent the trustees' agents from accessing the Parking Lot, Sofer assaulted appellant's principal, Sara Aliza Chaimovitz ("Chaimovitz"). Appellant requested that the court hold Sofer in contempt and order that Sofer reimburse appellant for damages incurred as a result of his violations, which consisted solely of attorney's fees and costs incurred by

---

[3] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11, United States Code.

appellant in filing and prosecuting the Contempt Motion. An evidentiary hearing was held to determine whether Sofer had violated the stay and Injunction.

By order dated March 13, 2014 (the "March 13 Order"), the bankruptcy court denied appellant's Contempt Motion. The bankruptcy court held that, although there was no doubt that Sofer had violated the stay and Injunction, appellant lacked prudential standing to prosecute the claims in its Contempt Motion. Specifically, the bankruptcy court found that appellant, an unsecured creditor, had not demonstrated that it had suffered a direct and particularized injury, rather than one that could be asserted by any creditor, and, accordingly, the trustee, and not appellant, was the proper party to assert those claims.

On March 10, 2014, prior to the bankruptcy court's denial of appellant's Contempt Order, the Individual Trustee filed a notice (the "Notice of Dismissal") of his intent to voluntarily dismiss the Adversary Proceeding "with prejudice" pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 41(a) of the Federal Rules of Civil Procedure (the "Federal Rules"). Bankr. No. 13-1498-CEC, Dkt. #26. The bankruptcy court "SO ORDERED" the Individual Trustee's Notice of Dismissal on March 13, 2014. Id., Dkt. #29. Appellant did not raise any issues with the Individual Trustee's Notice of Dismissal before the bankruptcy court. The Business Trustee also filed a notice of voluntary dismissal, but "without prejudice," in the parallel adversary proceeding against 1040 Management.

In May 2014, appellant filed the instant appeals, which have since been consolidated. It appeals from (1) the March 13 Order denying its Contempt Motion and (2) the Individual Trustee's Notice of Dismissal, which was "SO ORDERED" by the bankruptcy court.

4

# DISCUSSION

## A.   Standard of Review

On appeal, a district court reviews a bankruptcy court's conclusions of law de novo. Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.), 318 F.3d 432, 435 (2d Cir. 2003). Findings of facts made by a bankruptcy court may not be set aside unless clearly erroneous. Fed. R. Bankr. P. 8013; In re DPH Holdings Corp., 468 B.R. 603, 611 (S.D.N.Y. 2012). "Mixed questions of law and fact are reviewed de novo. Matters left to the court's discretion are reviewed for abuse of discretion." In re Hirsch, 339 B.R. 18, 24 (E.D.N.Y. 2006) (internal citation omitted). Abuse of discretion may be found where the bankruptcy court rests its decision "on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding" or where its decision, "though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." In re Motors Liquidation Co., 430 B.R. 65, 77 (S.D.N.Y. 2010) (quoting In re Aquatic Dev. Grp., Inc., 352 F.3d 671, 687 (2d Cir. 2003).

Generally, standing decisions raise legal questions and are subject to de novo review. In re PlusFunds Grp., Inc., 505 B.R. 419, 424 (S.D.N.Y. 2014) (citing Shain v. Ellison, 356 F.3d 211, 214 (2d Cir. 2004)); In re Commodore Int'l, Ltd., No. 00CIV.1679(SAS), 2000 WL 977681, at *1 (S.D.N.Y. July 17, 2000) (citing United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir. 1999)).

## B.   The March 2013 Order Denying Appellant's Contempt Motion

Appellant first appeals the bankruptcy court's March 13 Order finding that appellant lacked prudential standing to bring its Contempt Motion. Appellant argues that (1) it had

prudential standing to bring the Contempt Motion, (2) even if it lacked prudential standing, Sofer waived any objection on the grounds of prudential standing, and (3) even if appellant lacked standing, the court should have otherwise used its powers to protect appellant and its principal and award them relief.[4] Having reviewed the standing issue de novo and the bankruptcy court's use of its discretionary powers for abuse of discretion, this court finds no error in the decision.

1.    *The bankruptcy court did not err by considering prudential standing.*

Preliminarily, appellant argues that Sofer did not raise the issue of prudential standing, but rather the bankruptcy court raised it sua sponte, which, appellant argues, was in error because Sofer waived this ground by failing to raise it. Appellant relies on cases from other circuits to argue that prudential standing may be waived, but Second Circuit precedent dictates that it cannot be waived and that it must be considered by a court, even where it has not been raised by the parties. Thompson v. Cnty. of Franklin, 15 F.3d 245, 248 (2d Cir. 1994); see also Lewis v. Alexander, 685 F.3d 325, 340 n.14 (3d Cir. 2012) (recognizing circuit split as to waiver of prudential standing and acknowledging that the Second Circuit has found it not waivable); City of L.A. v. Cnty. of Kern, 581 F.3d 841, 845 n.3 (9th Cir. 2009) (same). Accordingly, the bankruptcy court had a duty to consider appellant's prudential standing, even were the issue not raised by Sofer,[5] and the bankruptcy court could not have erred in doing so.

---

[4] Appellant also argues, for the first time, that it somehow has derivative standing to prosecute its claims on behalf of the estate. Because appellant did not assert derivative standing below, this court will not consider it on appeal. Moreover, there is nothing in the record to suggest that the trustees "unjustifiably refuse[d] to assert" the claims or consented to appellant's prosecution of them, much less that the prosecution of the claims was "necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings." Glinka v. Murad (In re Housecraft Indus. USA, Inc.), 310 F.3d 64, 70-72 (2d Cir. 2002). In fact, a motion brought to obtain attorney's fees for making that motion seems, to this court, rather on the side of inefficiency.

[5] This court takes no position as to whether Sofer in fact raised the issue of prudential standing because it is unnecessary in light of the Second Circuit rule.

6

2.     *The bankruptcy court did not err in finding that appellant lacked prudential standing.*

Having concluded that the bankruptcy court's consideration of prudential standing was not only appropriate but mandatory, the court next turns to appellant's contention that the bankruptcy court erred in finding that it lacked prudential standing. "The prudential standing rule normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." Rajamin v. Deutsche Bank Nat'l Trust Co., ---F.3d---, 2014 WL 2922317, at *6 (2d Cir. June 30, 2014) (quoting Warth v. Seldin, 422 U.S. 490, 509 (1975)) (internal quotation marks and ellipsis omitted). "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Id. (quoting Warth, 422 U.S. at 499). "[P]rudential standing encompasses . . . the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004) (internal quotation marks omitted).

"The prudential concerns limiting third-party standing are particularly relevant in the bankruptcy context. Bankruptcy proceedings regularly involve numerous parties, each of whom might find it personally expedient to assert the rights of another party even though that party is present in the proceedings and is capable of representing himself." Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.), 843 F.2d 636, 644 (2d Cir. 1988). Where, as here, a creditor seeks to assert a claim in the bankruptcy court, the question of prudential standing turns on whether the legal right asserted belongs to the creditor, or whether it belongs to the trustee as the representative of the debtor's estate. The Second Circuit has held that "[i]t is plain from [the legislative history of the Bankruptcy Code] that Congress intended to protect all creditors by making the trustee the proper person to assert claims against the debtor. . . . If a claim is a

7

general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action." St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688, 701 (2d Cir. 1989).

The court agrees with the bankruptcy court's conclusion that appellant's Contempt Motion did not assert claims based on a "particularized injury" suffered by appellant. Appellant contends that the bankruptcy court should have used its powers under § 105 to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Appellant essentially argues that an order finding Sofer in contempt and awarding sanctions was necessary or appropriate to carry out the bankruptcy stay under § 362(a) and the Injunction issued by the bankruptcy court. The bankruptcy court properly looked at the "zone of interests" protected by the bankruptcy stay under § 362(a), which was the protection of the assets of the bankruptcy estate for the benefit of all creditors. As noted by the bankruptcy court, "[t]he purpose of the Injunction was to implement § 362(a)(3) by restraining Sofer from interfering with the Trustees' operation of the Parking [Lot], and not to protect [appellant's] ownership interest in the premises." March 13 Order at 8.

Although appellant was operating the Parking Lot at the time of Sofer's alleged violations, it did not do so on its own behalf but in its capacity as an agent of the trustees, and the purpose of the Parking Lot's operation by someone other than Sofer was not to protect appellant's own interests alone but to protect the assets of the estate from being converted by Sofer, a benefit which would accrue to all creditors equally. Appellant does not allege any harm suffered by it that is distinguishable from that suffered by other creditors. For instance, it does not allege that Sofer damaged the Parking Lot or other property owned by appellant. Rather, the only injury

8

suffered by appellant as a result of Sofer's operating the Parking Lot in violation of the stay was "a generalized injury to the estate and an indirect injury to all creditors by possibly reducing the pool of assets available for distribution." March 13 Order at 9 (quoting In re Ampal-Am. Israel Corp., 502 B.R. 361, 372 (Bankr. S.D.N.Y. 2013)). Thus, the claims asserted belonged to the debtors' estates and could only be properly asserted by the trustees.

Moreover, appellant's contention that it was entitled to damages under § 362(k) is unavailing. That subsection provides that:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1). First, as appellant itself concedes, the Second Circuit has held that, in the context of § 362, the term "individual" applies only to "natural persons." See In re Chateaugay Corp., 920 F.2d 183, 185-87 (2d Cir. 1990). Thus, appellant is not an "individual" within the meaning of § 362(k) and cannot recover damages under that provision. Second, to the extent that appellant argues that its principal, Chaimovitz, should be able to recover under § 362(k) because she is a natural person who was injured by Sofer's violation of the stay, that argument also must fail, even if the court were to assume that Chaimovitz suffered a particularized injury. An individual seeking relief under § 362(k) "must allege an injury in his capacity as a creditor of the estate rather than in some other capacity." In re Ampal-Am. Israel Corp., 502 B.R. at 371 (collecting cases). Chaimovitz is not herself a creditor in the bankruptcy case, and, while she may have an ownership in a creditor entity, i.e., appellant, it is the entity and not Chaimovitz who is the creditor. She is a third party whose claims against Sofer may be pursued outside the

9

bankruptcy courts. The bankruptcy court did not err in determining that Chaimovitz's assault or other tort claims were more properly pursued in another forum.[6]

Finally, the contention that the bankruptcy court somehow abused its discretion by failing to adequately protect the "physical security needs" of appellant's owners and employees is without merit. Appellant Adar 980 Realty LLC's Principal Brief on the Consolidated Appeal ("Appellant's Brief"), Case No. 14-cv-3031(ARR), Dkt. #7, at 19. It is not the job of the bankruptcy court to entertain what are, essentially, tort claims asserted by a third party. The bankruptcy court reasonably exercised its discretion to enforce the bankruptcy stay, protect the estates' assets, and ensure the proper conduct of the bankruptcy proceedings. It was not an abuse of the bankruptcy court's discretion to refuse to imprison Sofer or award damages for assault or battery. It would, in fact, be absurd to require bankruptcy courts to undertake that role.

Accordingly, the appeal from the March 13 Order is dismissed.

## C. Voluntary Dismissal of the Adversary Proceeding "With Prejudice"

Appellant also appeals from the Individual Trustee's Notice of Dismissal, which voluntarily dismissed the Adversary Proceeding against Sofer "with prejudice" and was " SO ORDERED" by the bankruptcy court on March 13, 2013. Appellant appears to argue that the "with prejudice" nature of the dismissal will somehow have res judicata effect preventing appellant from recovering from Sofer, but the cursory discussion of this matter in appellant's brief leaves the contours of its argument rather nebulous. Appellant asserts: "Because dismissal with prejudice has res judicata effect on the ability to recoup estate assets converted by Sofer (the

---

[6] In its brief, appellant declares that "Sofer's willful and wanton behavior crossed the threshold from civil to criminal conduct." Appellant's Brief 15. It is not clear to this court why the bankruptcy court would be a more appropriate forum for handling such "criminal conduct" than another forum whose business is to handle criminal matters.

10

basis for the underlying complaint), and appellant had an insufficient opportunity to object in writing, appellant and other parties in privity are aggrieved by Trustee McCord's filing and the order of the lower court which summarily 'so ordered' the dismissal with prejudice. This order should be reversed." Appellant's Brief 22 (internal citation omitted).

Foremost, this court notes that appellant never raised this issue in the bankruptcy court prior to filing its appeal, and this court is loath to consider an issue that the bankruptcy court never had an opportunity to pass upon. "In general, a federal appellate court refrains from passing on issues not raised below." Adelphia Bus. Solutions, Inc. v. Abnos, 482 F.3d 602, 607 (2d Cir. 2007). This court will not exercise its discretion to consider a matter that was raised before this court in its appellate capacity for the very first time, particularly when the issue has been addressed by appellant in such cursory fashion. If appellant seeks to have the voluntary dismissal altered to one "without prejudice," it must raise this issue in the bankruptcy court.

Even if this issue had been raised below, however, it is dubious whether appellant would be able to successfully challenge the entry of the voluntary dismissal with prejudice. The voluntary dismissal of an adversary proceeding before the bankruptcy court is governed by Rule 41 of the Federal Rules. Fed. R. Bankr. P. 7041 (applying Rule 41 to adversary proceedings). Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by filing a notice of dismissal at any time prior to the opposing party's serving an answer or a motion for summary judgment, which was the procedural posture of the Adversary Proceeding at the time of the dismissal at issue in this case. Fed. R. Civ. P. 41(a)(1)(A)(i). Such a dismissal is presumed to be "without prejudice," "[u]nless the notice . . . states otherwise." Fed. R. Civ. P. 41(a)(1)(B). "Within the limitations set forth by the rule itself, the right to dismiss pursuant to Rule 41(a)(1) is absolute. Thus, where the conditions set forth in the Rule have been met, neither the Court nor a

11

defendant may prevent Rule 41(a)(1)(i) dismissal." Medina v. N.Y. State Dep't of Corr. Servs.,
No. 03 Civ.9249(RWS), 2004 WL 2397193, at *3 (S.D.N.Y. Oct. 26, 2004) (internal quotation
marks and citations omitted). Appellant has pointed to no applicable exception to this rule in the
bankruptcy context, or to any other statute that would require court approval of dismissal under
these circumstances. See Fed. R. Bankr. P. 7041 (providing an exception to the general
dismissal rules under Rule 41 only for adversary proceedings objecting to the debtor's
discharge). Thus, the Individual Trustee, acting on behalf of Sofer's bankruptcy estate, as the
sole plaintiff in the Adversary Proceeding, had the absolute right to voluntarily dismiss the
Adversary Proceeding, with or without prejudice.[7] Although the bankruptcy court "SO
ORDERED" the dismissal, its order was unnecessary to give effect to the dismissal. Dismissal
occurs without "even a perfunctory order of court closing the file. Its alpha and omega was the
doing of the plaintiff [Individual Trustee] alone." Thorp v. Scarne, 599 F.2d 1169, 1176 (2d Cir.
1979) (citation omitted).

Moreover, it is unclear precisely what res judicata effect concerns appellant in this case.
Under the principles of res judicata, or claim preclusion, a litigant is barred from "advancing in a
new action all claims or defenses that were or could have been raised in a prior proceeding in
which the same parties or their privies were involved and that resulted in a judgment on the
merits." Liona Corp. v. PCH Assocs. (In re PCH Assocs.), 949 F.2d 585, 594 (2d Cir. 1991).

---

[7] Youssef v. Tishman Constr. Corp, 744 F.3d 821 (2d Cir. 2014), which appellant relies on to suggest that a Rule
41(a)(1) voluntary dismissal must be "without prejudice," is inapposite to the case at hand. In that case, the
plaintiff's counsel indicated that plaintiff, a relator in a qui tam action under the False Claims Act, would not
"pursue this matter any further," and the district court judge interpreted this statement as indicating the plaintiff's
intent to voluntarily dismiss the action with prejudice. The Second Circuit held that dismissal "with prejudice" was
inappropriate, not because it was unavailable under Rule 41(a)(1), but because the plaintiff's statements could not be
interpreted as unequivocally expressing an intent to dismiss "with prejudice" and, absent indication to the contrary,
there is a presumption that a Rule 41(a)(1) dismissal is made "without prejudice." Id. at 825. Under the plain
language of the Rule, however, that presumption is not absolute. The Second Circuit in Youssef reiterated as much:
"In the absence of any indication by the plaintiff, Rule 41(a)(1) presumes that a voluntary dismissal under these
circumstances is without prejudice." Id. at 825 (emphasis added). In this case, unlike in Youssef, the plaintiff's
indication of his intention for the dismissal to be "with prejudice" was express and unequivocal.

12

Res judicata bars a subsequent litigation when (1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties or their privies, (3) the prior court was of competent jurisdiction, and (4) the causes of action were the same. Corbett v. MacDonald Moving Servs., 124 F.3d 82, 88 (2d Cir. 1997). Even assuming that appellant and the Individual Trustee are in privity,[8] it is difficult to conceive of what future cause of action appellant is concerned about that would be the same cause of action as asserted in the Adversary Proceeding. To the extent that appellant is concerned about its ability to recover as a creditor of Sofer's estate, the Notice of Dismissal did not forfeit creditors' claims against Sofer, but rather it ended the proceeding intended to secure an injunction, turnover, and accounting to prevent Sofer from interfering with an asset that was at that time, but is no longer, part of the estate. To the extent that appellant is concerned about proceedings it seeks to bring outside of the bankruptcy court, those claims cannot be the same as those asserted by the Individual Trustee in the Adversary Proceeding, which related to the protection of estate assets arising under bankruptcy law.

Nonetheless, despite this court's serious doubts about appellant's ability to pursue any argument regarding the res judicata effect of the Notice of Dismissal, the court declines to exercise its discretion to rule on this matter because appellant did not pursue this argument below. If appellant seeks relief, it must raise this issue before the bankruptcy court.

---

[8] Appellant makes the conclusory assertion that they are privies without any further discussion. Although a bankruptcy estate's creditors and its trustee may be in privity for certain purposes, it is not clear whether that would be the case in the hypothetical subsequent action that appellant vaguely postulates here.

## CONCLUSION

For the foregoing reasons, the appeal is denied, and the March 13 Order of the bankruptcy court is affirmed in all respects. If appellant seeks to challenge the entry of the Notice of Dismissal with prejudice, it must raise this issue before the bankruptcy court.

SO ORDERED.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated:      August 5, 2014
             Brooklyn, New York

SERVICE LIST

Avraham Sofer
1025 East 13th Street
Brooklyn, NY 11230-4260

Richard J. McCord, Esq.
Certilman Balin Adler &Hyman
90 Merrick Avenue
East Meadow, NY 11554

Jordan C. Pilevsky, Esq.
Lamonica Herbst & Maniscalco LLP
3305 Jerusalem Avenue
Wantagh, New York 11793

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                           :

ADAR 980 REALTY, LLC,                           :         14-CV-2977 (ARR)
                                                              :

                      Appellant,             :         <u>NOT FOR ELECTRONIC</u>
                                                             :         <u>OR PRINT PUBLICATION</u>

       -against-                                  :
                                                             :         <u>ORDER</u>

AVRAHAM SOFER and 1040 MANAGEMENT LLC,    :
                                                             :

                      Appellees.             :
                                                              :
----------------------------------------------------------------- X
                                                             :

ADAR 980 REALTY, LLC,                           :
                                                               :         14-CV-3031 (ARR)

Appellant,                                       :
                                                               :         <u>NOT FOR ELECTRONIC</u>

-against-                                         :         <u>OR PRINT PUBLICATION</u>
                                                              :

AVRAHAM SOFER and RICHARD MCCORD,         :         <u>ORDER</u>
                                                               :

Appellees.                                        :
                                                              :
----------------------------------------------------------------- X

ROSS, United States District Judge:

       The court has reviewed appellant's letter dated May 19, 2014, regarding the two above-

captioned appeals from the Bankruptcy Court. The appeal in case number 14-cv-2977 relates to

the underlying bankruptcy case number 1-13-46127, and the appeal in case number 14-cv-3031

relates to the underlying adversary proceeding number 1-13-1498. These are the only two cases

for which a notice of appeal has been filed by appellant. Notices of appeal have not been filed in

connection with related bankruptcy case number 1-13-45283 or adversary proceeding number 1-

13-1497.

With respect to appellant's request for consolidation of the pending appeals, no motion is necessary. The two pending appeals shall be consolidated into a single case for purposes of the court's consideration.

With respect to the three hearing transcripts specifically mentioned in appellant's letter, those transcripts are a part of the record underlying case number 14-cv-2977 now pending in this court. They were not publicly available at the time of appellant's notice of appeal due to court procedures relating to the availability of transcripts, but they shall be made available on the record for purposes of appellant's pending appeals.

Appellant's request for an extension of time to file a single appellate brief is granted. Appellant shall serve and file its brief by no later than June 5, 2014. Appellees shall serve and file their response briefs by no later than June 19, 2014. Appellant shall serve and file its reply brief, if any, by no later than July 3, 2014.

Appellant shall serve all appellees, including *pro se* appellee Avraham Sofer, with a copy of this order and shall file proof of such service with the Clerk of Court.

SO ORDERED.

_/s/_____
Allyne R. Ross
United States District Judge

Dated:      May 20, 2014
            Brooklyn, New York

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re

                                                                                    Chapter 7

AVRAHAM SOFER,
                            Debtor.                                 Case No. 13-46127-CEC
------------------------------------------------------------X
In re

                                                                                    Chapter 7

1040 MANAGEMENT, LLC,
                            Debtor.                                 Case No. 13-45283-CEC
------------------------------------------------------------X
RICHARD J. MCCORD, Esq., Chapter 7
Trustee for the Estate of Avraham Sofer,
                                    Plaintiff,
-against-
                                                                                    Adv. Pro. No. 13-1498-CEC

AVRAHAM SOFER, and his agents,
representatives, and those acting in concert
with him,
                                    Defendants.
------------------------------------------------------------X
LORI LAPIN JONES, as Chapter 7 Trustee of
the Estate of 1040 Management LLC,
                                    Plaintiff,

-against-                                                           Adv. Pro. No. 13-1497-CEC

AVRAHAM SOFER, and his agents,
representatives, and those acting in concert
with him,
                                    Defendants.
------------------------------------------------------------X

## ORDER DENYING CONTEMPT MOTION

        WHEREAS, on November 15, 2013, Adar 980 Realty LLC (the "Landlord") filed a
motion (the "Contempt Motion") pursuant to §§ 105 and 362(k) to hold Avraham Sofer ("Sofer")
in civil contempt for operating the parking lot located at 980 East 13th Street, Brooklyn, New
York in violation of the automatic stay and the preliminary injunction issued by this Court on
November 1, 2013, and sought the reimbursement of damages incurred as a result of Sofer's
alleged violations; and

        WHEREAS, Sofer opposed the Contempt Motion;

NOW, THEREFORE, it is

ORDERED, that the Contempt Motion is denied for the reasons stated in this Court's decision dated March 13, 2014.



Dated: Brooklyn, New York
      March 13, 2014

                                              **Carla E. Craig**
                              **United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re

AVRAHAM SOFER,

                Debtor.
-----------------------------------------------------------X
In re

1040 MANAGEMENT, LLC,

                Debtor.
-----------------------------------------------------------X
RICHARD J. MCCORD, Esq., Chapter 7
Trustee for the Estate of Avraham Sofer,
                Plaintiff,
-against-

AVRAHAM SOFER, and his agents,
representatives, and those acting in concert
with him,
                Defendants.
-----------------------------------------------------------X
LORI LAPIN JONES, as Chapter 7 Trustee of
the Estate of 1040 Management LLC,
                Plaintiff,

-against-

AVRAHAM SOFER, and his agents,
representatives, and those acting in concert
with him,
                Defendants.
-----------------------------------------------------------X

Chapter 7

Case No. 13-46127-CEC

Chapter 7

Case No. 13-45283-CEC

Adv. Pro. No. 13-1498-CEC

Adv. Pro. No. 13-1497-CEC

<u>DECISION</u>

APPEARANCES:

Abraham Neuhaus, Esq.
Neuhaus & Yacoob LLC
1222 Avenue M, Suite 207
Brooklyn, NY 11230
Attorneys for Adar 980 Realty LLC

Jon A. Lefkowitz, Esq.
1222 Avenue M
Suite 204
Brooklyn, NY 11230
Attorney for Debtors

Richard J. McCord, Esq.
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554
Attorneys for Richard J. McCord, chapter 7 trustee
of the estate of Avraham Sofer

Jordan Pilevsky, Esq.
LaMonica Herbst & Maniscalco LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
Attorneys for Lori Lapin Jones, Chapter 7 trustee
of the estate of 1040 Management, LLC

CARLA E. CRAIG
Chief United States Bankruptcy Judge

In these adversary proceedings, the chapter 7 trustees of the bankruptcy estates of

Avraham Sofer ("Sofer"), and his business, 1040 Management, LLC ("1040 Management," and

together with Sofer, the "Debtors"), obtained a preliminary injunction (the "Injunction")

restraining Sofer, his agents, and employees, for a period of 45 days from (i) entering onto the

parking lot located at 980 East 13th Street, Brooklyn, New York (the "Parking Facility")

operated by the Debtors on premises leased from Adar 980 Realty LLC (the "Landlord"); (ii)

communicating with any of the customers of the Parking Facility about collecting money or

parking on the lot;  and (iii) collecting any money due and owing to the Debtors on account of

the prepetition or post-petition operation of the Parking Facility.  The Injunction also directed the

turnover of all money and proceeds derived from the operation of the Parking Facility to the

Trustees.

The Landlord filed a motion pursuant to §§ 105 and 362(k)[1] to hold Sofer in civil

contempt for operating the Parking Facility in violation of the automatic stay and the Injunction

(the "Contempt Motion"), and sought the reimbursement of damages incurred as a result of

Sofer's alleged violations, consisting solely of the attorney's fees and costs incurred by the

Landlord in filing and prosecuting the Contempt Motion.

Although there is no doubt that Sofer violated the § 362(a)(3) and the Injunction, the

Contempt Motion must be denied because the Landlord lacks standing to prosecute these claims.

<u>Jurisdiction</u>

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),

28 U.S.C. § 1334, and the Eastern District of New York standing order of reference dated August

28, 1986, as amended by order dated December 5, 2012.  This decision constitutes the Court's

---

[1] Unless otherwise indicated, statutory references are to the Bankruptcy Code, Title 11, U.S.C., and references to the "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure.

Case 1:14-cv-02977-ARR    Document 1-49    Filed 05/13/14    Page 89 of 141 PageID #: 479

findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy

Procedure 7052.

Background

On August 28, 2013, 1040 Management filed a voluntary petition for relief under chapter

7 of the Bankruptcy Code, and Lori Lapin Jones (the "Business Trustee") was appointed as

chapter 7 trustee of the bankruptcy estate of 1040 Management.  The schedules listed priority

debt of $1,500 for sales tax, and unsecured debt of $101,300.  The Landlord is scheduled as the

largest unsecured creditor, holding a debt of $55,000, and Agneta Sofer, Sofer's wife, is

scheduled as holding a debt of $46,000 for monies loaned.

On August 29, 2013, the Landlord filed an emergency motion for relief from the stay to

permit it to continue an eviction action with respect to the Parking Facility (the "1040 Lift Stay

Motion"), which was returnable on October 9, 2013.  Sofer and 1040 Management are co-tenants

on the lease of the Parking Facility.

1040 Management opposed the Landlord's Lift Stay Motion, but the Business Trustee did

not.  On October 9, 2013, after applying the factors set forth in In re Sonnax Industries, 907 F.2d

1280 (2d Cir. 1990), the Court overruled 1040 Management's opposition, and issued an order

granting the 1040 Lift Stay Motion.

The next day, on October 10, 2013, Sofer filed a voluntary petition for relief under

chapter 7 of the Bankruptcy Code, and Richard J. McCord (the "Individual Trustee," and

together with the Business Trustee, the "Trustees") was appointed as chapter 7 trustee of Sofer's

bankruptcy estate.  Sofer's schedules list secured debts of $8,390 relating to leased vehicles, and

unsecured debt of $201,663, of which $150,000 is owed to the Landlord.

That same day, the Landlord filed an emergency motion for relief from the stay to permit it to continue the eviction action with respect to the Parking Facility (the "Sofer Lift Stay Motion"). The Sofer Lift Stay Motion was returnable November 5, 2013, and on November 8, 2013, the Court issued an order granting that motion to the extent it sought to prosecute the eviction action against Sofer, but stayed the enforcement of any judgment of possession or money judgment obtained in that action pending further order of this Court.

On October 18, 2013, the Trustees filed a joint motion pursuant to § 721 seeking authorization to operate the Parking Facility, which would be operated by the Landlord as their agent. The Debtors objected, arguing that the 1040 Lift Stay Motion was granted on the basis that the Business Trustee represented that she was not going to administer that asset. The Court overruled the objections, and by order dated October 24, 2013, authorized the Trustees, and the Landlord as the Trustees' agent, to operate the Parking Facility *nunc pro tunc* to October 10, 2013. The Debtors did not appeal that order.

On October 25, 2013, the Trustees commenced adversary proceedings against Sofer alleging that he continued to operate the Parking Facility filing post-petition, and collected the income and revenue generated by the Parking Facility. (Compl. ¶¶ 27-31, Adv. Pro. No. 13-1497-CEC, ECF No. 1; Compl. ¶¶ 28, 29, 31, 34, 35, 38, Adv. Pro. No. 13-1498-CEC, ECF No. 1.) The Trustees further alleged that Sofer did not turn over the income generated to the Trustees, and instead converted it for personal use, and also denied them access to the Parking Facility. (Compl. ¶¶ 32, 33, 36, 38, 43-46, 50, Adv. Pro. No. 13-1497-CEC, ECF No. 1; Compl. ¶¶ 30, 32, 33, 36-38, 43-46, 50, Adv. Pro. No. 13-1498-CEC, ECF No. 1.) The Trustees also alleged that Sofer directed the customers of the Parking Facility to make all payments to him,

and not to the Trustees.  (Compl. ¶¶ 39-42, 51-52, Adv. Pro. No. 13-1497-CEC, ECF No. 1;

Compl. ¶¶ 39-42, 51-52, Adv. Pro. No. 13-1498-CEC, ECF No. 1.)

Based upon these allegations, the Trustees sought relief pursuant to Bankruptcy Rule

7065, enjoining Sofer from "(a) using, dissipating, transferring or otherwise disposing of

property of the Debtor's estate; (b) gaining access to the Parking Facility or coming within a two

hundred (200) foot radius of the Parking Facility; and (c) communicating with the [customers of

the Parking Facility]."  (Compl. ¶ 83, Adv. Pro. No. 13-1497-CEC, ECF No. 1; Compl. ¶ 83,

Adv. Pro. No. 13-1498-CEC, ECF No. 1.)  The Trustees also sought turnover of all the post-

petition income collected from the Parking Facility, in addition to various books and records.

(Compl. ¶ 90, Adv. Pro. No. 13-1497-CEC, ECF No. 1; Compl. ¶ 88, Adv. Pro. No. 13-1498-

CEC, ECF No. 1.)  Lastly, the Trustees sought an accounting of all post-petition transfers of

money and property.  (Compl. ¶ 92, Adv. Pro. No. 13-1497-CEC, ECF No. 1; Compl. ¶ 90, Adv.

Pro. No. 13-1498-CEC, ECF No. 1.)  An emergency hearing on the Trustees' request for relief

was held on October 30, 2013.

On November 1, 2013, the Court issued the Injunction restraining Sofer, and his agents

and employees, for a period of 45 days from (i) entering onto the Parking Facility; (ii)

communicating with any of the customers of the Parking Facility about collecting money or

parking on the lot; and (iii) collecting any money due and owing to Sofer or 1040 Management

on account of the prepetition or post-petition operating of the Parking Facility.  (Order, Adv. Pro.

No. 13-1497-CEC, ECF No. 9; Order, Adv. Pro. No. 13-1498-CEC, ECF No. 10.)  The

Injunction also directed Sofer, and his agents or employees, to turn over all money and proceeds

derived from the operation of the Parking Facility to the Trustees.  (Order, Adv. Pro. No. 13-

1497-CEC, ECF No. 9; Order, Adv. Pro. No. 13-1498-CEC, ECF No. 10.)  The Injunction

provided that Parking Facility be closed effective October 31, 2013.  (Order, Adv. Pro. No. 13-
1497-CEC, ECF No. 9; Order, Adv. Pro. No. 13-1498-CEC, ECF No. 10.)

On November 12, 2013, the Individual Trustee filed a notice of his intention to abandon
Sofer's personal property located at the Parking Facility, as well as the lease to the Parking
Facility.  The effective date of the abandonment was December 6, 2013, unless objections were
filed.  No objections were filed, and those assets were deemed abandoned on December 6, 2013.

On November 20, 2013, the Business Trustee filed a notice of her intention to abandon
the lease to the Parking Facility.  The effective date of the abandonment was also December 6,
2013, unless objections were filed.  No objections were filed, and that asset was deemed
abandoned on December 6, 2013.

On November 15, 2013, the Landlord, acting on its own behalf and not in its capacity as
the Trustees' agent, filed the instant Contempt Motion, alleging that Sofer required the Parking
Facility's corporate customers to "pre-pay . . . as much as $600."  (Chaimovitz Decl. in Supp.
¶ 12, Case No. 13-46127-CEC, ECF No. 43-2; Chaimovitz Decl. in Supp. ¶ 12, Case No. 13-
45283-CEC, ECF No. 30-2; Chaimovitz Decl. in Supp. ¶ 12, Adv. Pro. No. 13-1497-CEC, ECF
No. 12-2; Chaimovitz Decl. in Supp. ¶ 12, Adv. Pro. No. 13-1498-CEC, ECF No. 13-2.)  The
Landlord also alleged that Sofer obstructed the Landlord's attempt to operate the business as the
Trustees' agent, and instead operated the Parking Facility himself or through agents, and
contacted the Parking Facility's customers.  All of these alleged actions took place post-petition,
and before the effective date of the Individual Trustees' abandonment of the lease to the Parking
Facility.

Sofer objected to the Contempt Motion, arguing that he thought he was authorized to
enter and operate the Parking Facility because the Trustees did not intend to administer the lease

to the Parking Facility, and because the automatic stay was lifted to allow the Landlord to

prosecute the pending eviction action in state court.  In other words, Sofer claims that he thought

the orders lifting the stay terminated the Injunction.  Sofer asserts that, as "a result of [that]

misunderstanding, . . . [he] tried to open the lot on Nov[ember] 10, 2013 . . . [a]nd that is why

[he] told certain vendors . . . that [he was] allowed to operate the business."  (Sofer Decl. in

Opp'n ¶ 5, Case No. 13-46127-CEC, ECF No. 48.)

The Trustees have taken no position with respect to the Contempt Motion.

<u>Discussion</u>

Sofer argues that only the Trustees, and not the Landlord, have standing to seek to hold

him in contempt for any violation of the Preliminary Injunction or the automatic stay.  The

Landlord argues that it has standing to bring this motion because it is a creditor of the estates.

"Standing is a threshold issue in every federal litigation."  <u>Savage & Assocs., P.C. v.

Mandl (In re Teligent, Inc.)</u>, 417 B.R. 197, 209 (Bankr. S.D.N.Y. 2009), <u>aff'd</u>, No. 09 CIV

09674 (PKC), 2010 WL 2034509 (S.D.N.Y. May 13, 2010), <u>aff'd</u>, 640 F.3d 53 (2d Cir. 2011).

"[T]he question of standing is whether the litigant is entitled to have the court decide the merits

of the dispute or of particular issues.  This inquiry involves both constitutional limitations on

federal-court jurisdiction and prudential limitations on its exercise."  <u>Warth v. Seldin</u>, 422 U.S.

490, 498 (1975).  "To establish Article III standing, a party must show (1) an injury in fact that is

actual or imminent rather than conjectural or hypothetical, (2) the injury is 'fairly traceable' to

the conduct complained of, and (3) it is likely, as opposed to speculative, that the injury will be

redressed by a favorable decision."  <u>Teligent</u>, 417 B.R. at 210 (citing <u>Lujan v. Defenders of

Wildlife</u>, 504 U.S. 555, 560 (1992)).  "Prudential standing refers to the requirement that even

'[w]hen the [movant] has alleged injury sufficient to meet the case or controversy requirement, ...

the [movant] generally must assert his own legal rights and interests, and cannot rest his claim to

relief on the legal rights or interests of third parties.'"  Id. (quoting Warth, 422 U.S. at 499)

(alteration and omission in original).

     The Landlord has Article III standing to prosecute the Contempt Motion because it

incurred legal fees and expenses as a result of Sofer's alleged violations.  See Ampal-Am. Isr.

Corp., 502 B.R. 361, 369 (Bankr. S.D.N.Y. 2013) (former offices and directors of debtor had

Article III standing to seek a holding of contempt and award of damages because they incurred

legal fees as a result of the alleged violation of the automatic stay).

     However, prudential standing "is a tougher question."  Id.  Creditors may have standing

to seek to hold a party in contempt for violating the automatic stay because, while "the automatic

stay is plainly intended to protect the debtor and property of the estate," it also serves to protect

creditors and property of the estate.  Id.  See also In re MD Promenade, Inc., No. 08-34113-SGJ-

7, 2009 WL 80203, at *10 (Bankr. N.D. Tex. Jan. 8, 2009) ("[T]he automatic stay exists to

protect debtors and creditors alike from prejudicial or harmful actions taken against property of

the estate.").  However, in order to have standing to seek contempt for violation of the stay, "the

creditor must assert a claim for his own direct injury and not a claim that belongs to the estate. . .

.  If a claim is a general one, with no particularized injury arising from it, and if that claim could

be brought by any creditor of the debtor, the trustee is the proper person to assert the claim."

Ampal-Am. Isr., 502 B.R. at 371 (citations omitted) (internal quotation marks omitted).  This

requirement, that the creditor demonstrate a direct, particularized injury flowing from the stay

violations, is typically satisfied where the violation of the automatic stay impairs a secured

creditor's interest.  Id. See Barnett Bank of Se Ga., N.A. v. Trust Co. Bank of Se. Ga., N.A. (In

re Ring), 178 B.R. 570, 577 (Bankr. S.D. Ga. 1995) (holder of second security interest in chapter

Case 1-13-46127-cec    Doc 78    Filed 03/13/14    Entered 03/14/14 11:38:49
Case 1:14-cv-02973-ARR    Document 11-40    Filed 05/13/14    Page 100 of 14 PageID #: 485

8

7 debtor's property had prudential standing to seek damages for the debtor's violation of the
automatic stay pursuant to § 105 because, among other things, it suffered the particularized
injury of losing its security interest).

     A debtor may be liable for violating the automatic stay.  <u>See</u> 11 U.S.C. § 362(a) (The
filing of the bankruptcy petition "operates as a stay, applicable to *all entities* . . . ." (emphasis
added)); <u>In re Sayeh</u>, 445 B.R. 19, 26 (Bankr. D. Mass. 2011) (debtor violated § 362(a)(3) by
removing property of the estate); <u>MD Promenade</u>, 2009 WL 80203, at *10 (debtor's principals
violated § 362(a)(3) by removing property of the estate); <u>Rosen v. Andresen (In re Andresen)</u>,
Bankr. No. 01-25370-TJC, Adv. No. 06-01753, 2006 WL 4481984, at *9 (Bankr. D. Md. Nov. 1,
2006) (debtor violated § 362(a)(3) by suing chapter 7 trustee in an effort to control the
disposition of estate property); <u>In re Mannie</u>, 299 B.R. 603, 607 (Bankr. N.D. Cal. 2003) (chapter
7 debtor violated § 362(a)(3) by filing and prosecuting pre-petition action); <u>In re Davis</u>, No. 98-
30087, 2002 WL 33939739, at *8 (Bankr. D. Idaho Feb. 14, 2002) (Section 362(a)(3) "operates
to prohibit any party's act to obtain possession or exercise or control over property of the estate.
Debtor can count himself among those so stayed." (citation omitted)).

     In this case, however, the Landlord has not suffered a particularized injury as a result of
Sofer's violations of the Injunction or § 362(a)(3).[2]  The Landlord does not allege that Sofer
damaged the Parking Facility, or other property owned by the Landlord, when he operated the
business.  Nor does the Landlord allege that Sofer's violations prejudiced the prosecution of the
state court eviction action against the Debtors, or any other particularized injury.  Rather, any
damages incurred as a result of Sofer's impermissible operation of the Parking Facility, as

---

[2] The purpose of the Injunction was to implement § 362(a)(3) by restraining Sofer from interfering with the
Trustees' operation of the Parking Facility, and not to protect the Landlord's ownership interest in the premises.
The Landlord's standing to seek a finding contempt and an award of damages for violating the Injunction is
therefore inextricably intertwined with its standing to seek contempt and damages for violations of the automatic
stay.

alleged by the Landlord, constitute "a generalized injury to the estate and an indirect injury to all creditors by possibly reducing the pool of assets available for distribution."  Ampal-Am. Isr., 502 B.R. at 372.  In other words, "every creditor could assert the same claim" that the Landlord is pursuing by the Contempt Motion.  Id.  As such, only the Trustees, and not the Landlord, may seek to hold Sofer in contempt for violating § 362(a)(3) and the Injunction.  See St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688, 701 (2d Cir. 1989) ("If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action."); Ampal-Am. Isr., 502 B.R. at 372-73.  See also Tilley v. Vucurevich (In re Pecan Groves of Az.), 951 F.2d 242, 245 (9th Cir. 1991) ("[A] creditor has no independent standing to appeal an adverse decision [received by a chapter 7 trustee] regarding a violation of the automatic stay.").

In support of its argument that it has standing, the Landlord relies on Bankruptcy Rule 9020, which provides that "[Bankruptcy] Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest."  Fed. R. Bankr. P. 9020.  However, that rule "merely establishes procedural guidelines covering motions for an order of contempt."  In re World Parts, LLC, 291 B.R. 248, 253 (Bankr. W.D.N.Y. 2003).  It also "codif[ies] the inherent contempt power of bankruptcy courts."  Sears, Roebuck & Co. v. Spivey, 265 B.R. 357, 368 (E.D.N.Y. 2001).  Bankruptcy Rule 9020 does not confer standing on creditors to seek contempt for any and all violations of court orders or the automatic stay.

The Landlord's reliance on In re World Parts, LLC, 291 B.R. 248 (Bankr. W.D.N.Y. 2003), is similarly misplaced.  In World Parts, two creditors sought, in part, to hold a chapter 11 debtor's officers and attorney in contempt for failing to segregate assets in compliance with a

cash collateral order.  World Parts, 291 B.R. at 250-51.  The court found that the officers violated

the cash collateral order, and awarded the movants consequential damages in the form of

reasonable legal fees.  Id. at 254-55, 257.  Although World Parts did not address whether the

moving creditors had standing, it appears that they did have standing under facts of that case and

the principles of prudential standing articulated above.  The segregation provision of the cash

collateral order was granted "to preserve [the movants] claims of ownership in the disputed

assets."  Id. at 251.  Therefore, the violation of that provision resulted in a particularized injury to

the movants, which gave rise to their prudential standing to seek a finding of contempt and an

award of damages.

       The decisions that have held that creditors had standing to prosecute contempt motions

for violations against the debtor typically involve chapter 11 debtors in possession, where there

is no trustee to assert claims on behalf of the estate.  See MD Promenade, 2009 WL 80203; In re

Int'l Forex of Cal., Inc., 247 B.R. 284 (Bankr. S.D. Ca. 2000).  For example, in MD Promenade,

the bankruptcy court held that the chapter 11 debtor's landlord had standing to seek to hold the

debtor's principals in contempt for violating the automatic stay by removing property of the

estate from the leased premises.  MD Promenade, 2009 WL 80203, at *10-11.  The court

reasoned that, leaving the decision of whether to pursue stay violations in the hands of the

perpetrators of the violations "would leave the creditor body without a representative to seek

redress of the wrong."  Id. at *11.  Moreover, it appears that the landlord in that case suffered a

particularized injury because the removal of assets "was executed in a highly destructible

manner" which left the leased space "trashed."  Id. at *1.  Because the estate was damaged as a

result of the violations, the court awarded the damages incurred for the automatic stay violation

to be paid to the chapter 7 trustee, who had been appointed upon conversion of the case subsequent to the stay violations.  Id. at *13.

        Similarly, in International Forex, the bankruptcy court held that creditors had standing to seek damages for a violation of the automatic stay committed by the chapter 11 debtor's principal.  Int'l Forex, 247 B.R. at 291.  In that case, in order to stay the creditors' state court action against him, the debtor's principal filed a cross-complaint against the debtor seeking indemnification.  Id. at 286-87.  In determining that the creditors had standing to prosecute the claim for violation of the automatic stay, the court noted that, "in this case, it is this chapter 11 debtor's principal who willfully violated the stay (and thus would not likely cause the estate to commence this motion against himself)."  Id. at 291.  It should also be noted that, although the court in International Forex held that the movants' "personal injury" of being unable to proceed in state court against the debtor's principal satisfies Article III standing requirements, id. at 290, it appears that the injury also satisfies the "particularized injury" requirement for prudential standing.

        The Landlord has not sought derivative standing to prosecute these claims for violating the automatic stay and the Injunction, and there is no allegation that the Trustees have unjustifiably refused to pursue, or consented to the Landlord's prosecution of, those claims.  See Glinka v. Murad (In re Housecraft Indus. USA, Inc.), 310 F.3d 64, 70-72 (2d Cir. 2002) (A creditor may be granted derivative standing if (1) the trustee or debtor-in-possession unjustifiably refuses to assert claims, or consents to the creditor's prosecution of the claims; (2) prosecution of the claims is in the estate's best interest; and (3) prosecution of the claims is necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings. (citation omitted)).  In these chapter 7 cases, the Trustees, as fiduciaries of the estates, have standing to seek

Case 1-13-46127-cec    Doc 78    Filed 03/13/14    Entered 03/14/14 11:38:49
Case 1:14-cv-02977-ARR    Document 1-49    Filed 05/13/14    Page 130 of 141 PageID #: 489

12

sanctions against Sofer for violation of the automatic stay and the Injunction if they consider it in the best interests of the estates to do so.  The Individual Trustee has commenced an action seeking to deny Sofer a discharge under § 727 based, in part, upon Sofer's post-petition interference with the operation of the Parking Facility (including the actions that form the basis of this Contempt Motion) and his failure to turn over property of the estate.  (Compl. ¶¶ 50, 51, 54, 56, 58-105, Adv. Pro. No. 14-1004-CEC, ECF No. 1.)

For these reasons, the Landlord lacks standing under § 105 to prosecute the Contempt Motion against Sofer.  Nor does the Landlord have standing under § 362(k) to seek actual or punitive damages for Sofer's violations of the automatic stay.

Section 362(k) provides that, subject to an exception not relevant here, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(k).  Because the Landlord is not an individual, it may not seek relief under § 362(k), and any relief for damages incurred from a violation of the automatic stay lies with the court's contempt power and § 105.  See Maritime Asbestosis Legal Clinic v. LTV Steel Co. (In re Chateaugay Corp.), 920 F.2d 183, 186-87 (2d Cir. 1990).  As discussed above, the Landlord lack standing to pursue those claims under § 105.

To the extent the Landlord's member, Sara Aliza Chaimowitz, also seeks damages under § 362(k), that motion must also be denied.  Although Ms. Chaimowitz is an individual, she lacks standing under § 362(k) because she is not a creditor of the Debtors' estates.  Ampal-Am. Isr., 502 B.R. at 371 (A party seeking relief under § 362(k) "must allege an injury in his capacity as a creditor of the estate rather than in some other capacity." (citing cases)); Int'l Forex, 247 B.R. at 291 ("[O]ther courts have also held that third party strangers to an estate do not have standing

under § 362(k)." (citing cases)).  To the extent she was personally injured by Sofer's post-
petition conduct, she may pursue those claims in another forum.

Conclusion

For these reasons, the Contempt Motion is denied for lack standing.  A separate order
will issue.



Dated: Brooklyn, New York
March 13, 2014

**Carla E. Craig**
**United States Bankruptcy Judge**

Richard J. McCord, Esq. (RJM 3290)
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee
90 Merrick Avenue
East Meadow, New York 11554
Phone:  (516) 296-7000
Fax:  (516) 296-7111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

                                                            Chapter 7
AVRAHAM SOFER,                                               Case No.: 13-46127-cec


                 Debtor.
-----------------------------------------------------------x
RICHARD J. MCCORD, ESQ., Chapter 7 Trustee
~~of~~ _**for the**_ estate AVRAHAM SOFER,

                 Plaintiff,                                 Adv. Pro. No. 13-01498-cec

-against-

AVRAHAM SOFER, and his agents, representatives,
and all those acting in concert with him,

                 Defendant.
-----------------------------------------------------------x

### <u>NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE</u>

No answer or motion for summary judgment having been interposed by or on

behalf of the defendant, pursuant to Rule 7041 of the Federal Rules of Bankruptcy

Procedure and Rule 41(a) of the Federal Rules of Civil Procedure, plaintiff, Richard J.

McCord, Esq., as Chapter 7 Trustee of the Estate of Avraham Sofer, by and through his

counsel, hereby dismisses the above-captioned adversary proceeding with prejudice

against defendant, Avraham Sofer, and his agents, representatives, and all those acting in

concert with him (the "Defendant"), and all claims and causes of action asserted against

the Defendant therein.

Dated: East Meadow, New York
            March 10, 2014

> **CERTILMAN BALIN ADLER & HYMAN,   LLP**
> Attorneys for the Plaintiff, Richard J. McCord, Esq.,
> Chapter 7 Trustee
>
> By:    /s/ Richard J. McCord
>            **RICHARD J. MCCORD, ESQ.**
>            90 Merrick Avenue
>            East Meadow, New York 11554
>            Phone: (516) 296-7000

**SO ORDERED**



Dated: Brooklyn, New York
            March 13, 2014

_____
            **Carla E. Craig**
**United States Bankruptcy Judge**

- 2 -

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
                                                        :
In re,                                                  :
                                                        :
1040 MANAGEMENT LLC (A/K/A                              :        Chapter 7
MANAGEMENT 1040 LLC)                                    :
                                                        :        Case no.: 1-13-45283 (CEC)
                                        Debtor.         :
--------------------------------------------------------X
                                                        :
In re,                                                  :        Chapter 7
                                                        :
AVRAHAM SOFER,                                          :        Case no.: 1-13-46127 (CEC)
                                                        :
                                Debtor.                 :
--------------------------------------------------------X
RICHARD J. MCCORD, as Chapter 7                         :
Trustee of the estate Avraham Sofer                     :
                                                        :        Adv. Pro. No. 13-1498 (CEC)
Plaintiff,                                              :
                                                        :
                                                        :
        -against-                                       :
                                                        :
AVRAHAM SOFER, and his agents,                          :
representatives, and all those acting in                :
concert with him,                                       :
                                Defendant.              :
--------------------------------------------------------X
LORI LAPIN JONES, as Chapter 7                          :
Trustee of the estate of 1040 Management                :
LLC,                                                    :        Adv. Pro. No. 13-1497 (CEC)
                                                        :
Plaintiff,                                              :
                                                        :
                                                        :
        -against-                                       :
                                                        :
AVRAHAM SOFER, and his agents,                          :
representatives, and all those acting in                :
concert with him,                                       :
                                Defendant.              :
--------------------------------------------------------X

**EMERGENCY ORDER** ~~SCHEDULING A HEARING ON LANDLORD'S MOTION FOR~~ ~~AN ORDER~~ ~~TO SHOW CAUSE WHY DEBTORS AVRAHAM SOFER AND 1040~~ ~~MANAGEMENT LLC (A)~~ ~~SHOULD NOT BE HELD~~ *HOLDING AVRAHAM SOFER* *AND 1040 MANAGEMENT LLC (CEC)* **IN CIVIL CONTEMPT OF COURT FOR DEBTOR'S WILLFUL AND WANTON VIOLATIONS OF THE COURT'S ORDERS, THE AUTOMATIC STAY AND FEDERAL BANKRUPTCY LAW; (B)** ~~WHY~~ *IMPOSING (CEC)* **CONTEMPT SANCTIONS** ~~SHOULD NOT BE GRANTED~~ *(CEC)* **IN FAVOR OF LANDLORD AND AGAINST DEBTOR IN AN AMOUNT TO BE DECIDED BY THIS COURT, (C)** ~~WHY~~ *AWARDING (CEC)* **ACTUAL DAMAGES, INCLUDING COSTS, ATTORNEYS' FEES, AND PUNITIVE DAMAGES** ~~SHOULD NOT BE AWARDED~~ *(CEC)* **IN FAVOR OF LANDLORD, (D)** ~~WHY THE COURT SHOULD NOT~~ **EXTEND***ING (CEC)* **THE INJUNCTION, WHICH BY TWO ORDERS OF THIS COURT DATED NOVEMBER 1, 2013, ARE SET TO EXPIRE AFTER FORTY-FIVE DAYS, (E)** ~~WHY THE COURT SHOULD NOT~~ **BROADEN***ING (CEC)* **THE SCOPE OF THE INJUNCTION TO PROVIDE ADEQUATE PROTECTION TO ADAR 980 REALTY LLC'S INTERESTS, (F)** ~~WHY THE COURT SHOULD NOT REQUIRE~~ *REQUIRING (CEC)* **DEBTOR TO ANSWER THE COMPLAINTS IN ADVERSARY PROCEEDINGS 13-1498; AND 13-1497, (G)** ~~WHY THE COURT SHOULD NOT~~ **REMAND***ING* **(CEC) DEBTOR TO THE CUSTODY OF THE UNITED STATES MARSHALL FOR THE EASTERN DISTRICT OF NEW YORK TO BE INCARCERATED UNTIL SUCH TIME AS DEBTOR COMPLIES WITH HIS LEGAL OBLIGATIONS, AT A PLACE CHOSEN BY THE UNITED STATES** MARSHALL, FOR A PERIOD OF TIME TO BE DETERMINED BY THIS COURT

Upon the declaration of Abraham Neuhaus, Esq. dated November 14, 2013; Sarah Chaimovitz dated November 13, 2013; and upon the declaration of Robert J. Tolchin dated November 10, 2013; and upon the declaration of Moshe Anba dated November 13, 2013; and upon the declaration of Thomas Wegir dated November 13, 2013; and upon the declaration of Joel Werzberger dated November 10, 2013; and upon all of the prior proceedings had before this Court in Docket Numbers: 1-13-45283; 1-13-46127; Adv. Pro. No. 13-1498; and Adv. Pro. No. 13-1497; by counsel for Landlord/Creditor Adar 980 Realty, LLC, a party-in-interest, by Abraham Neuhaus Esq., and Neuhaus & Yacoob LLC;

~~LET~~ ~~Avraham Sofer, 1040 Management LLC, and counsel  (collectively, "debtor") Show~~ ~~Cause~~ *It is hereby ORDERED, that a hearing will be held (CEC)* before this Court before the Honorable Carla Craig, Chief United States Bankruptcy Judge, at the United States Bankruptcy

Court for the Eastern District of New York, located at 271-C Cadman Plaza East, Brooklyn, New York 11201 in Room 3529 on November 22, 2013 at 10:00 a.m (the "Hearing"), or as soon thereafter as counsel can be heard, **_on the Landlord's Motion (the "Motion")(CEC)_** pursuant to this Court's inherent powers, Fed. R. Bankr. P. 9020, 11 U.S.C. §§ 362(a)(3), 362(k)(1), and 11 U.S.C. § 105(a), ~~why an Order should not be entered~~ **_seeking an order (CEC)_** (a) holding debtor in Civil Contempt of Court for debtor's willful and wanton violations of the Court's Orders, the automatic stay and Federal Bankruptcy Law, (b) granting contempt sanctions in favor of Landlord and against debtor in an amount to be decided by this Court, (c) awarding actual damages, including costs, attorneys' fees, and punitive damages in an amount to be determined by this Court, (d) extending the injunction which by two Orders of this Court dated November 1, 2013, are set to expire after forty-five days, (e) pursuant to the Form of Order annexed ~~hereto~~ **_to the application (CEC)_**, broadening the scope of the injunction to provide adequate protection to Adar 980 Realty LLC's interests, (f) requiring debtor to answer the complaints in Adversary Proceedings 13-1498; and 13-1497, (g) until such time as debtor complies with his legal obligations, remanding debtor to the custody of the United States Marshall for the Eastern District of New York to be incarcerated at a place chosen by the United States Marshall for a period of time to be determined by this Court, and (h) granting such other and just relief to Adar 980 Realty LLC, which is necessary and proper under the circumstances.

And it is **ORDERED,** that debtor may file an objection by **_November 21, 2013_**; ~~and any reply shall be filed on or before _____;~~ and it is further,

**_ORDERED, that the Landlord shall serve Avraham Sofer with this Order, and the Motion, together with all supporting papers, to be received by November 19, 2013 at 12:00 p.m.; and it is further_**

3

*__ORDERED, that the Landlord shall serve this Order, and the Motion, together with all__*
*__supporting papers, upon Mr. Sofer's counsel, the United States Trustee, the chapter 7 trustees,__*
*__and the chapter 7 trustees' counsel, by electronic email so as to be received by November 18,__*
*__2013 at 12:00 p.m.; (CEC)__*

*__ORDERED, that the Trustees shall file a response to the Motion on or before__*
*__November 21, 2013 at 5:00 p.m.; and it is further__*

*__ORDERED, that the Trustees' counsel shall appear in person at the Hearing; and it is__*
*__further__*

**ORDERED,** that the parties are to be prepared to present evidence on any disputed
factual issues at the Hearing.



**Dated: Brooklyn, New York**
       **November 15, 2013**

_____
       **Carla E. Craig**
  **United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

AVRAHAM SOFER,                                          Chapter 7
                                                       Case No.: 113-46127-cec


                         Debtor.
--------------------------------------------------------x
In re:

1040 MANAGEMENT, LLC,                                  Chapter 7
                                                       Case No.: 113-45283-cec
                         Debtor.

--------------------------------------------------------x


## ORDER PURSUANT TO 11 U.S.C. §105(a) AND 721 AUTHORIZING THE CHAPTER 7 TRUSTEES FOR THE ESTATES OF 1040 MANAGEMENT, LLC AND AVRAHAM SOFER TO OPERATE THE DEBTOR'S BUSINESS AND PAY CERTAIN OPERATING EXPENSES OF THE DEBTOR'S ESTATE

**APPLICATION HAVING BEEN MADE,** by Richard J. McCord, the interim Chapter

7 Trustee (the "Trustee") for the Estate of Avraham Sofer (the "Debtor"), by and through his

proposed counsel, Certilman Balin Adler & Hyman LLP, seeks the entry of an Order pursuant to

§§ 105(a) and 721 of Title 11 of the United States Code (the "Bankruptcy Code") authorizing the

Trustee (as interim and permanent Trustee) and Lori Lapin Jones, Esq., as Chapter 7 Trustee for

the Estate of 1040 Management LLC (Case Number 45283)(the "Related Debtor"), to operate

the Debtor and the Related Debtor's business, which consists of an outdoor surface parking lot

with approximately 24 parking spaces at 980 East 13th Street, Brooklyn, New York (the "Parking

Facility"), *nunc pro tunc* to October 10, 2013, and to pay certain operating expenses of the

Debtor's estate and the Related Debtor's estate, and for such other and further relief as this Court

deems just and proper; and no objections having been filed to the Motion; it is hereby

2740846.1

**ORDERED**, that pursuant to Section 721 of the Bankruptcy Code, the Trustee and the Chapter 7 Trustee for the Estate of 1040 Management LLC  is authorized to continue to operate the Debtor's Parking Facility, *nunc pro tunc* to October 10, 2013, located at 980 East 13th Street, Brooklyn, New York, until further Order of the Court; and, it is further

**ORDERED**, that the Trustee and the Chapter 7 Trustee for the Estate of 1040 Management,  LLC are authorized to operate the Debtor and the Related Debtor's Parking Facility to, among other things: (a) coordinate the parking rentals and collect its income; (b) ensure that there are enough employees on staff to adequately service the Parking Facility and the needs of the Vendors and parking patrons/renters; and (c) pay certain operating expenses of the Debtor and the Related Debtor, that the Trustee and the Trustee for 1040 Management LLC, in their business judgment deems necessary to the ongoing operation of the Parking Facility, for an interim period of ninety (90) days without prejudice to request a future extension of such authority, and (d) perform such other ordinary course transactions as may be required or necessary to implement and effectuate the terms and conditions of this Order; and, it is further

**ORDERED**, that the Trustee and the Chapter 7 Trustee for the Estate of 1040 Management, LLC, are authorized to perform those functions set forth in the Motion and to take all steps, do such things, execute such documents, maintain such accounts, and pay such reasonable and necessary expenses consistent with the terms of this Order and in furtherance of the operation of the Debtor and the Related Debtor's business; and, it is further

2740846.1

**ORDERED**, that the authorization granted to the Trustee in this Order shall apply to the Trustee as interim Trustee and permanent Trustee.



**Dated: Brooklyn, New York**
**October 23, 2013**

_____

**Carla E. Craig**
**United States Bankruptcy Judge**

2740846.1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

                                      Chapter 7

AVRAHAM SOFER,                      Case No. 13-46127 (CEC)

              Debtor.

----------------------------------------------------------------x
In re:

1040 MANAGEMENT, LLC,           Chapter 7
                                        Case No. 13-45283 (CEC)

              Debtor.

----------------------------------------------------------------x

**AMENDED ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 721 AUTHORIZING THE CHAPTER 7 TRUSTEES FOR THE ESTATES OF 1040 MANAGEMENT, LLC A/K/A MANAGEMENT 1040 LLC AND AVRAHAM SOFER TO OPERATE THE DEBTORS' BUSINESS AND PAY OPERATING EXPENSES OF THE DEBTORS' ESTATES**

       Upon the application [Case No. 13-45283, Dkt. No. 16] (the "Application") having been made by Richard J. McCord, the interim Chapter 7 Trustee (the "Trustee") for the Estate of Avraham Sofer (the "Debtor"), by and through his proposed counsel, Certilman Balin Adler & Hyman LLP, seeking the entry of an Order pursuant to 11 U.S.C. §§ 105(a) and 721 authorizing (a) the Trustee (as interim trustee and permanent trustee), and (b) Lori Lapin Jones, as Chapter 7 Trustee (the "Related Trustee") for the Estate of 1040 Management LLC a/k/a Management 1040 LLC (Case Number 13-45283)(the "Related Debtor", and together with the Debtor, the "Debtors"), and their agent Adar 980 Realty, LLC and/or its employees, to operate the Debtors' business, which consists of an outdoor surface parking lot with approximately 24 parking spaces located at 980 East 13th Street, Brooklyn, New York (the "Parking Facility"), *nunc pro tunc* to October 10, 2013, and pay certain operating expenses of the Debtors' estates; and for such other and further relief as this Court deems just and proper; and the objections of the Debtor and the Related Debtor having been overruled at a telephonic hearing held before the Honorable Carla E.

Craig, Chief United States Bankruptcy Judge, United Sates Bankruptcy Court, Eastern District of

New York on October 23, 2013 (the "Hearing"); and after due deliberation and consideration of

the facts and circumstances relevant to the matter; and no additional notice being necessary or

required; and for the reasons set forth on the record at the Hearing, the transcript of which is

incorporated by reference herein; and it being determined that the relief requested is in the best

interest of the estate; it is now, hereby

ORDERED, that pursuant to 11 U.S.C. §§ 105(a) and 721, the Application is granted;

and, it is hereby

ORDERED, pursuant to 11 U.S.C. § 721, the Trustee and the Related Trustee, and their

agent Adar 980 Realty, LLC and/or its employees, are authorized to operate the Debtors' Parking

Facility located at 980 East 13th Street, Brooklyn, New York, *nunc pro tunc* to October 10, 2013,

until further Order of the Court; and, it is further

ORDERED, that the Trustee and the Related Trustee, and their agent Adar 980 Realty,

LLC and/or its employees, are authorized to operate the Debtors' Parking Facility located at 980

East 13th Street, Brooklyn, New York to, among other things: (a) coordinate the parking rentals

and collect its income; (b) ensure that there are enough employees on staff to adequately service

the Parking Facility and the needs of the Vendors (as defined in the Application) and the parking

patrons/renters; (c) pay certain operating expenses of the Debtors that the Trustee and the

Related Trustee in their business judgment deem necessary to the ongoing operations of the

Parking Facility located at 980 East 13th Street, Brooklyn, New York, for an interim period of

ninety (90) days without prejudice to the Trustee and/or the Related Trustee's request for an

extension of such time and authority; (d) perform such other ordinary course transactions as may

be required or necessary to implement and effectuate the terms and conditions of this Order; and, it is hereby

**ORDERED**, that the Trustee and the Related Trustee, and their agent Adar 980 Realty, LLC and/or its employees, are authorized to perform those functions set forth in the Application on behalf of the respective estates, and to take all steps, do such things, execute such documents, maintain such accounts, and pay such reasonable and necessary expenses consistent with the terms of this Order and in furtherance of the operation of the Debtors' business; and, it is further

**ORDERED**, that the authorization granted to the Trustee in this Order shall apply to the Trustee as interim Trustee and permanent Trustee.



Dated: Brooklyn, New York
      October 24, 2013

_____
        **Carla E. Craig**
    **United States Bankruptcy Judge**

Case 1:14-cv-03034-ARR Document 11-52 Filed 05/24/13, Page 116 of 7 PageID #: 41

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

|                    |                              |
|--------------------|------------------------------|
|                    | Chapter 7                    |
| AVRAHAM SOFER,     | Case No. 13-46127-cec        |
|                    |                              |
| Debtor.            |                              |

----------------------------------------------------------------x
RICHARD J. MCCORD, as Chapter 7 Trustee of the
estate Avraham Sofer                                    Adv. Pro. No. 13-1498-cec

                    Plaintiff,

        -against-

AVRAHAM SOFER, and his agents, representatives,
and all those acting in concert with him,

                    Defendant.
----------------------------------------------------------------x

**ORDER DIRECTING AVRAHAM SOFER AND ANY OF HIS REPRESENTATIVES TO
(A) COOPERATE WITH THE TRUSTEES AND THEIR AGENTS AND (B) NOT
INTERFERE WITH THE ADMINISTRATION OF THE ESTATES**

        Upon the complaint filed with the Court on October 25, 2013, and upon the emergency

joint application of Lori Lapin Jones, the Chapter 7 Trustee (the

"1040 Trustee") of the estate of 1040 Management, LLC (the "Corporate Debtor"), by her

counsel, LaMonica Herbst & Maniscalco, LLP, and Richard J. McCord, the Chapter 7 Trustee

(the "Sofer Trustee and, together with the 1040 Trustee, the "Trustees") of the estate of Avraham

Sofer (the "Individual Debtor") (the Individual Debtor together with the Corporate Debtor are

the "Debtors"), by his counsel, Certilman Balin Adler & Hyman, LLP, and the declaration of

Abraham Neuhaus, Esq., counsel to Adar 980 Realty, LLC, dated October 24, 2013, and the

affirmation of Joseph S. Maniscalco, Esq., attorney for the 1040 Trustee, and upon the prior

2744385-1

proceedings had before this Court and the hearing held on October 24, 2013 at 5:00 p.m., it is hereby

     **ORDERED**, that the defendant Avraham Sofer, ***individually and by counsel, appear and (CEC)*** show cause before the Honorable Carla Craig, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, located at ~~290~~ ***271-C (CEC)*** Cadman Plaza ***East (CEC)***, Brooklyn, New York 11201 in Room 3529 on October 30, 2013 at 3:00 p.m. (the "Hearing"), or as soon thereafter as counsel can be heard for the entry of an Order (a) pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7065 granting the Trustees a temporary restraining order against the Defendant Avraham Sofer, and thereafter, (b) pursuant to FRCP 65(a) granting the Trustees a preliminary injunction enjoining and restraining the Defendant Avraham Sofer, his attorneys, employees, agents, representatives, third party agents, affiliates, employees, subsidiaries, successors, assigns, principals, consultants, and all those acting in concert with him from entering onto the parking facility located at 980 East 13th Street, Brooklyn, New York (the "Parking Facility"), which is being operated by the Trustees pursuant to an Order of this Court dated October 23, 2013, as amended by Order dated October 24, 2013, for any purpose, and/or from actively or passively communicating with any customer~~, existing or potential,~~ ***(CEC)*** of the Parking Facility, (c) pursuant to Sections 105, 521 and 542 of the Bankruptcy Code turning over property of the estate, and (d) granting such other and further relief as this Court deems just and proper; and it is further

     **ORDERED**, that pending the Hearing, Avraham Sofer, and his attorneys, employees, agents, representatives, third party agents, affiliates, employees, subsidiaries, successors, assigns, principals, consultants, and all those acting in concert with him, be and hereby are restrained

2744385-1

from entering onto the Parking Facility and/or communicating with any of the vendors, nightly parking patrons and advertisement customers of the Debtor including, but not limited to, those listed on the annexed ~~schedule~~ **_Exhibit A (CEC)_**, or with any ~~potential or existing~~ **_(CEC)_** customer of the Parking Facility; and, it is further

**ORDERED**, that pending the Hearing, Avraham Sofer, and his attorneys, employees, agents, representatives, third party agents, affiliates, employees, subsidiaries, successors, assigns, principals, consultants, and all those acting in concert with him, be and hereby are prohibited from coming within 200 feet of the Parking Facility; and, it is further

**ORDERED**, that pursuant to Sections 105(a), 521 and 542 of the Bankruptcy Code, pending the Hearing, Avraham Sofer, and his attorneys, employees, agents, representatives, third party agents, affiliates, employees, subsidiaries, successors, assigns, principals, consultants, and all those acting in concert with him, shall cooperate with and not interfere with the Trustees or their respective attorneys, agents and representatives, including Abraham Neuhaus, Esq. and Adar 980 Realty, LLC, with respect to the operations of the Parking Facility, or take any money from any vendors, nightly parking patrons, advertisement customers, tenants or customers of the Parking Facility including, but not limited to, those listed on the annexed ~~schedule~~ **_Exhibit A (CEC)_**; and, it is further

**ORDERED**, that, one day prior to the Hearing, Avraham Sofer, and his attorneys, employees, agents, representatives, third party agents, affiliates, employees, subsidiaries, successors, assigns, principals, and all those acting in concert with him, are directed to return all keys for the Parking Facility, credit card machine, books and records and any other assets or property of the estates to the Trustees or their respective attorneys, agents, representatives, including Abraham Neuhaus, Esq. and Adar 980 Realty, LLC; and it is further

2744385-1

**ORDERED**, that Avraham Sofer, and his attorneys, employees, agents, representatives, third party agents, affiliates, employees, subsidiaries, successors, assigns, principals, consultants, and all those acting in concert with him, are hereby directed to immediately cooperate with the request of the Trustees and their respective attorneys, agents, representatives and assigns for information related to the Debtors and the Parking Facility, and to turn over all property of the estates; and, it is further

**ORDERED**, that all vendors, tenants and customers of the Debtors, including, but not limited to those listed on ~~the Schedule~~ ***Exhibit A (CEC)*** annexed hereto, are hereby directed and authorized to cooperate with and communicate with the Trustees or their respective attorneys, agents and representatives, including Abraham Neuhaus, Esq. and Adar 980 Realty, LLC, regarding the Parking Facility, and pay all money that may be owed in connection with the Debtors' Parking Facility to the Trustees or their respective attorneys, agents and representatives including Abraham Neuhaus, Esq. and Adar 980 Realty and not to Defendant Avraham Sofer or any of his agents or representatives; and, it is further

**ORDERED**, that Avraham Sofer, and his attorneys, employees, agents, representatives, third party agents, affiliates, employees, subsidiaries, successors, assigns, principals, consultants, and all those acting in concert with him, be and hereby are directed to cooperate with and not interfere with the ~~present or potential~~ ***Debtors'(CEC)*** vendors, nightly parking patrons, advertisement customers, tenants or customers of the Parking Facility, or collect any revenue from the ~~present or potential~~ ***(CEC)*** vendors, nightly parking patrons, advertisement customers, tenants or customers of the Parking Facility, including, but not limited to those listed on ~~the Schedule~~ ***Exhibit A (CEC)*** annexed hereto; and, it is further

**ORDERED**, that the Trustees are authorized to perform those functions and to take all steps, do such things, execute such documents, maintain such accounts, and pay such reasonable and necessary expenses consistent with the terms of this Order and in furtherance of the operation of the Debtors' business~~.; and, it is further~~

~~ORDERED, that the United States Marshal Service is hereby authorized to enforce the provisions of this Order, safeguard the Parking Facility and remove Avraham Sofer or any of his agents, employees and representatives from the Parking Facility and its vicinity upon the request of the Trustees or their respective representatives and agents, including Abraham Neuhaus, Esq. and/or Adar 980 Realty, LLC.~~   *(CEC)*



Dated: Brooklyn, New York
October 25, 2013

Carla E. Craig
**United States Bankruptcy Judge**

5

## Exhibit A

## Vendors

| | |
|---|---|
| Ave J Fish | 1215 Ave J, Brooklyn, New York 11230 |
| Avenue J Mens Shoes | 1206 Ave J, Brooklyn, New York 11230 |
| B and H wigs | 1400 Coney Island Ave, Brooklyn, New York 11230 |
| BMS Signs | 1624 Coney Island Ave, Brooklyn, New York 11230 |
| Buzz | 1402 Coney Island Ave, Brooklyn, New York 11230 |
| Citi Express Moving | 925 East 14th St, Brooklyn, New York 11230 |
| Eichler's | 1401 Coney Island Ave, Brooklyn, New York 11230 |
| Gadamo | 1219 Ave J, Brooklyn, New York 11230 |
| Grand Sterling | 1207 Ave J, Brooklyn, New York 11230 |
| Happy Home | 1407 Coney Island Ave, Brooklyn, New York 11230 |
| Heichal Judaica | 1122 Ave J, Brooklyn, New York 11230 |
| Hooked on Fashion | 986 East 12th St, Brooklyn, New York 11230 |
| Jamie Beauty Supply | 1216 Ave J, Brooklyn, New York 11230 |
| Junee | 1313 Ave J, Brooklyn, New York 11230 |
| Kitchen Expressions | 1412 Coney Island Ave, Brooklyn, New York 11230 |
| Liquors Galore | 1212 Ave J, Brooklyn, New York 11230 |
| Magic Photo | 1213 Ave J, Brooklyn, New York 11230 |
| Milano Wigs | 1427 Coney Island Ave, Brooklyn, New York 11230 |
| Paradox | 1356 Coney Island Ave, Brooklyn, New York 11230 |
| Prime Care Drug and Surgicals | 1348 Coney Island Ave, Brooklyn, New York 11230 |
| Satmar Meats | 1211 Ave J, Brooklyn, New York 11230 |
| Veni Vici | 1219 Ave J, Brooklyn, New York 11230 |

## Nightly Parking Patrons

| | |
|---|---|
| Arista Security Control Inc. | 247 East 33rd St, NY, NY, 10016 |
| Citi Express Moving | 925 East 14th St, Brooklyn, New York 11230 |
| Davis and Warshaw Plumbing (2 trucks) | Unknown |
| Gillian Construction | 1301 Ave K, Brooklyn, New York 11230 |
| Masbia | 4114 14th Ave, Brooklyn, NY 11219 |
| Masbia | 1372 Coney Island Avenue, Brooklyn, New York 11230 |
| Metropolitan Council on Jewish Poverty | 80 Maiden Lane, New York, NY 10038 |
| Prime Stucco | 1375 East 7th St., Brooklyn, New York 11230 |

## Advertisement Customers

| | |
|---|---|
| Brooklyn Best Locksmith | Unknown |
| TNTPrintingNY.com | Unknown |
| Volvie Herman Electrician | Unknown |
| YM Roofing | Unknown |

M:\Documents\Company\Cases\1040 Management\Adv Pro\Exhibit A.docx

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

AVRAHAM SOFER,

          Debtor.
------------------------------------------------------------------x
RICHARD J. MCCORD, as Chapter 7 Trustee of the
estate Avraham Sofer

          Plaintiff,

    -against-

AVRAHAM SOFER, and his agents, representatives,
and all those acting in concert with him,

         Defendant.
------------------------------------------------------------------x

Chapter 7
Case No. 13-46127-cec

Adv. Pro. No. 13-01498-cec

### ORDER, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65(b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7065, GRANTING THE TRUSTEES MOTION FOR A PRELIMINARY INJUNCTION AGAINST DEBTOR/DEFENDANT AVRAHAM SOFER

Upon the complaint filed with the Court on October 25, 2013, and upon the emergency

joint application of Lori Lapin Jones, the Chapter 7 Trustee (the

"1040 Trustee") of the estate of 1040 Management, LLC (the "Corporate Debtor"), by her

counsel, LaMonica Herbst & Maniscalco, LLP, and Richard J. McCord, the Chapter 7 Trustee

(the "Sofer Trustee and, together with the 1040 Trustee, the "Trustees") of the estate of Avraham

Sofer (the "Individual Debtor") (the Individual Debtor together with the Corporate Debtor are

the "Debtors"), by his counsel, Certilman Balin Adler & Hyman, LLP, and the declaration of

Abraham Neuhaus, Esq., counsel to Adar 980 Realty, LLC (the "Landlord"), dated October 24,

2013, and the affirmation of Joseph S. Maniscalco, Esq., attorney for the 1040 Trustee, and upon

the prior proceedings had before this Court on October 24, 2013 and upon the prior proceedings

had before this Court on October 24, 2013, the Order Directing Avraham Sofer and Any of His Representatives to (A) Cooperate with the Trustees and Their Agents and (B) Not Interfere With the Administration of the Estates, dated October 25, 2013, and ~~after conducting an evidentiary~~ **_upon the_** hearing **_held (CEC)_** on October 30, 2013, at 3:00 p.m. (the "Hearing"), at which Avraham Sofer and his attorney, Jon Lefkowitz, Esq., were present, the Trustees were present in person and/or by their aforementioned counsel, and the Landlord was present by its aforementioned counsel, and after due deliberation and upon the record made at the Hearing, it is hereby

**ORDERED,** that Avraham Sofer and his attorneys, employees, agents, representatives, third party agents, affiliates, employees, subsidiaries, successors, assigns, principals, consultants, and all those acting in concert with him, be and are enjoined for a period of forty-five (45) days from the date of entry of this Order from entering onto the parking facility located at 980 East 13th Street, Brooklyn, New York (the "Parking Facility") and communicating with any of the vendors **_that are customers of the Debtor (CEC)_**, nightly parking patrons and advertisement customers of the Debtor or with any customer of the Parking Facility about collecting money or parking on the lot; and, it is further

**ORDERED,** that the Parking Facility shall be closed for business no later than October 31, 2013, at 10:00 a.m., by the duly appointed representative of the Sofer Trustee, MYC & Associates, Inc.; and, it is further

**ORDERED,** that Avraham Sofer and his attorneys, employees, agents, representatives, third party agents, affiliates, employees, subsidiaries, successors, assigns, principals, consultants, and all those acting in concert with him, be and are hereby enjoined from taking any steps to collect money that may be due and owing to the Individual Debtor and/or the Corporate Debtor

on account of the prepetition and/or post-petition operation of the Parking Facility; and, it is further

**ORDERED**, that Avraham Sofer and his attorneys, employees, agents, representatives, third party agents, affiliates, employees, subsidiaries, successors, assigns, principals, consultants, and all those acting in concert with him, be and hereby are directed, to turn over to the Trustees, their respective attorneys, agents, representatives and assigns, all money and proceeds that Abraham Sofer is holding which was derived from the operation of the Debtors' Parking Facility; and, it is further

~~**ORDERED**, that the United States Marshal Service is hereby authorized to enforce the provisions of this Order, safeguard the Parking Facility and remove Avraham Sofer or any of his agents, employees and representatives from the Parking Facility upon the request of the Trustees or their respective representatives and agents; and, it is further~~ _**(CEC)**_

**ORDERED**, that upon dissolution of this Preliminary Injunction on the date that is forty-five (45) days from the date of entry of this Order (the "Injunction Period"), and so long as the Injunction Period is not extended, this Adversary Proceeding shall be dismissed by Plaintiff **_in accordance with Rule 7041 of the Federal Rules of Bankruptcy Procedure, (CEC)_** and, pending such dismissal, defendant Avraham Sofer~~'s~~ **_(CEC)_** shall not be required to file an answer to the complaint and no default shall be entered against him during the Injunction Period.



**Dated: Brooklyn, New York**
**November 1, 2013**

_Carla E. Craig_
**Carla E. Craig**
**United States Bankruptcy Judge**