14-3464-bk
In re: Avraham Sofer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of September, two thousand fifteen.

Present:   GUIDO CALABRESI,
           CHESTER J. STRAUB,
           ROSEMARY S. POOLER,
                *Circuit Judges*.

_____

IN RE: AVRAHAM SOFER, 1040 MANAGEMENT, LLC,

           *Debtors.*

ADAR 980 REALTY, LLC,

           *Creditor-Appellant*,

           v.                                                                      14-3464-bk

AVRAHAM SOFER, 1040 MANAGEMENT, LLC,

           *Debtors-Appellees*.
_____

Appearing for Appellant:   Abraham Neuhaus, Neuhaus & Yacoob LLC, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Adar 980 Realty, LLC appeals from: (1) the May 20, 2014 order of the United States District Court for the Eastern District of New York (Ross, *J.*) denying Adar 980's motion to correct the record on appeal for appeals taken from the March 13, 2014 decision and order of the United States Bankruptcy Court for the Eastern District of New York (Craig, *B.J.*) to the district court; and (2) the August 5, 2014 opinion and order of the same district court (a) affirming the order of the same bankruptcy court dismissing the adversary proceeding seeking contempt and other associated relief on the ground that Adar 980 lacked prudential standing; and (b) declining to consider Adar 980's motion to convert a March 13, 2014 so-ordered dismissal with prejudice filed in an adversary proceeding below into a dismissal without prejudice. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm for the reasons set out in the thorough opinions of the bankruptcy and district courts below. Prudential standing remains a jurisdictional requirement in our Circuit. *See Thompson v. Cty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994). No subsequent precedent of the Supreme Court requires us to reconsider that holding. "The prudential standing rule normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 86 (2d Cir. 2014) (internal quotation marks and alteration omitted). "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (internal quotation marks omitted). As the bankruptcy court determined, Adar 980 failed to demonstrate a particularized injury sufficient to demonstrate prudential standing. *See, e.g.*, *In re Ampal-Am. Israel Corp.*, 502 B.R. 361, 368-73 (Bankr. S.D.N.Y. 2013).

We have considered the remainder of Adar 980's arguments and find them to be without merit. Accordingly, the orders of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk